STEVEN B. ABBOTT (SBN 125270)
sabbott@redwineandsherrill.com
GERALD D. SHOAF (SBN 41084)
gshoaf@redwineandhserrill.com
REDWINE AND SHERRILL
ATTORNEYS AT LAW
1950 MARKET STREET
RIVERSIDE, CA 92501
PHONE (951) 684-2520
FACSIMILE (951) 684-9583

Attorneys for Defendants,
COACHELLA VALLEY WATER
DISTRICT, FRANZ DE KLOTZ, ED PACK,
JOHN POWELL, JR., PETER NELSON,
and DEBI LIVESAY, in their official
capacities as members of the Board of
Directors of the COACHELLA VALLEY
WATER DISTRICT

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| AGUA CALIENTE BAND OF CAHUILLA INDIANS, <br><br> Plaintiff, <br><br> vs. <br><br> COACHELLA VALLEY WATER DISTRICT, FRANZ DE KLOTZ, ED PACK, JOHN POWELL, JR., PETER NELSON, and DEBI LIVESAY, in their official capacities as members of the Board of Directors of the COACHELLA VALLEY WATER DISTRICT; DESERT WATER AGENCY; PATRICIA G. OYGAR, THOMAS KIELEY, III, JAMES CIOFFI, CRAIG A. EWING, and JOSEPH | CASE NO.:  ED CV 13-00883 JGB-(SPx) <br><br> ANSWER OF DEFENDANTS COACHELLA VALLEY WATER DISTRICT, FRANZ DE KLOTZ, ED PACK, JOHN POWELL, JR., PETER NELSON, and DEBI LIVESAY, in their official capacities as members of the Board of Directors of the COACHELLA VALLEY WATER DISTRICT, TO COMPLAINT |

1  K. STUART, in their official capacities as   )
2  members of the Board of Directors of the   )
   DESERT WATER AGENCY,   )
3                              Defendants.   )

4  _____

5

6        Defendants COACHELLA VALLEY WATER DISTRICT ("CVWD"), FRANZ

7  DE KLOTZ, ED PACK, JOHN POWELL, JR., PETER NELSON, and DEBI LIVESAY,

8  in their official capacities as members of the Board of Directors of the COACHELLA

9  VALLEY WATER DISTRICT, (collectively "Defendants") for themselves and no

10 others, answer the Complaint for Declaratory and Injunctive Relief, and admit, deny and

11 allege as follows:

12

13                        **JURISDICTION AND VENUE**

14

15        1.      In answer to Paragraph 1, subject to the limitations on jurisdiction under 28

16 U.S.C. § 2409a, sub. (a) and 43 U.S.C. § 666, Defendants admit that this Court has

17 jurisdiction over the action under 28 U.S.C. §§ 1331 and 1362. Except as expressly

18 admitted, Defendants deny each and every allegations of Paragraph 1.

19        2.      In answer to Paragraph 2, Defendants admit that venue in this Court is

20 appropriate under 28 U.S.C. § 1391(b).

21

22                         **NATURE OF THE ACTION**

23

24        3.      In answer to Paragraph 3, Defendants deny each and every allegation of

25 Paragraph 3.

26 ///

27 ///

28 ///

## DESCRIPTION OF THE ISSUE

4.     In answer to Paragraph 4, Defendants deny that the Tribe and its members have aboriginal rights to the surface water and groundwater resources of the Valley. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4, and basing their denial thereon, deny the remaining allegations of Paragraph 4.

5.     In answer to Paragraph 5, Defendants admit that the Agua Caliente Reservation was established on May 15, 1876 by the Executive Order of President Ulysses S. Grant from land in the Coachella Valley and that the reservation was subsequently expanded through the Executive Order of President Rutherford B. Hayes of September 29, 1877.  Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and on that basis, deny each and every allegation of Paragraph 5.

6.     Paragraph 6 alleges legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny each and every allegation of Paragraph 6.

7.     Paragraph 7 alleges legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny each and every allegation of Paragraph 7.

8.     In answer to Paragraph 8, Defendants deny each and every allegation of Paragraph 8.

## PARTIES

9.     In answer to Paragraph 9, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and basing their denial thereon, deny each and every allegation of Paragraph 9.

