RODERICK E. WALSTON (Bar No. 32675)
Roderick.walston@bbklaw.com
ARTHUR L. LITTLEWORTH (Bar No. 22041)
Arthur.littleworth@bbklaw.com
PIERO C. DALLARDA (Bar No. 181497)
Piero.dallarda@bbklaw.com
STEVEN G. MARTIN (Bar No. 263394)
Steven.martin@bbklaw.com
Best Best & Krieger LLP
2001 N. Main Street, Suite 390
Walnut Creek, California 94596
Telephone: (925) 977-3300
Facsimile: (925) 977-1870

Attorneys for Plaintiff
DESERT WATER AGENCY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| AGUA CALIENTE BAND OF CAHUILLA INDIANS,<br><br>Plaintiff,<br><br>v.<br><br>COACHELLA VALLEY WATER DISTRICT, FRANZ DE KLOTZ, ED PACK, JOHN POWELL, JR., PETER NELSON, and DEBI LIVESAY, in their Official Capacities as Members of the Board of Directors of the COACHELLA VALLEY DISTRICT; DESERT WATER AGENCY; PATRICIA G. OYGAR, THOMAS KIELEY, III, JAMES CIOFFI, CRAIG A. EWING, and JOSEPH K. STUART, in their Official Capacities as Members of the Board of Directors of the DESERT WATER AGENCY,<br><br>Defendants. | Case No. CV13-00883-JGB (SPx)<br><br>DEFENDANT DESERT WATER AGENCY'S ANSWER TO COMPLAINT<br><br>Action filed: May 14, 2013 |

# DEFENDANT DESERT WATER AGENCY'S ANSWER TO COMPLAINT

Defendants DESERT WATER AGENCY, PATRICIA G. OYGAR, THOMAS KIELEY, III, JAMES CIOFFI, CRAIG A. EWING, and JOSEPH K. STUART, in their official capacities as members of the Board of Directors of defendant DESERT WATER AGENCY (hereinafter collectively referred to as "DWA"), answer the Complaint for Declaratory and Injunctive Relief filed by the Agua Caliente Band of Cahuilla Indians ("Tribe"), as follows. The paragraph numbers in this Answer correspond to the paragraph numbers in the Complaint.

## JURISDICTION AND VENUE

1. DWA admits that this Court has jurisdiction over the subject matter of this action.

2. DWA admits that venue is appropriate in this Court.

## NATURE OF ACTION

3. DWA admits that the Tribe requested that this Court judicially recognize, declare, quantify and decree the rights claimed by the Tribe, and denies that the Tribe has the rights claimed in Paragraph 3 of the Complaint.

## DESCRIPTION OF THE ISSUE

4. DWA admits that the Tribe's ancestors have lived in the Coachella Valley for several centuries, and denies that the Tribe has aboriginal rights to the surface water and groundwater resources of the valley. DWA has no information

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 N. MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

and belief regarding the remaining allegations of Paragraph 4 of the Complaint, and on that basis denies said allegations.

5. DWA admits that the Tribe's reservation was created by presidential executive orders issued by President Ulysses S. Grant on May 15, 1876, and by President Rutherford B. Hayes on September 29, 1877. DWA has no information and belief regarding the remaining allegations of Paragraph 5 of the Complaint, and on that basis denies said allegations.

6. DWA denies the allegations in Paragraph 6 of the Complaint.

7. DWA denies the allegations in Paragraph 7 of the Complaint.

8. DWA admits that the Tribe's suit seeks a declaration of the rights and injunction as claimed in Paragraph 8 of the Complaint, and denies all remaining allegations in Paragraph 8 of the Complaint.

## PARTIES

9. DWA admits that the Tribe is a federally-recognized Indian tribe, and that it presently operates under a Constitution and by-laws. DWA has no information and belief regarding the remaining allegations of Paragraph 9 of the Complaint, and on that basis denies said allegations.

10. Paragraph 10 of the Complaint describes the organization, practices and activities of the Coachella Valley Water District ("CVWD"). DWA incorporates herein CVWD's answer to Paragraph 10 of the Complaint.

11. In its response to Paragraph 11 of the Complaint, DWA incorporates herein its answer to Paragraph 10 of the Complaint, above.

