1  THIERRY R. MONTOYA (CA Bar No. 158400)
   DAVID J. MASUTANI (CA Bar No. 172305)
2  ALVARADOSMITH, APC
   633 W. Fifth Street, Suite 1100
3  Los Angeles, CA 90071
   Tel: (213) 229-2400
4  Fax: (213) 229-2499

5  KEITH M. HARPER (D.C. Bar No. 451956, admitted *pro hac vice*)
   CATHERINE F. MUNSON (D.C. Bar No. 985717, admitted *pro hac vice*)
6  MARK REEVES (GA Bar No. 141847, admitted *pro hac vice*)
   KILPATRICK TOWNSEND & STOCKTON, LLP
7  607 14th Street, N.W.
   Washington, D.C. 20005
8  Tel: (202) 508-5800
   Fax: (202) 508-5858
9
   STEVEN C. MOORE (CO Bar No. 9863, admitted *pro hac vice*)
10 HEATHER WHITEMAN RUNS HIM (NM Bar No. 15671, admitted *pro hac vice*)
   NATIVE AMERICAN RIGHTS FUND
11 1506 Broadway
   Boulder, CO 80302
12 Tel: (303) 447-8760
   Fax: (303) 443-7776
13
   Attorneys for Plaintiff
14 Agua Caliente Band of Cahuilla Indians

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| AGUA CALIENTE BAND OF CAHUILLA INDIANS, <br><br> Plaintiffs, <br><br> v. <br><br> COACHELLA VALLEY WATER DISTRICT, et al., <br><br> Defendants. | CASE NO.: ED CV 13-00883-JGB-SPX <br><br> JUDGE:   Jesus G. Bernal <br><br> **STIPULATION TO TRIFURCATE THE CASE** <br><br> Disc. Cut-off:      TBD <br> Motion Cut-off:   TBD <br> Trial Date:          TBD <br><br> Action Filed:       May 14, 2013 |

Pursuant to the directive of Federal Rule of Civil Procedure 26(f), counsel for all parties to this case have met and conferred regarding, *inter alia*, the nature and basis of the claims in this case. As a result of that conference, the parties have agreed to certain stipulations that clarify the nature of the claims at issue, limit the scope of the case, and promote judicial efficiency. Specifically, the parties mutually agree and stipulate as follows:

1. In this action, Plaintiff the Agua Caliente Band of Cahuilla Indians (the "Tribe") seeks a determination and quantification of its rights to and in groundwater and pore space underlying its Reservation lands in the Coachella Valley. This action does not present any questions pertaining to surface water rights.

2. Questions of law that are central to this case are appropriate for summary adjudication. The Court's rulings on these questions will significantly affect the scope of and possibly the need for additional discovery and judicial proceedings.

3. As set forth in more detail in their Rule 26(f) Report, the parties believe that considerations of convenience, economy, judicial efficiency, and the interests of justice militate strongly in favor of trifurcating this case so that core legal questions can be resolved before the parties engage in what would otherwise be extensive and costly discovery. The parties also believe that structuring the case in this manner will increase the chance of early settlement.

4. The proposed Phase I of the case will address the threshold issue of whether the Tribe has rights to groundwater pursuant to the federal *Winters* doctrine and/or aboriginal rights to groundwater. This phase will involve a brief period of discovery followed by cross-motions for summary judgment on the Tribe's claim for a declaration of its federally reserved and aboriginal groundwater rights. Phase I will necessarily address (a) the Defendants' "Affirmative Defense Two," which challenges the legal grounds for the Tribe's reserved right to groundwater; and (b) whether the Tribe has aboriginal rights to groundwater (Affirmative Defense Three).

///

5. Phase II of the case will involve discovery on the Tribe's remaining claims and, depending on how the Court rules on Phase I, will address: (a) whether the Tribe beneficially owns pore space underlying the Reservation; and (b) whether the Tribe's groundwater rights include a water quality component. It also necessarily will address the following affirmative defenses raised by the Defendants in their Answers: (a) whether the Tribe's reserved right has a water quality component (Affirmative Defense Five); (b) whether the Tribe owns the pore space in the groundwater basin underlying its Reservation lands (Affirmative Defense Six); and (c) whether the equitable defenses raised by the Defendants – namely, laches, balance of the equities, and unclean hands, bar the Tribe's claims (Affirmative Defenses 12, 13 and 14).

Phase II will not address any other affirmative defenses or issues pertaining to quantification of any of the Tribe's rights. It will not include quantification of the Tribe's groundwater rights, if any, nor will it include the quantification of a standard for any water quality component of the Tribe's groundwater rights or a declaration of any specific amount of pore space to which the Tribe is entitled. Quantifying any rights determined to exist in Phase I and Phase II will be a fact-intensive undertaking that will be reserved for Phase III of the litigation.

