1  THIERRY R. MONTOYA (CA Bar No. 158400)
   DAVID J. MASUTANI (CA Bar No. 172305)
2  ALVARADOSMITH, APC
   633 W. Fifth Street, Suite 1100
3  Los Angeles, CA 90071
   Tel: (213) 229-2400
4  Fax: (213) 229-2499

5  KEITH M. HARPER (D.C. Bar No. 451956, admitted *pro hac vice*)
   CATHERINE F. MUNSON (D.C. Bar No. 985717, admitted *pro hac vice*)
6  MARK REEVES (GA Bar No. 141847, admitted *pro hac vice*)
   KILPATRICK TOWNSEND & STOCKTON, LLP
7  607 14th Street, N.W.
   Washington, D.C. 20005
8  Tel: (202) 508-5800
   Fax: (202) 508-5858

9
   STEVEN C. MOORE (CO Bar No. 9863, admitted *pro hac vice*)
10 HEATHER WHITEMAN RUNS HIM (NM Bar No. 15671, admitted *pro hac vice*)
   NATIVE AMERICAN RIGHTS FUND
11 1506 Broadway
   Boulder, CO 80302
12 Tel: (303) 447-8760
   Fax: (303) 443-7776
13
   Attorneys for Plaintiff
14 Agua Caliente Band of Cahuilla Indians

15                    UNITED STATES DISTRICT COURT
16         CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION
17

18 AGUA CALIENTE BAND OF              CASE NO.: ED CV 13-00883-JGB-SPX
19 CAHUILLA INDIANS,
                                      JUDGE: Jesus G. Bernal
20            Plaintiffs,
                                      **STIPULATION AND ORDER FOR
21 v.                                 THE PRODUCTION
                                      AND EXCHANGE OF
22 COACHELLA VALLEY WATER             CONFIDENTIAL INFORMATION**
   DISTRICT, et al.,
23                                    Disc. Cut-off:        June 2, 2014
              Defendants.             Disp. Motion Cut-off: Sept. 15, 2014
24                                    Trial Date (1st Phase): Feb. 3, 2015

25                                    Action Filed:         May 14, 2013
26
27
28

1    Plaintiff Agua Caliente Band of Cahuilla Indians (the Tribe) and Defendants Coachella Valley Water District (CVWD), CVWD board members Franz de Klotz, Ed Pack, John Powell, Jr., Peter Nelson, Debi Livesay, Desert Water Agency (DWA), and DWA board members Patricia G. Oygar, Thomas Kieley, III, James Cioffi, Craig A. Ewing, and Joseph K. Stuart (collectively, Defendants), in the above-captioned action (the "Action"), hereby stipulate, agree to and apply for the entry of a protective order limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by and among the parties and their respective counsel, or produced by any non-party in the course of discovery in this action to the extent set forth below, in the following form:

IT IS hereby ORDERED that:

1.    This Order is being entered into to facilitate the production, exchange and discovery of documents and information, including testimony, in the Action (hereinafter the "Discovery Material"), including without limitation documents and information that the parties believe merit confidential treatment.

2.    As used herein:

    a)    "Confidential Information" shall mean all Discovery Material, and all information contained therein, and other information designated as confidential, if such Discovery Material contains trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party or non-party designating the material as confidential, be detrimental to the conduct of that party's or non-party's business or the business of any of that party's or non-party's customers or clients, culturally sensitive information, or information of a personal, private, or intimate nature regarding any individual, including without limitation personal financial information.

      b)    "Producing Party" shall mean the party to this Action and/or any non-party producing Discovery Material in connection with depositions, document production or otherwise, and who is asserting confidentiality.

      c)    "Receiving Party" shall mean the party to this Action and/or any nonparty receiving Discovery Material in connection with depositions, document production or otherwise.

3.    Any Producing Party may designate Discovery Material produced in connection with the Action as "confidential," either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

4.    The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in a designation by the Producing Party of Discovery Material as Confidential Information. If the Producing Party does not agree to declassify such Discovery Material, the Receiving Party may move the Court for an order declassifying the Discovery Material. The burden of justifying a designation as Confidential Information in any such challenge proceeding shall be on the Producing Party. If no such motion is filed, such Discovery Material shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

5.    Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

      a)    parties and personnel of the parties actually engaged in assisting in the preparation of the Action for trial or other proceeding herein and who have been advised of their obligations hereunder;

      b)    the author, sender, recipient or a person who previously reviewed a document containing the Confidential Information;

c) counsel for the parties to the Action and their associated attorneys, paralegals, data recovery vendors, graphic consultants, outside copy services, outside document review platform personnel, office personnel and other employees, agents and vendors (including support staff) who are directly assisting such counsel in the preparation of the Action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

d) expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with the Action or to give testimony with respect to the subject matter of the Action at the trial of the Action or other proceeding therein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

e) the Court and court personnel, if filed in accordance with paragraph 12 hereof;

f) an officer before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 10 hereof;

g) trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof; and

h) any other person designated by the Court, upon such terms as the Court may deem proper, or as agreed to by the Producing Party and Receiving Party.

6. Confidential Information produced in the Action shall be utilized by the parties and their counsel only for purposes of litigating the Action and for no other

purposes, and no person receiving Confidential Information shall, directly or indirectly use, transfer, disclose, or communicate in any way the contents of the Confidential Information to any person other than those specified in this Order; provided, however, that nothing in this Order shall limit a Producing Party's use or disclosure of its own Confidential Information.

7. Before any disclosure of any Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving Party shall obtain the expert's written agreement, in the form of Exhibit A attached hereto, to comply with the Order and be bound by its terms.

8. All depositions shall presumptively be treated as Confidential Information and subject to this Order during the deposition and for a period of forty-five days after the deposition. At or before the end of such forty-five day period, the deposition shall be classified appropriately pursuant to paragraph 11 hereof.

9. Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, but not including Confidential Information used exclusively for impeachment or rebuttal purposes, such party may do so only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Information. Relief from the Court limiting or precluding the disclosure or otherwise preserving the confidentiality of Confidential Information used during a hearing or trial exclusively for impeachment or rebuttal purposes shall be sought in the ordinary course of the hearing or trial at the time such Confidential Information is first used.

10. This Order shall not preclude counsel for the parties from using during any deposition in the Action any Discovery Material which has been designated as Confidential Information. Any deposition or trial witness who is given access to Confidential Information in preparation for his or her testimony shall, prior thereto, be provided with a copy of this Order and shall execute a copy of the written agreement

attached hereto as Exhibit A. Counsel for the party obtaining the agreement shall supply a copy to the counsel for the other parties and non-parties, if the deposition involves a non-party represented by counsel. The Order and agreement may be provided to the deposition witness at the deposition. It need not be presented in advance.

11. A party may designate as Confidential Information any Discovery Material produced or given by any non-party to this case, or any portion thereof. A non-party may also designate as Confidential Information subject to this Order any Discovery Material produced or given by it. In the case of documents, designation shall be made by notifying all parties' counsel in writing of those documents which are to be stamped and treated as Confidential Information at any time up to thirty (30) days after actual receipt of copies of those documents by counsel for the party asserting confidentiality. In the case of deposition testimony, designation shall be made by notifying all parties' counsel in writing of those portions which are to be stamped or otherwise treated as confidential at any time up to seven (7) days after the actual receipt of the deposition transcript by counsel for the party or non-party making the designation. Prior to the expiration of the periods previously set forth in this paragraph (or until a designation is made by counsel, if such designation is made in a shorter period of time), all such documents and testimony shall be treated as Confidential Information.

12. In the event that a party seeks to make use of any particular document or testimony covered by Paragraph 11 in a court filing prior to the expiration of the periods set forth in that Paragraph for designating such document or testimony as Confidential Information, that party may contact counsel for all other parties to specifically identify the document or testimony in question and request their consent to treat the document or testimony as non-confidential. In such cases, counsel for other parties shall respond by agreeing to the request or designating the document or testimony in question as confidential within three (3) business days.

13. A Receiving Party who files any Confidential Information with the Court, and any pleading, brief or memorandum which reproduces or discloses Confidential Information, shall publicly file the material containing Confidential Information only after the Receiving Party has redacted the Confidential Information. In all instances, any material containing Confidential Information must be filed under seal, without redaction, in accordance with the Court's procedures for filing documents under seal.

14. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

15. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided herein, may be so designated by the party or non-party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

16. Each party agrees that if it receives any summons, subpoena or similar process, or request to produce Confidential Information obtained under the terms of this Order ("Production Request"), other than under the California Public Records Act ("CPRA"), it will immediately notify and consult with the party that disclosed the Confidential Information not less than seven (7) days before producing such Confidential Information, in order to allow the disclosing party time to intervene or otherwise oppose the production of Confidential Information. If any Defendant receives a request for production of Confidential Information under the CPRA, that Defendant will promptly provide the Tribe and the Tribe's counsel with notice and an opportunity to object prior to releasing or producing that information. In either case, the party that originally designated the Confidential Information shall be responsible

for bearing the burden of opposing its further disclosure, and the party that received the Production Request or CPRA request will cooperate with the designating party to the extent consistent with applicable law. Furthermore, the party receiving the Production Request or CPRA request will maintain the confidentiality of the Confidential Information until any dispute over its disclosure is finally resolved by a court of competent jurisdiction.

17. Extracted portions and summaries of Confidential Information shall also be treated as Confidential Information in accordance with the provisions of this Order.

18. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's or non-party's right to object to the production or disclosure of other information in the Action or in any other action.

19. Nothing in this Order shall require disclosure of any material that a Producing Party contends is protected from disclosure by the attorney-client privilege, work product protection, any other legally recognized privilege or immunity from disclosure, or any applicable federal or state law or regulation prohibiting disclosure.

20. If Confidential Information is disclosed to any person other than in the manner authorized by this Order, any parties who learn of the disclosure shall, immediately upon learning of the disclosure, inform the Producing Party of the pertinent facts relating to such disclosure and make every reasonable effort to retrieve the Confidential Information and prevent disclosure by each unauthorized person who received such material.

21. The restrictions set forth in any of the proceeding paragraphs shall not apply to information or material that:
    a) is in the public domain through no fault of the recipient;
    b) is acquired from a third party having the right to disclose such information or material; or
    c) was lawfully possessed prior to entry by the Court of this Order.

22. This Order is entered into without prejudice to the right of any party or non-party to seek relief from, or modification of, this Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate.

23. This Order shall continue to be binding after the conclusion of the Action except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Order in whole or in part.

24. Nothing herein shall be deemed to waive any privilege or immunity recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of discovery.

25. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of the Action by settlement or exhaustion of all appeals, each Receiving Party, and each person who received Protected Material through a Receiving Party, must take reasonable steps to destroy or return to the Producing Party all Confidential Information received from that Producing Party. Upon request of any Producing Party, the Receiving Party shall certify in writing that it has undertaken its best efforts to destroy or return such physical objects and documents (including all electronic documents and all versions thereof), and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain an archival copy of documents constituting work product, pleadings, motion papers, discovery responses, depositions transcripts and trial exhibits, whether or not those materials contain Confidential Information. This Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Order shall prohibit or interfere with the ability of counsel for any party, nonparty, or of experts specially

retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

26. This Order may be changed by further order of this Court, and is without prejudice to the rights of a party or non-party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

Stipulated and Agreed to:

DATED: April 7, 2014

ALVARADOSMITH, APC

KILPATRICK TOWNSEND & STOCKTON, LLP

NATIVE AMERICAN RIGHTS FUND

By: /s/ David J. Masutani
THIERRY R. MONTOYA
DAVID J. MASUTANI
Attorneys for Plaintiff
Agua Caliente Band of Cahuilla Indians

DATED: April 7, 2014

REDWINE AND SHERRILL

By: /s/Gerald D. Shoaf
STEVEN B. ABBOTT
GERALD D. SHOAF
Attorneys for Defendants
Coachella Valley Water District, Franz De Klotz, Ed Pack, John Powell, Jr., Peter Nelson, and Debi Livesay, in their official capacities as members of the Board of Directors of the Coachella Valley Water District

| | |
|---|---|
| DATED: April 7, 2014 | BEST BEST & KRIEGER LLP |

By: /s/Roderick E. Walston
    RODERICK E. WALSTON
    ARTHUR L. LITTLEWORTH
    PIERO C. DALLARDA
    STEVEN G. MARTIN
    Attorneys for Defendant
    Desert Water Agency

### Certification in Compliance with Local Rule 5-4.3.4

I hereby certify that, pursuant to Local Rule 5-4.3.4, I have obtained the authorization from the above signatories representing defendants to file the above-referenced document, and that the above signatories concur in the filing's content.

DATED: April 7, 2014    ALVARADOSMITH, APC

KILPATRICK TOWNSEND & STOCKTON, LLP

NATIVE AMERICAN RIGHTS FUND

By: /s/ David J. Masutani
    THIERRY R. MONTOYA
    DAVID J. MASUTANI
    Attorneys for Plaintiff
    Agua Caliente Band of Cahuilla Indians

# AGREEMENT TO RESPECT CONFIDENTIAL MATERIAL

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is:

   _____

   _____

   _____

4. I have received a copy of the Order for the Production and Exchange of Confidential Information (the "Order") entered in the matter of *Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water District, et al.*, Case No. 5:13-cv-00883-JGB (SPx), on _____.

5. I have carefully read and understand the provisions of the Order.

6. I will comply with all provisions of the Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

8. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Order in this action.

Dated: _____

Signed: _____

STIPULATION FOR AN ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFO.
3864776.1 -- N1431.1