10.     In answer to Paragraph 10, Defendants admit and allege that CVWD is a public agency of the State of California organized and existing pursuant to the County Water District Law of the State of California, Water Code section 30000, et seq., and the Coachella District Merger Law, Water Code section 33100, et seq., to exercise the powers conferred therein, with its principal place of business located in Coachella, Riverside County, State of California.  Defendants admit that CVWD was formed in 1918, that its service area covers approximately 1,000 square miles, that CVWD has developed more than 100 groundwater wells within its service area and extracts groundwater annually for distribution to its inhabitants, and that it uses available storage capacity in the groundwater basins underlying the Coachella Valley to store imported Colorado River water without compensation to the Tribe.  Except as expressly admitted, Defendants deny each and every allegation of Paragraph 10.

11.     In answer to Paragraph 11, Defendants admit that Defendants Franz De Klotz, Ed Pack, John Powell, Jr., Peter Nelson and Debi Livesay are members of the Board of Directors of Defendant CVWD and that they are sued solely in their official capacities as directors of CVWD.  Except as expressly admitted, Defendants deny each and every allegation of Paragraph 11.

12.     In answer to Paragraph 12, Defendants admit the first two sentences of paragraph 12 and that DWA has developed approximately 29 wells and extracts water annually from the Upper Portion of the Whitewater River Subbasin and that DWA imports Colorado River water into the groundwater basin located in its service area without compensation to the Tribe.  Except as expressly admitted, Defendants deny each and every allegation of Paragraph 12.

13.     In answer to Paragraph 13, Defendants admit that Patricia G. Oygar, Thomas Kieley, III, James Cioffi, Craig A. Ewing, and Joseph K. Stuart are members of the Board of Directors of Defendant DWA and that they are sued solely in their official capacities as directors of DWA.  Except as expressly admitted, Defendants deny each and every allegation of Paragraph 13.

# FACTS

14.    In answer to Paragraph 14, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and basing their denial thereon, deny each and every allegation of Paragraph 14.

15.    In answer to Paragraph 15, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and basing their denial thereon, deny each and every allegation of Paragraph 15.

16.    In answer to Paragraph 16, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and basing their denial thereon, deny each and every allegation of Paragraph 16.

17.    In answer to Paragraph 17, Defendants admit that in 1876, by Executive Order of President Ulysses S. Grant, the Agua Caliente Reservation was established in the Coachella Valley and that in 1877, President Hayes issued another Executive Order reserving additional lands for the Tribe.  Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and basing their denial thereon, deny  each and every allegation of Paragraph 17.

18.    In answer to Paragraph 18, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and basing their denial thereon, deny the allegations of Paragraph 18.

19.    In answer to Paragraph 19, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and basing their denial thereon, deny each and every allegation of Paragraph 19.

20.    In answer to Paragraph 20, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and basing their denial thereon, deny the allegations of Paragraph 20.

21.    In answer to Paragraph 21, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21,

1  and basing their denial thereon, deny each and every allegation of Paragraph 21.

2  22.   In answer to Paragraph 22, Defendants are without knowledge or

3  information sufficient to form a belief as to the truth of the allegations of Paragraph 22,

4  and basing their denial thereon, deny each and every allegation of Paragraph 22.

5  23.   In answer to Paragraph 23, Defendants are without knowledge or

6  information sufficient to form a belief as to the truth of the allegations of Paragraph 23,

7  and basing their denial thereon, deny each and every allegation of Paragraph 23.

8  24.   In answer to Paragraph 24, Defendants are without knowledge or

9  information sufficient to form a belief as to the truth of the allegations of Paragraph 24,

10  and basing their denial thereon, deny each and every allegation of Paragraph 24.

11  25.   In answer to Paragraph 25, Defendants admit that the Whitewater River and

12  some of its tributaries rise on the south and east slopes of the San Gorgonio Mountains, in

13  San Bernardino County, at an altitude of about 11,000 feet, and in times of extreme flood,

14  flows in a general southerly direction as the Whitewater River Stormwater Channel until

15  it empties into the Coachella Valley Storm Water Channel in Indio, and thereafter flows

16  through the Coachella Valley Storm Water Channel to the Salton Sea.  Except as

17  expressly admitted, Defendants deny each and every allegation of Paragraph 25.

18  26.   In answer to Paragraph 26, Defendants admit that the Division of Water

19  Rights of the California Department of Public Works commenced a general stream

20  adjudication of the Whitewater River System and that a document entitled "Report on

21  Water Supply and Use of Water from Whitewater River Stream System" was published

22  in November 1923.  Except as expressly admitted, Defendants deny each and every

23  allegation of Paragraph 26.

24  27.   Paragraph 27 alleges legal conclusions to which no answer is required.  To

25  the extent an answer to Paragraph 27 is required, Defendants deny each and every

26  allegation of Paragraph 27.

27  28.   In answer to Paragraph 28, Defendants are without knowledge or

28  information sufficient to form a belief as to the truth of the allegations of Paragraph 28,

and basing their denial thereon, deny each and every allegation of Paragraph 28.

29.     In answer to Paragraph 29, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and basing their denial thereon, deny each and every allegation of Paragraph 29.

30.     In answer to Paragraph 30, Defendants admit that the Superior Court of the State of California in and for the County of Riverside entered a judgment in a matter entitled "IN THE MATTER OF THE DETERMINATION OF THE RELATIVE RIGHTS, BASED UPON PRIOR APPROPRIATION, OF THE VARIOUS CLAIMANTS TO THE WATERS OF THE WHITEWATER RIVER, AND ITS TRIBUTARIES, IN SAN BERNARDINO & RIVERSIDE COUNTIES, CALIFORNIA," Civ. No. 18035.  Except as expressly admitted, Defendants deny each and every allegation of Paragraph 30.

31.     In answer to Paragraph 31, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31, and basing their denial thereon, deny each and every allegation of Paragraph 31.

32.     In answer to first and second sentences of Paragraph 32, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of Paragraph 32, and basing their denial thereon, deny each and every allegation of the first and second sentences of Paragraph 32. In answer to the third sentence of Paragraph 32, Defendants deny each and every allegation in the third sentence of Paragraph 32.

33.     In answer to Paragraph 33, Defendants deny each and every allegation of Paragraph 33.

34.     In answer to Paragraph 34, Defendants deny each and every  allegation of Paragraph 34.

35.     In answer to Paragraph 35, Defendants admit that imported water from the Colorado River has been used to artificially recharge the Coachella Valley groundwater basins and that CVWD has indicated that during the years 2000-2009, artificial recharge

via imported Colorado River water averaged 51,000 acre feet per year.  Except as expressly admitted, Defendants deny each and every allegation of Paragraph 35.

36.     In answer to Paragraph 36, Defendants admit the allegations of Paragraph 36.

37.     In answer to Paragraph 37, Defendants deny each and every allegation of Paragraph 37.

38.     In answer to Paragraph 38, Defendants admit the allegations of Paragraph 38.

39.     In answer to Paragraph 39, Defendants admit the allegations of Paragraph 39.

40.     In answer to Paragraph 40, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40, and basing their denial thereon, deny each and every allegation of Paragraph 40.

41.     In answer to Paragraph 41, Defendants admit that CVWD currently pumps from the Whitewater River Subbasin (Upper and Lower Portions) and the Mission Creek Subbasin in excess of 100,000 acre feet each year.  Except as expressly admitted, defendants deny each and every allegation of Paragraph 41.

42.     In answer to Paragraph 42, Defendants deny each and every allegation of Paragraph 42.

43.     In answer to Paragraph 43, Defendants admit that DWA pumps water from the Upper Portion of the Whitewater River Subbasin and Mission Creek Subbasin each year.  Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the remaining allegations of Paragraph 43, and basing their denial thereon, deny each and every allegation of Paragraph 43.

44.     In answer to Paragraph 44, Defendants deny each and every allegation of Paragraph 44.

///

45.     In answer to Paragraph 45, Defendants admit that since 1973, CVWD and DWA have been using imported water from the Colorado River to "recharge" the Upper Portion of the Whitewater River Subbasin.  Except as expressly admitted, Defendants deny each and every allegation of Paragraph 45.

46.     In answer to Paragraph 46, Defendants deny each and every allegation of Paragraph 46.

47.     In answer to Paragraph 47, Defendants deny each and every allegation of Paragraph 47.

48.     In answer to Paragraph 48, Defendants admit that increases in population and development have occurred in the Coachella Valley in recent decades.  Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48, and basing their denial thereon, deny each and every allegation of Paragraph 48.

49.     In answer to Paragraph 49, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49, and basing their denial thereon, deny each and every allegation of Paragraph 49.

50.     In answer to Paragraph 50, Defendants deny each and every  allegation of Paragraph 50.

51.     In answer to Paragraph 51, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51, and basing their denial thereon, deny each and every allegation of Paragraph 51.

52.     In answer to Paragraph 52, Defendants deny each and every allegation of Paragraph 52.

53.     In answer to Paragraph 53, Defendants deny each and every allegation of Paragraph 53.

54.     In answer to Paragraph 54, Defendants deny each and every allegation of Paragraph 54.

///

55.     Paragraph 55 alleges legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny each and every allegation of Paragraph 55.

## FIRST CLAIM FOR RELIEF

56.     In answer to Paragraph 56, Defendants incorporate the preceding responses to Paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57.     In answer to Paragraph 57, Defendants deny that the Tribe and its members possess aboriginal title to land and natural resources of the Coachella Valley, including its surface and groundwater resources that predates the formation of the United States. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 57, and basing their denial thereon, deny each and every of the remaining allegations of Paragraph 57.

58.     Paragraph 58 alleges legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny each and every allegation of Paragraph 58.

59.     Paragraph 59 alleges legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny each and every allegation of Paragraph 59.

60.     Paragraph 60 alleges legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny each and every allegation of Paragraph 60.

61.     In answer to first sentence of Paragraph 61, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 61, and basing their denial thereon, deny each and every allegation of the first sentence of Paragraph 61.  In answer to the allegations of the second sentence of Paragraph 61, Defendants admit that the Executive Orders of 1876 and 1877 reserved land that is within the current Agua Caliente Reservation.  Except as

expressly admitted, Defendants deny each and every allegation of the second sentence of Paragraph 61.  In answer to the allegations of the third sentence of Paragraph 61, Defendants deny each and every allegations of the third sentence of Paragraph 61.

62.     Paragraph 62 alleges legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny each and every allegation of Paragraph 62.

63.     Paragraph 63 alleges legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny each and every allegation of Paragraph 63.

64.     Paragraph 64 alleges legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny each and every allegation of Paragraph 64.

65.     Paragraph 65 alleges legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny each and every allegation of Paragraph 65.

66.     Paragraph 66 alleges legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny each and every allegation of Paragraph 66.

## SECOND CLAIM FOR RELIEF

67.     In answer to Paragraph 67, Defendants incorporate the preceding responses to Paragraphs 1 through 66 of the Complaint as if fully set forth herein.

68.     In answer to Paragraph 68, Defendants deny each and every allegation of Paragraph 68.

69.     In answer to Paragraph 69, Defendants deny each and every allegation of Paragraph 69.

///

70.     In answer to Paragraph 70, Defendants deny each and every allegation in Paragraph 70.

71.     In answer to Paragraph 71, Defendants deny each and every allegation of Paragraph 70.

72.     In answer to Paragraph 72, Defendants deny each and every allegation of Paragraph 72.

73.     In answer to Paragraph 73, Defendants deny each and every allegation of Paragraph 73.

74.     In answer to Paragraph 74, Defendants deny each and every allegation of Paragraph 74.

75.     In answer to Paragraph 75, Defendants deny each and every allegation of Paragraph 75.

76.     In answer to Paragraph 76, Defendants deny each and every allegation of Paragraph 76.

**AS SEPARATE AND DISTINCT AFFIRMATIVE DEFENSES, DEFENDANTS ALLEGE:**

## <u>FIRST AFFIRMATIVE DEFENSE</u>
### <u>(Failure to State a Claim)</u>

The Complaint and each claim therein fails to state a claim upon which relief may be granted.

///

///

///

///

///

## SECOND AFFIRMATIVE DEFENSE

## (Tribe Does Not Have Reserved Water Rights in Groundwater)

The Tribe does not have a reserved water right in the groundwater of the Upper Portion of the Whitewater River Subbasin and the Garnet Hill Subbasin, or in any other subbasin in the Coachella Valley.  The reserved rights doctrine, on which the Tribe's claim to the groundwater is based, does not extend to groundwater.  Therefore, the Complaint fails to state a claim upon which relief can be granted, and must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("F.R.C.P.").

## THIRD AFFIRMATIVE DEFENSE

## (Tribe Does Not Have "Aboriginal" Rights With "Time Immemorial" Priority Date)

The Tribe does not have "aboriginal" rights in the groundwater with a "time immemorial" priority date.  The Tribe's claim to "aboriginal" rights with a "time immemorial" priority date is inconsistent with the federal reserved rights doctrine.  Any claim by the Tribe to "aboriginal" rights with a "time immemorial" priority date was extinguished by a decision of the Board of Land Commissioners, acting pursuant to the claims procedure established by Congress in 1851, as a result of which the Mission Indians of California (which included the Plaintiff Tribe) do not have the right of "permanent occupancy" of the lands.  9 Stat. 631 (1851); *Barker v. Harvey*, 181 U.S. 481 (1901).  The Mission Indians of California (including the Plaintiff Tribe) received compensation for their "permanent occupancy" claim in a decision issued by Indian Claims Commission.  *Thompson, et al., v. United States*, 13 Ind. Cl. Comm. 369, 385-386 (1964).  To the extent that the Tribe's Complaint alleges that it has "aboriginal" rights with a "time immemorial" priority date, the Complaint fails to state a claim upon which relief can be granted, and must be dismissed under Rule 12(b)(6) of the F.R.C.P.

## FOURTH AFFIRMATIVE DEFENSE

### (Any Tribal Water Rights Are Limited in Scope and Purpose)

Assuming *arguendo* that the Tribe has a reserved water right in groundwater under federal law, the Tribe's reserved right would be limited in purpose and in quantity by the standards  adopted by the United States Supreme Court in *Arizona v. California*, 373 U.S. 546, 600 (1963) and *United States v. New Mexico*, 438 U.S. 696 (1978).  Any right to groundwater would not extend or apply to the Tribe's Spa Resort Casino and Hotel, and other commercial properties open to the public, served by DWA pursuant to DWA's own water rights or to other commercial properties and developments served by CVWD pursuant to CVWD's water rights.  To the extent that the Tribe's Complaint alleges otherwise, the Complaint fails to state a claim upon which relief can be granted, and must be dismissed under Rule 12(b)(6) of the F.R.C.P.

## FIFTH AFFIRMATIVE DEFENSE

### (Tribal  Water Rights Do Not Extend To Water Quality)

Assuming *arguendo* that the Tribe has a reserved water right in groundwater under federal law, the Tribe does not have a reserved right to water of a certain quality.  The reserved rights doctrine, on which the Tribe's reserved rights claim is based, does not provide for the reservation of water of a certain quality.  The groundwater that DWA and CVWD provide to their customers, including the Tribe, fully complies with federal and state water quality standards.  To the extent that the Complaint alleges otherwise, the Complaint fails to state a claim upon which relief can be granted, and must be dismissed under Rule 12(b)(6) of the F.R.C.P.

///

///

///

Answer of Coachella Valley Water District, Franz De Klotz, Ed Pack, John Powell, Jr.,
Peter Nelson, & Debi Livesay, in their official capacities as Members of CVWD Board of Directors

## SIXTH AFFIRMATIVE DEFENSE

### (Tribe Does Not Have "Ownership" of Pore Space)

Assuming *arguendo* that the Tribe has a reserved water right in groundwater under federal law, the Tribe does not have "ownership" of pore space in any aquifer underlying the Coachella Valley, and is not entitled to compensation from DWA or CVWD for their storage of imported Colorado River water in the pore space.  The storage space in a groundwater basin is a "public resource" available to all who have the right to use the groundwater, and no one has "ownership" of the public resource.  *Central and West Basin Water Replenishment Dist. v. Southern California Water Co.*, 109 Cal.App.4th 891 (2003).  To the extent that the Tribe's Complaint alleges otherwise, the Complaint fails to state a claim upon which relief can be granted, and must be dismissed under Rule 12(b)(6) of the F.R.C.P.

## SEVENTH AFFIRMATIVE DEFENSE

### (Water Rights of CVWD and DWA)

In 1918, CVWD was formed to protect the water resources of the region. CVWD initiated a statutory stream adjudication of the Whitewater River, in which the United States appeared and was decreed certain water rights for certain lands in the reservation.  Paragraph 10 of the Judgment and Decree entered by the Superior Court of the State of California in and for the County of Riverside in the matter entitled "IN THE MATTER OF THE RELATIVE RIGHTS, BASED ON PRIOR APPROPRIATION, OF THE VARIOUS CLAIMANTS TO THE WATERS OF THE WHITEWATER RIVER AND ITS TRIBUTARIES, IN SAN BERNARDINO AND RIVERSIDE COUNTIES, CALIFORNIA," Case No. 18035, decreed to CVWD a right to divert 80,000 acre feet per year from the Whitewater River with a priority dated of October 25, 1918, for recharge and

1  storage in the groundwater basin for later withdrawal and use by the inhabitants of

2  the Coachella Valley.  Paragraph Eleven of said Judgment and Decree awarded

3  CVWD an additional 20,000 acre feet per year from the Whitewater River, 8,000

4  acre feet per year from Snow Creek, 2,000 acre feet per year from Falls Creek,

5  5,000 acre feet per year from Tahquitz Creek, 1,000 acre feet per year from

6  Andreas Creek, 1,000 acre feet per year from Murray Creek, and 2,000 acre feet

7  per year from Palm Canyon Creek, all with a priority date of July 8, 1922, for the

8  same purposes as set forth in Paragraph 10.  CVWD's decreed rights for diversions

9  from the Whitewater River represent the right to any waters remaining in the

10  Whitewater River after diversions pursuant to all other decreed rights.  CVWD

11  diverts the natural flow of the Whitewater River pursuant to said decreed rights and

12  spreads the same to replenish the groundwater basin in spreading basins

13  constructed adjacent to the Whitewater River near Windy Point.  CVWD has a

14  prior and paramount right to recapture all water so diverted and stored.  Any

15  production of such water is therefore without any injury to any right of Plaintiff or

16  its members.

17      CVWD and DWA have the paramount rights and interests in Colorado River

18  water that they import into the Coachella Valley and recharge into the groundwater

19  subbasins therein in order to provide water supplies for their customers, including

20  the paramount right to recapture all such water so imported and recharged.  *City of*

21  *Los Angeles v. City of Glendale*, 23 Cal.2d 68 (1943).  Therefore, the Tribe does

22  not have any rights or interests in the imported Colorado River water. Any

23  production of such water is therefore without any injury to any right of Plaintiff or

24  its members.

25  ///

26  ///

27  ///

28  ///

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Name Required and  Indispensable Parties)

In addition to the domestic water wells operated by CVWD and DWA for the benefit of the inhabitants of the Coachella Valley, including the Tribe and its members, there are several hundred wells producing groundwater from the Whitewater River Subbasin and hydraulically connected subbasins, including the Mission Creek Subbasin and Garnet Hill Subbasin, that are operated by municipalities, golf courses, farmers, individuals and other entities.  These producers are necessary and indispensable parties to this action because recharge by CVWD and DWA and groundwater production by those producers affects the supply of water to other producers in these subbasins.  Owners of lands overlying the Whitewater River Subbasin and hydraulically connected subbasins, including the Mission Creek and Garnet Hill subbasins may also claim rights to produce groundwater.  These overlying landowners are necessary and indispensable parties to this action because production under the claimed overlying rights would affect the supply of water to all producers in those subbasins.  The Court may be without jurisdiction over some necessary and indispensable parties under the express exclusion of jurisdiction in the Quiet Title Act, 28 U.S.C. § 2409a, sub. (a), and the implied exclusion of jurisdiction in the McCarran Amendment, 43 U.S.C. § 666.

## NINTH AFFIRMATIVE DEFENSE
### (Tribe Cannot Assert Water Rights Claims on Behalf of Allottees)

A substantial portion of the lands of the Agua Caliente Indian Reservation has been allotted in severalty to enrolled members of the Tribe and to non-members of the Tribe pursuant to various acts of Congress, including the General Allotment Act of February 8, 1887, 24 Stat. 388, and acts amendatory thereto, the Act of January 12, 1891, 26 Stat. 712, the Act of June 25, 1910, 36 Stat. 859, the Act of March 2, 1917, 39 Stat. 969, 976,

and the Agua Caliente Equalization Act of 1959, Pub. L. 86-339, 73 Stat. 602, 25 U.S.C. § 951 et seq. The Tribe has no legal or equitable interest in the allotted lands, including any water rights appurtenant to the allotted lands.  Plaintiff therefore lacks standing to bring any claims regarding the allotted lands, including any appurtenant water rights or any other rights or interests in the allotted lands, and the Court is therefore without jurisdiction to adjudicate any water rights of those lands under the express exclusion of jurisdiction under the Quiet Title Act, 28 U.S.C. § 2409a, sub.(a) and the implied exclusion of jurisdiction in the McCarran Amendment, 43 U.S.C. § 666.  To the extent that the Tribe may have standing to assert claims for water rights for such allotted lands, any water rights of any non-Indian allottees of such lands have been lost by nonuse.

## TENTH AFFIRMATIVE DEFENSE
### (Res  Adjudicata and Collateral Estoppel)

The Complaint and each claim therein is barred in whole or in part by the judgment and decree entered by the Superior Court of the State of California in and for the County of Riverside on December 9, 1938 in the matter entitled   "IN THE MATTER OF THE DETERMINATION OF THE RELATIVE RIGHTS, BASED UPON PRIOR APPROPRIATION, OF THE VARIOUS CLAIMANTS TO THE WATER OF WHITEWATER RIVER AND ITS TRIBUTARIES, IN SAN BERNARDINO AND RIVERSIDE COUNTIES, CALIFORNIA," No. 18035, adjudicating all water rights in the Whitewater River and its tributaries.  The United States of America as trustee and legal owner of the trust and restricted lands of the Agua Caliente Indian Reservation voluntarily appeared and sought affirmative relief therein as a party, and Plaintiff is therefore bound by said judgment and cannot seek to establish water rights in the adjudicated waters greater than those adjudicated in that judgment and decree.

///
///

## ELEVENTH AFFIRMATIVE DEFENSE
### (Forfeiture of Tribe's Right to Surface Water)

Any water rights of the Tribe to the surface waters of the Whitewater River and its tributaries, as such water rights were adjudicated by the Superior Court for Riverside County, pursuant to its final decree issued on December 9, 1938, have been forfeited by the Tribe's failure to put such water to beneficial use for a period of five years, and such waters revert to the public as "unappropriated" water.  Cal. Water Code § 1241.

## TWELFTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff has unreasonably delayed the commencement of this action to the prejudice of CVWD and DWA which have expended very large sums of money over the last 50 plus years for the construction of facilities to import, recharge and recover water for distribution to its customers in the Coachella Valley, including the Tribe and its members, and to offset and eliminate the overdraft resulting from groundwater production by CVWD and other producers that constitutes the supply of water required for domestic, agricultural, recreational, commercial and industrial uses by inhabitants of the Coachella Valley, including plaintiff and its members.  In the 1960's, CVWD and DWA entered into contracts with the California Department of Water Resources to purchase water developed by the State Water Project.  Because the California Aqueduct that transports State Water Project water does not extend to the Coachella Valley, CVWD and DWA arranged to exchange their State Water Project supply for an equal volume of Colorado River water delivered from the Metropolitan Water District of Southern California's Colorado River Aqueduct.  The water is delivered into the Whitewater River and then diverted into CVWD's Whitewater Groundwater Replenishment Facility, which was enlarged in 1972, and again in 1984, for this purpose. The recharge water percolates

1  into the groundwater basin where it migrates down the valley.  The area benefited by
2  these replenishment activities includes the tribal and allotted lands at issue in this case.
3  Replenishment operations with Colorado River water began in 1973, and CVWD began
4  levying replenishment assessments in the area of benefit in 1980.  Since 1973, CVWD
5  and DWA have recharged approximately 3 million acre-feet of water at the Whitewater
6  Groundwater Replenishment Facility.

7       The Tribe has never previously attempted to establish its alleged federal reserved
8  water right in groundwater in any of the groundwater basins in the Coachella Valley,
9  including the Upper Portion of the Whitewater River Subbasin and the Garnet Hill
10  Subbasins.  In the meantime, many water users have acquired rights to the groundwater
11  under the laws of California, and the rights of such users would be jeopardized by
12  recognition of the Tribe's alleged reserved water right in groundwater.  Accordingly, the
13  Tribe's claim is barred by the doctrine of laches.

14

15                    **THIRTEENTH AFFIRMATIVE DEFENSE**
16                              **(Unclean Hands)**

17

18       The Tribe has benefited from CVWD's and DWA's importation of Colorado River
19  water into the Coachella Valley, because the Tribe has obtained water supplies for
20  reservation purposes from DWA and CVWD, and DWA and CVWD have made these
21  supplies available to the Tribe, as well as their other customers, by the importation of
22  Colorado River water and the Tribe is therefore barred from complaining about the
23  importation of Colorado River water by the doctrine of unclean hands.

24

25                    **FOURTEENTH AFFIRMATIVE DEFENSE**
26            **(Balance of Equities Weighs in Favor of CVWD and DWA)**

27

28       DWA and CVWD have the right to beneficial use of the groundwater in the Upper

Portion of the Whitewater River Subbasin and the Garnet Hill Subbasin under the laws of California, and DWA's and CVWD's exercise of their rights is consistent with beneficial use of water under California law.  DWA and CVWD are required under California law to provide water supplies to entities and persons who reside in their service areas, and DWA's and CVWD's importation of Colorado River water supplies into the groundwater basins of the Coachella Valley is in fulfillment of their statutory duties.  In importing the Colorado River water supplies, DWA and CVWD are recharging the groundwater basins in an attempt to eliminate or at least reduce the overdraft condition of the groundwater basins.  The lands overlying the groundwater basins are burdened with a public servitude, and DWA and CVWD are required under their organic acts to provide for the maximum beneficial use of the groundwater.  By contrast, the Tribe has not attempted to exercise its claimed right to extract groundwater from the Upper Portion of the Whitewater River Subbasin and the Garnet Hill Subbasin, at least to any significant degree, and has not been prevented from extracting the groundwater by any actions taken directly or indirectly taken by DWA and CVWD.  The Tribe has the right under California law, as an overlying landowner, to reasonable use of the groundwater, subject to reasonable use by other overlying landowners.  Therefore, the balance of equities weighs in favor of DWA and CVWD rather than the Tribe, and the Tribe is not entitled to injunctive or declaratory relief.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Rights  In Garnet Hill Subbasin)

The Whitewater River Subbasin is the largest subbasin in the Coachella Valley. The Complaint refers in several instances to the "Upper Whitewater sub-basin" but there is no such formally designated sub-basin.  There is an area of the "Whitewater River Subbasin" in the Upper Coachella Valley at its western end that is referred to as the "Upper Portion of the Whitewater Subbasin" but it is not a separate subbasin. The Upper

Portion of the Whitewater River Subbasin is separated from the Garnet Hill Subbasin by the Banning fault which is a relatively effective barrier to groundwater movement between these subbasins in the absence of artificial recharge by CVWD and DWA in the Mission Creek Subbasin.  Answering defendants are informed and believe, and thereon allege that the Agua Caliente Indian Reservation does not include any land overlying the Garnet Hill subbasin.  Plaintiff does not produce any groundwater from the Garnet Hill Subbasin.  Plaintiff has no legal or beneficial interest in any property or water rights in the Garnet Hill Subbasin.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (No Authority to Regulate Water Districts)

Plaintiff is without authority to regulate any of the activities of all defendants including, but not limited to the importing of water, recharging of water to any groundwater basin, storing water in a groundwater basin, recapturing recharged or stored water, and producing groundwater and Plaintiff therefore lacks standing to bring this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Consent by the United States)

CVWD has constructed the Whitewater Groundwater Replenishment Facility adjacent to the Whitewater River near Windy Point, which are located on land owned by CVWD and land owned by the United States and leased by the United States Bureau of Land Management to CVWD for the expressed purpose of constructing, operating and maintaining the recharge/spreading facilities used to recharge the imported Colorado River water into the groundwater basin.  By reason of said lease, the United States has consented to the recharge of the groundwater basin using Colorado River water and the

Answer of Coachella Valley Water District, Franz De Klotz, Ed Pack, John Powell, Jr.,
Peter Nelson, & Debi Livesay, in their official capacities as Members of CVWD Board of Directors

1  Tribe and its members are bound by that consent.

2

3                                    **PRAYER**

4

5          WHEREFORE, DEFENDANTS COACHELLA VALLEY WATER DISTRICT,

6  AND FRANZ DE KLOTZ, ED PACK, JOHN POWELL, JR., PETER NELSON, and

7  DEBI LIVESAY, in their official capacities as members of the Board of Directors of the

8  COACHELLA VALLEY WATER DISTRICT, pray judgment as follows:

9          1.      That Plaintiff take nothing by its Complaint, including, but not limited to, an

10  award of attorney's fees and costs, and that judgment be entered in favor of defendants;

11          2.      That Plaintiff's various requests for declaratory and injunctive relief be

12  denied;

13          3.      For costs of suit; and

14          4.      For such other relief as is just and equitable.

15

16  DATED:  JULY 8, 2013              s/Steven B. Abbott

17                                    Steven B. Abbott
                                      sabbott@redwineandsherrill.com
18                                    Gerald D. Shoaf

19                                    gshoaf@redwineandsherrill.com
                                      REDWINE AND SHERRILL
20                                    Attorneys for Defendants,

21                                    COACHELLA VALLEY WATER DISTRICT,
                                      FRANZ DE KLOTZ, ED PACK, JOHN POWELL, JR.,
22                                    PETER NELSON, and DEBI LIVESAY, in their official

23                                    capacities as members of the Board of Directors of the
                                      COACHELLA VALLEY WATER DISTRICT
24                                    1950 Market Street

25                                    Riverside, CA 92501-1720
                                      (951) 684-2520 (phone)
26                                    (951) 684-9583 (fax)

27

28