12. DWA admits the first three sentences in Paragraph 12 of the Complaint, except that DWA denies that it extracts groundwater from the Garnet Hill sub-basin of the Coachella Valley. DWA admits that it imports Colorado River water into the groundwater basin located in its service area without

compensation to the Tribe, and denies the remaining allegations of Paragraph 12 of the Complaint.

13. DWA admits that Patricia G. Oygar, Thomas Kieley, III, James Cioffi, Craig A. Ewing, and Joseph K. Stuart are members of the Board of Directors of DWA, and as such are charged with establishing DWA policy and directing DWA activities, including the pumping and extraction of groundwater within DWA's service area, and the storage of imported water in the groundwater basin underlying DWA's service area. DWA admits the allegations in the last sentence of Paragraph 13 of the Complaint, and denies the remaining allegations of Paragraph 13.

## FACTS

14. DWA has no information or belief regarding the allegations in Paragraph 14 of the Complaint, and on that basis denies said allegations.

15. DWA has no information or belief regarding the allegations in Paragraph 15 of the Complaint, and on that basis denies said allegations.

16. DWA has no information or belief regarding the allegations in Paragraph 16 of the Complaint, and on that basis denies said allegations.

17. DWA admits that the Tribe's reservation was created by presidential executive orders issued by President Ulysses S. Grant on May 15, 1876, and by President Rutherford B. Hayes on September 29, 1877. DWA has no information and belief regarding the remaining allegations of Paragraph 17 of the Complaint, and on that basis denies said allegations.

18. DWA has no information or belief regarding the allegations in Paragraph 18 of the Complaint, and on that basis denies said allegations.

19. DWA has no information or belief regarding the allegations in Paragraph 19 of the Complaint, and on that basis denies said allegations.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 N. MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

01358.00000\7961515.2 — - 3 - — DWA'S ANSWER TO COMPLAINT
CV13-00883-JGB (SPX)

20. DWA has no information or belief regarding the allegations in Paragraph 20 of the Complaint, and on that basis denies said allegations.

21. DWA has no information or belief regarding the allegations in Paragraph 21 of the Complaint, and on that basis denies said allegations.

22. DWA has no information or belief regarding the allegations in Paragraph 22 of the Complaint, and on that basis denies said allegations.

23. DWA has no information or belief regarding the allegations in Paragraph 23 of the Complaint, and on that basis denies said allegations.

24. DWA has no information or belief regarding the allegations in Paragraph 24 of the Complaint, and on that basis denies said allegations.

25. DWA admits the allegations in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint characterizes a document produced by the Division of Water Rights of the California Department of Public Works. The document speaks for itself, and no response is required. To the extent that a response is required, DWA has no information or belief regarding the allegations in Paragraph 26 of the Complaint, and on that basis denies said allegations.

27. Paragraph 27 of the Complaint characterizes a document produced by the Division of Water Rights of the California Department of Public Works. The document speaks for itself, and no response is required. To the extent that a response is required, DWA has no information or belief regarding the allegations in Paragraph 27 of the Complaint, and on that basis denies said allegations.

28. Paragraph 28 of the Complaint characterizes a document produced by the United States. The document speaks for itself, and no response is required. To the extent that a response is required, DWA has no information or belief regarding the allegations in Paragraph 28 of the Complaint, and on that basis denies said allegations.

29. Paragraph 29 of the Complaint characterizes a document produced by the United States. The document speaks for itself, and no response is required. To

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 N. MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

01358.00000\7961515.2 - 4 - DWA'S ANSWER TO COMPLAINT
CV13-00883-JGB (SPX)

the extent that a response is required, DWA has no information or belief regarding the allegations in Paragraph 29 of the Complaint, and on that basis denies said allegations.

30. Paragraph 30 of the Complaint characterizes a document produced by the Superior Court of Riverside County, California. The document speaks for itself, and no response is required. To the extent that a response is required, DWA has no information or belief regarding the allegations in Paragraph 30 of the Complaint, and on that basis denies said allegations.

31. Paragraph 31 of the Complaint characterizes a document produced by the Division of Water Rights of the California Department of Public Works and the United States. The document speaks for itself, and no response is required. To the extent that a response is required, DWA has no information or belief regarding the allegations in Paragraph 31 of the Complaint, and on that basis denies said allegations.

32. DWA denies that the rights decreed in the name of the United States are "surface rights," and that the aquifer is "owned by the Tribe under federal law . . . ." DWA has no information or belief regarding the remaining allegations in Paragraph 32 of the Complaint, and on that basis denies said allegations.

33. DWA admits the allegations in the first sentence of Paragraph 33 of the Complaint. The remaining allegations of Paragraph 33 relate to records maintained by CVWD, and DWA incorporates CVWD's answer to Paragraph 33 as it relates to such records.

34. The allegations in Paragraph 34 of the Complaint relate to records maintained by CVWD, and DWA incorporates CVWD's answer to Paragraph 34 as it relates to such records.

35. DWA admits the allegations in the first sentence of Paragraph 35 of the Complaint. The remaining allegations of Paragraph 35 relate to records

maintained by CVWD, and DWA incorporates CVWD's answer to Paragraph 35 as it relates to such records.

36. The allegations in Paragraph 36 of the Complaint relate to records maintained by CVWD, and DWA incorporates CVWD's answer to Paragraph 36 as it relates to such records.

37. The allegations in Paragraph 37 of the Complaint relate to records maintained by CVWD, and DWA incorporates CVWD's answer to Paragraph 37 as it relates to such records.

38. The allegations in Paragraph 38 of the Complaint relate to records maintained by CVWD, and DWA incorporates CVWD's answer to Paragraph 38 as it relates to such records.

39. The allegations in Paragraph 39 of the Complaint relate to records maintained by CVWD, and DWA incorporates CVWD's answer to Paragraph 39 as it relates to such records.

40. DWA admits that there has been overdraft in the Coachella Valley Groundwater Basin aquifer. The remaining allegations of Paragraph 40 of the Complaint consist of speculation, and do not require a response. To the extent that a response is required, DWA denies said allegations.

41. The allegations in Paragraph 41 of the Complaint relate to records maintained by CVWD, and DWA incorporates CVWD's answer to Paragraph 41 as it relates to such records.

42. The allegations in Paragraph 42 of the Complaint relate to practices and activities of CVWD, and DWA incorporates CVWD's answer to Paragraph 42 as it relates to such practices and activities.

43. DWA admits the allegations in Paragraph 43 of the Complaint.

44. DWA denies the allegations in Paragraph 44 of the Complaint.

45. DWA admits that it has used imported Colorado River water to "recharge" the Coachella Valley Groundwater Basin aquifer and thus prevent

conditions of "overdraft." DWA denies the remaining allegations of Paragraph 45 of the Complaint.

46. DWA admits that there has been a decline in the amount of water stored in the Coachella Valley Groundwater Basin aquifer, but denies that there has been "subsidence" in the aquifer. The remaining allegations of Paragraph 46 consist of general characterizations of the aquifer, and no response is required. To the extent that a response is required, DWA denies all such remaining allegations.

47. DWA admits that imported Colorado River water has higher quantities of total dissolved solids (TDS) than the local groundwater. DWA has no information or belief regarding the remaining allegations of Paragraph 47 of the Complaint, and on that basis denies said allegations.

48. DWA admits the allegations in Paragraph 48 of the Complaint.

49. DWA has no information or belief regarding the allegations of Paragraph 49 of the Complaint, and on that basis denies said allegations.

50. DWA denies the allegations in Paragraph 50 of the Complaint.

51. DWA has no information or belief regarding the allegations of Paragraph 51 of the Complaint, and on that basis denies said allegations.

52. DWA denies the allegations in Paragraph 52 of the Complaint.

53. DWA denies the allegations in Paragraph 53 of the Complaint.

54. DWA has no information or belief regarding the allegations of Paragraph 54 of the Complaint, and on that basis denies said allegations.

55. DWA denies the allegations in Paragraph 55 of the Complaint.

## FIRST CLAIM FOR RELIEF

56. The answers to Paragraphs 1 through 55 of the Complaint are incorporated herein by reference.

57. DWA denies that the Tribe has aboriginal title to the land and natural resources of the Coachella Valley, including its surface water and groundwater resources, since time immemorial. DWA has no information or belief regarding the remaining allegations in Paragraph 57, and on that basis denies said allegations.

58. DWA denies the allegations in Paragraph 58 of the Complaint.

59. DWA denies the allegations in Paragraph 59 of the Complaint.

60. DWA denies the allegations in Paragraph 60 of the Complaint.

61. DWA admits that the Executive Orders of 1876 and 1877 reserved for the Tribe the land comprising the Tribe's reservation. DWA denies the allegations in the third sentence of Paragraph 61 of the Complaint. DWA has no information or belief regarding the remaining allegations in Paragraph 61 of the Complaint, and on that basis deny said allegations.

62. DWA denies the allegations in Paragraph 62 of the Complaint.

63. DWA denies the allegations in Paragraph 63 of the Complaint.

64. DWA denies the allegations in Paragraph 64 of the Complaint.

65. DWA denies the allegations in Paragraph 65 of the Complaint.

66. DWA denies the allegations in Paragraph 66 of the Complaint.

## SECOND CLAIM FOR RELIEF

67. The answers to Paragraphs 1 through 66 of the Complaint are incorporated herein by reference.

68. The allegations in Paragraph 68 of the Complaint consist of legal conclusions and do not require an answer. To the extent that an answer is required, DWA denies said allegations.

69. DWA denies the allegations in Paragraph 69 of the Complaint.

70. DWA denies the allegations in Paragraph 70 of the Complaint.

71. DWA denies the allegations in Paragraph 71 of the Complaint.

72. DWA admits that the Tribe seeks a permanent injunction in this case, and denies the remaining allegations in Paragraph 72 of the Complaint.

73. DWA admits that the Tribe seeks a permanent injunction in this case, and denies the remaining allegations in Paragraph 73 of the Complaint.

74. DWA admits that the Tribe seeks a permanent injunction in this case, and denies the remaining allegations in Paragraph 74 of the Complaint.

75. DWA admits that the Tribe seeks a permanent injunction in this case, and denies the remaining allegations in Paragraph 75 of the Complaint.

76. DWA denies the allegations in Paragraph 76 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

The Complaint, and each claim therein, fails to state a claim upon which relief may be granted, and should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

## SECOND AFFIRMATIVE DEFENSE
**(Tribe Does Not Have Reserved Water Right In Groundwater)**

The Tribe does not have a reserved water right in the groundwater of the Upper Whitewater and Garnet Hill sub-basins of the Coachella Valley Groundwater Basin. The reserved rights doctrine, on which the Tribe's claim to the groundwater is based, does not extend to groundwater. Therefore, the Complaint fails to state a claim upon which relief can be granted, and must be dismissed under Rule 12(b)(6) of the FRCP.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 N. MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

01358.00000\7961515.2 - 9 - DWA'S ANSWER TO COMPLAINT
CV13-00883-JGB (SPX)

# THIRD AFFIRMATIVE DEFENSE

**(Tribe Does Not Have "Aboriginal" Rights With "Time Immemorial" Priority Date)**

The Tribe does not have "aboriginal" rights in the groundwater with a "time immemorial" priority date. The Tribe's claim to "aboriginal" rights with a "time immemorial" priority date is inconsistent with the federal reserved rights doctrine. Any claim by the Tribe to "aboriginal" rights with a "time immemorial" priority date was extinguished by a decision of the Board of Land Commissioners, acting pursuant to the claims procedure established by Congress in 1851, as a result of which the Mission Indians of California do not have the right of "permanent occupancy" of the lands. 9 Stat. 631 (1851); *Barker v. Harvey*, 181 U.S. 481 (1901). The Mission Indians of California received compensation for their "permanent occupancy" claim in a decision issued by Indian Claims Commission. *Thompson, et al., v. United States*, 13 Ind. Cl. Comm. 369, 385-386 (1964). To the extent that the Tribe's Complaint alleges that it has "aboriginal" rights with a "time immemorial" priority date, the Complaint fails to state a claim upon which relief can be granted, and must be dismissed under Rule 12(b)(6) of the FRCP.

# FOURTH AFFIRMATIVE DEFENSE

**(Tribal Water Rights Measured By "Practicable Irrigable Acreage" Standard)**

Assuming *arguendo* that the Tribe has a reserved water right in groundwater under federal law, the Tribe's reserved right would be quantified by the "practically irrigable acreage" standard adopted by the United States Supreme Court in *Arizona v. California*, 373 U.S. 546, 600 (1963). Any right to groundwater would not apply to the Tribe's Spa Resort Casino and Hotel, and other commercial properties open to the public, served by DWA pursuant to DWA's own water rights. To the extent

that the Tribe's Complaint alleges otherwise, the Complaint fails to state a claim upon which relief can be granted, and must be dismissed under Rule 12(b)(6) of the FRCP.

## FIFTH AFFIRMATIVE DEFENSE
### (Tribal Water Rights Do Not Extend to Water Quality)

Assuming *arguendo* that the Tribe has a reserved water right in groundwater under federal law, the Tribe does not have a reserved right to water of a certain quality. The reserved rights doctrine, on which the Tribe's reserved rights claim is based, does not provide for the reservation of water of a certain quality. The groundwater that DWA and CVWD provide to their customers, including the Tribe, fully complies with federal and state water quality standards. To the extent that the Complaint alleges otherwise, the Complaint fails to state a claim upon which relief can be granted, and must be dismissed under Rule 12(b)(6) of the FRCP.

## SIXTH AFFIRMATIVE DEFENSE
### (Tribe Does Not Have "Ownership" of Pore Space)

Assuming *arguendo* that the Tribe has a reserved water right in groundwater under federal law, the Tribe does not have "ownership" of pore space in the aquifer underlying the Coachella Valley, and is not entitled to compensation from DWA or CVWD for their storage of imported Colorado River water in the pore space. The storage space in a groundwater basin is a "public resource" available to all who have the right to use the groundwater, and no one has "ownership" of the public resource. *Central and West Basin Water Replenishment Dist. v. Southern California Water Co.*, 109 Cal.App.4th 891 (2003). To the extent that the Tribe's Complaint alleges otherwise, the Complaint fails to state a claim upon which relief

can be granted, and must be dismissed under Rule 12(b)(6) of the FRCP.

## SEVENTH AFFIRMATIVE DEFENSE
### (Paramount Rights of Defendant Water Agencies To Imported Water)

DWA and CVWD have the paramount rights and interests in Colorado River water that they import into the Coachella Valley Groundwater Basin in order to provide water supplies for their customers. *City of Los Angeles v. City of Glendale*, 23 Cal.2d 68 (1943). Therefore, the Tribe does not have any rights or interests in the imported Colorado River water.

## EIGHTH AFFIRMATIVE DEFENSE
### (Tribe's Failure to Name Required and Indispensable Parties)

Assuming *arguendo* that the Tribe has a reserved water right in groundwater under federal law, the Tribe's Complaint—to the extent that it seeks a quantification of the Tribe's reserved right—fails to name "required" parties, as such parties are defined by Rule 19(a) of the FRCP. The required parties not named in the Tribe's Complaint are entities and persons other than defendants DWA and CVWD who extract groundwater pursuant to authority of California law from the Upper Whitewater and Garnet Hill sub-basins of the Coachella Valley Groundwater Basin, and whose rights would be directly affected by quantification of the Tribe's alleged reserved water right. To the extent that the Tribe's Complaint seeks to quantify the Tribe's alleged reserved rights, the Complaint fails to join "required" parties as required by Rule 19(a) of the FRCP, and must be dismissed under Rule 12(b)(7) of the FRCP.

### NINTH AFFIRMATIVE DEFENSE
### (Tribe Cannot Assert Water Rights Claims On Behalf Of Allottees)

A substantial portion of the lands of the Agua Caliente Indian Reservation have been allotted in severalty to enrolled members of the Tribe and to non-members of the Tribe pursuant to various congressional enactments, principally the General Allotment Act of 1887, 24 Stat. 388, and acts amendatory thereto, and also subsequent enactments relating to the Agua Caliente Indian Reservation. The Tribe has no legal or equitable interest in the allotted lands, including any water rights appurtenant to the allotted lands. To the extent that the Tribe may have standing to assert claims for water rights for such allotted lands, any water rights of any non-Indian allottees of such lands have been lost by nonuse. To the extent that the Tribe's Complaint alleges otherwise, the Tribe's Complaint fails to state a claim upon which relief can be granted, and must be dismissed under Rule 12(b)(6) of the FRCP.

### TENTH AFFIRMATIVE DEFENSE
### (Res Judicata and Collateral Estoppel)

On December 9, 1938, the Superior Court for Riverside County issued a final decree ("Decree") adjudicating all water rights in the Whitewater River and its tributaries. Under the doctrines of res judicata and collateral estoppel, the Tribe is bound by the Decree's adjudication of the Tribe's water rights in the Whitewater River and its tributaries, and the Tribe cannot seek to establish water rights in the adjudicated waters greater than those adjudicated in the Decree. To the extent that the Tribe's Complaint alleges otherwise, the Complaint fails to state a claim upon which relief can be granted, and must be dismissed under Rule 12(b)(6) of the FRCP.

## ELEVENTH AFFIRMATIVE DEFENSE
## (Forfeiture of Tribe's Right to Surface Water)

Any water rights of the Tribe to the surface waters of the Whitewater River and its tributaries, as such water rights were adjudicated by the Superior Court for Riverside County, pursuant to its final decree issued on December 9, 1938, have been forfeited by the Tribe's failure to put such water to beneficial use for a period of five years, and such waters revert to the public as "unappropriated" water. Cal. Water Code § 1241.

## TWELFTH AFFIRMATIVE DEFENSE
## (Laches)

The Tribe has never previously attempted to establish its alleged federal reserved water right in the groundwater of the Coachella Valley Groundwater Basin, including the Upper Whitewater and Garnet Hill Sub-Basins. In the meantime, many water users have acquired rights to the groundwater under the laws of California, and the rights of such users would be jeopardized by recognition of the Tribe's alleged reserved right in the groundwater. Accordingly, the Tribe's reserved rights claim is barred by the doctrine of laches. Therefore, the Tribe's Complaint fails to state a claim upon which relief can be granted, and must be dismissed under Rule 12(b)(6) of the FRCP.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (Unclean Hands)

The Tribe has benefitted from DWA's and CVWD's importation of Colorado River water into the Coachella Valley Groundwater Basin, because the Tribe has

1 obtained its water supplies for reservation purposes by purchasing such supplies
2 from DWA and CVWD, and DWA and CVWD have made these supplies available
3 to the Tribe, as well as their other customers, by the importation of the Colorado
4 River water. Therefore, the Tribe has unclean hands in alleging in its Complaint
5 that DWA and CVWD are violating the Tribe's alleged reserved water right by
6 importation of Colorado River water supplies that are beneficial to the Tribe, and
7 the Complaint must be dismissed under Rule 12(b)(6) of the FRCP.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Balancing of Equities Weighs in Favor of DWA and CVWD)

DWA and CVWD have the right to beneficial use of the groundwater in the Upper Whitewater and Garnet Hill Sub-Basins under the laws of California, and DWA's and CVWD's exercise of their rights is consistent with beneficial use of water under California law. DWA and CVWD are required under California law to provide water supplies to entities and persons who reside in their service areas, and DWA's and CVWD's importation of Colorado River water supplies into the Coachella Valley Groundwater Basin is in fulfillment of their statutory duties. In importing the Colorado River water supplies into the Basin, DWA and CVWD are recharging the Basin in an attempt to eliminate or at least reduce the overdraft condition of the Basin. The lands overlying the groundwater basin are burdened with a public servitude, and DWA and CVWD are required under their organic acts to provide for the maximum beneficial use of the groundwater. By contrast, the Tribe has not attempted to exercise its claimed right to extract groundwater from the Upper Whitewater and Garnet Hill Sub-Basins, at least to any significant degree, and has not been prevented from extracting the groundwater by any actions taken directly or indirectly taken by DWA and CVWD. The Tribe has the right under California law, as an overlying landowner of the Coachella Valley

Groundwater Basin, to reasonable use of the groundwater, subject to reasonable use by other overlying landowners. Therefore, the balance of equities weighs in favor of DWA and CVWD rather than the Tribe, and the Tribe is not entitled to injunctive or declaratory relief.

## PRAYER FOR RELIEF

For the foregoing reasons, DWA prays for relief as follows:

(1) That plaintiff take nothing by reason of its Complaint, and that judgment be rendered in favor of the defendants;

(2) That defendants be awarded their costs of suit incurred in defense of this action; and

(3) That the court award such further relief as may be appropriate and proper.

Dated: July 3, 2013

Best Best & Krieger LLP

By: *[signature]*
RODERICK E. WALSTON
ARTHUR L. LITTLEWORTH
PIERO C. DALLARDA
STEVEN G. MARTIN
Attorneys for Plaintiff Desert Water Agency

# PROOF OF SERVICE

I, Monica Brozowski, declare:

I am a citizen of the United States and employed in Contra Costa County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 2001 N. Main Street, Suite 390, Walnut Creek, California 94596. On July 3, 2013, I served a copy of the within document(s):

**DEFENDANT DESERT WATER AGENCY'S ANSWER TO COMPLAINT**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Walnut Creek, California addressed as set forth below.

X by placing the document(s) listed above in a sealed United Parcel Service (UPS) envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a UPS agent for delivery.

☐ by transmitting via electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below by way of filing the document(s) with the U.S. District Court, Central District of California. Federal Rule of Civil Procedure § 5(b)(2)(E)

| | |
|---|---|
| Emil W. Herich<br>Kilpatrick Townsend & Stockton LLP<br>9720 Wilshire Boulevard<br>Penthouse Suite<br>Beverly Hills, CA 90212<br>Phone: (310) 777-3730<br>Fax: (310) 860-0363<br>eherich@kmwlaw.com<br><br>Attorneys for Plaintiff Agua Caliente Band of Cahuilla Indians | Maya Grasse<br>Malissa Hathaway McKeith<br>Lewis Brisbois Bisgaard & Smith LLP<br>78075 Main Street, Suite 203<br>La Quinta, CA 92253<br>Phone: (760) 771-6363<br>Fax: (760) 771-6373<br>grasse@lbbslaw.com<br><br>Attorneys for Plaintiff Agua Caliente Band of Cahuilla Indians |

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 N. MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

01358.00000\8057971.1

| | |
|---|---|
| Catherine F. Munson<br>Keith M. Harper<br>Kilpatrick Townsend & Stockton LLP<br>607 Fourteenth Street NW<br>Suite 900<br>Washington, DC 20005<br>Phone: (202)-508-5844<br>Fax: (202) 585-0007<br>cmunson@kilpatricktownsend.com<br>kharper@kilpatricktownsend.com<br><br>Pro Hac Vice Attorneys for Plaintiff Agua Caliente Band of Cahuilla Indians | Heather Whiteman Runs Him<br>Steven C. Moore<br>Native American Rights Fund<br>1506 Broadway<br>Boulder, CO 80302<br>Phone: (303) 447-8760<br>Fax: (303) 442-7776<br>heatherw@narf.org<br>smoore@narf.org<br><br>Pro Hac Vice Attorneys for Plaintiff Agua Caliente Band of Cahuilla Indians |
| Mark H. Reeves<br>Kilpatrick Townsend & Stockton LLP<br>699 Broad Street<br>Suite 1400<br>Augusta, GA 30901<br>Phone: (706) 823-4206<br>Fax: (706) 828-4488<br>mreeves@kilpatricktownsend.com<br><br>Pro Hac Vice Attorneys for Plaintiff Agua Caliente Band of Cahuilla Indians | Coachella Valley Water District<br>c/o Julia Fernandez<br>Board Secretary/Agent for Service of Process<br>75515 Hovley Lane East<br>Palm Desert, CA 92260<br><br>Defendants Coachella Valley Water District, Franz De Klotz, Ed Pack, John Powell, Jr., Peter Nelson, Debi Livesay |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court

1 | at whose direction the service was made.

2 |     Executed on July 3, 2013, at Walnut Creek, California.

_____
Monica Brozowski