6. Phase III of the case, if necessary, will involve (a) quantifying any tribal rights to groundwater that the Court has found to exist, (b) determining the appropriate level of water quality, if the Court determines that the Tribe is entitled to water rights that have a water quality component; (c) the shaping of appropriate injunctive relief; (d) quantifying any tribal rights to pore space that the Court has found to exist; and (e) may include the determination and prioritization of any additional water rights claimed by other producers and claimants in the groundwater basin, including any rights of the Desert Water Agency and Coachella Valley Water District.

7. The Tribe's suit does not seek to reopen the Whitewater River surface water adjudication, to adjust or amend any rights decreed or recognized therein, or to

///

1   otherwise assert or address the Tribe's rights to surface waters within the Coachella
2   Valley.
3       8.   Based on the stipulation that the Tribe does not intend to reopen the
4   Whitewater River adjudication or otherwise seek a declaration or determination of any
5   rights to surface waters in this action, the Defendants withdraw, without prejudice to
6   their right to assert them in any future proceeding, the Whitewater River adjudication-
7   related, preclusion-based defenses asserted in Affirmative Defenses 10 and 11 of their
8   respective answers to the Tribe's complaint.
9       9.   The Tribe reserves the right to bring a future action to address any
10  residual or other rights that it may have in surface waters within the Coachella Valley,
11  including the Whitewater River and its tributaries, and the Defendants expressly
12  reserve the right to assert in any such action the Whitewater River adjudication-
13  related, preclusion-based defenses currently raised in Affirmative Defenses 10 and 11
14  of their respective answers to the Tribe's pending complaint.
15      10.  In the Seventh Affirmative Defense, the CVWD defendants have alleged
16  that CVWD has certain rights to divert and store waters of the Whitewater River and
17  recapture the stored waters for later use, and that these rights were confirmed in the
18  1938 Decree in the Whitewater River adjudication.  The withdrawal of the Eleventh
19  Affirmative Defense does not constitute a waiver or forfeiture of any aspect of the
20  CVWD Defendants' Seventh Affirmative Defense, including, but not limited to the
21  assertion that the right to divert, store and recapture were confirmed by the decree,
22  that the decree is res judicata as to those rights, and that plaintiff is collaterally
23  estopped by the judgment from contending that CVWD cannot store those waters in
24  the pore space beneath lands of the Reservation.
25      11.  The parties do not agree as to whether additional parties must be joined
26  as necessary and indispensable parties.  The CVWD defendants and DWA defendants
27  have raised this issue in the Eighth Affirmative Defense.  The parties agree that
28  resolution of this issue may be postponed to Phase III.  The parties further agree that

1  postponement of resolution of that issue to Phase III shall not work any prejudice to
2  the defendants' assertion of the Eighth Affirmative Defense or constitute a waiver or
3  forfeiture of that defense.

4    12.   The parties do not agree on whether the Tribe may represent the interests
5  of allottees of allotted Reservation lands. The defendants have raised this issue in
6  their Ninth Affirmative Defense. The parties agree that the issue may be deferred to
7  Phase III. The parties further agree that postponement of resolution of that issue to
8  Phase III shall not work any prejudice to the defendants' assertion of the Ninth
9  Defense or constitute a waiver or forfeiture of that defense.

10    So stipulated this 2nd day of December, 2013.

12  DATED: December 2, 2013    ALVARADOSMITH, APC
13      KILPATRICK TOWNSEND & STOCKTON, LLP
14      NATIVE AMERICAN RIGHTS FUND

16      By: /s/ David J. Masutani
17          THIERRY R. MONTOYA
        DAVID J. MASUTANI

18      Attorneys for Plaintiff
19      Agua Caliente Band of Cahuilla Indians

21  DATED: December 2, 2013    REDWINE AND SHERRILL

23      By: /s/Gerald D. Shoaf
        STEVEN B. ABBOTT
24          GERALD D. SHOAF
    Attorneys for Defendants
25      Coachella Valley Water District, Franz De Klotz, Ed Pack, John Powell, Jr., Peter Nelson, and Debi Livesay, in their official capacities as members of the Board of Directors of the Coachella Valley Water District

| | |
|---|---|
| DATED: December 2, 2013 | BEST BEST & KRIEGER LLP |

By: /s/Roderick E. Walston
  RODERICK E. WALSTON
  ARTHUR L. LITTLEWORTH
  PIERO C. DALLARDA
  STEVEN G. MARTIN
  Attorneys for Defendant
  Desert Water Agency

### Certification in Compliance with Local Rule 5-4.3.4

I hereby certify that, pursuant to Local Rule 5-4.3.4, I have obtained the authorization from the above signatories representing defendants to file the above-referenced document, and that the above signatories concur in the filing's content.

DATED: December 2, 2013  ALVARADOSMITH, APC

  KILPATRICK TOWNSEND & STOCKTON, LLP

  NATIVE AMERICAN RIGHTS FUND


By: /s/ David J. Masutani
  THIERRY R. MONTOYA
  DAVID J. MASUTANI

  Attorneys for Plaintiff
  Agua Caliente Band of Cahuilla Indians

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES