1  ROBERT G. DREHER
2  Acting Assistant Attorney General
   Environment and Natural Resources Division
3  United States Department of Justice

4
   F. PATRICK BARRY, Senior Trial Attorney
5  patrick.barry@usdoj.gov
6  DARON T. CARREIRO, Trial Attorney
   daron.carreiro@usdoj.gov
7  YOSEF M. NEGOSE, Trial Attorney
8  yosef.negose@usdoj.gov
   Indian Resources Section
9  Environment and Natural Resources Division
10 United States Department of Justice
11 P.O. Box 7611
   Ben Franklin Station
12 Washington, DC 20044
13 Phone:     (202) 305-0269
   Facsimile:  (202) 305-0725
14 Attorneys for Plaintiff-Intervenor
15 UNITED STATES OF AMERICA

16
            **UNITED STATES DISTRICT COURT**
17 **CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

18

19 AGUA CALIENTE BAND OF              CASE NO.
20 CAHUILLA INDIANS,                    5:13-cv-0083-JGB-SP

21            Plaintiff,              **PLAINTIFF-INTERVENOR**
22                                    **UNITED STATES' NOTICE OF**
      and                            **MOTION, MOTION TO**
23                                   **INTERVENE, AND**
   UNITED STATES OF AMERICA,         **MEMORANDUM OF POINTS AND**
24                                   **AUTHORITIES IN SUPPORT**
25            Plaintiff-Intervenor,  **THEREOF**

26

27

28

   United States' Motion to Intervene        -1-
   Case No. 5:13-cv-0083-JGB-SP

1

2

3

4

5

v.

COACHELLA VALLEY WATER
DISTRICT, et al.,

Defendants.

BEFORE:  Judge Jesus G. Bernal
DATE:    June 16, 2014
DEPT:    Courtroom 1
TIME:    9:00 a.m.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 16, 2014, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Jesus G. Bernal, at the United States District Court for the Central District of California, located at 3470 Twelfth Street, Riverside, California 92501, the United States of America ("United States") intends to move, and hereby moves, for leave to intervene in this matter as a matter of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure ("FRCP"), and alternatively for permissive intervention under Rule 24(b) of the FRCP. This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on April 24, 2014.

This motion is based on the attached Memorandum of Points and Authorities in support of the motion, on the attached Complaint in Intervention, on all other pleadings and papers on file in this case, and upon such other and further arguments, documents, and grounds as may be advanced in the future.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The United States respectfully moves to intervene in the instant action as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, to intervene permissively pursuant to Federal Rule of Civil Procedure 24(b).

The United States holds title to the water rights at issue in trust for the benefit of the Agua Caliente Band of Cahuilla Indians ("Tribe") and allottees. Accordingly, intervention is proper because the United States has a significant interest, in its own right and as trustee for the Tribe and allottees, in protecting the federal reserved rights to groundwater associated with the Tribe's Reservation. This motion is timely, intervention will not prejudice any parties, and the present parties do not adequately represent the United States' interests. Moreover, although the United States could bring a separate action to protect its interests, intervention in the present litigation serves the interests of all parties, as well as judicial economy.

The present parties previously acknowledged the possibility of the United States intervening in this action "to assert the Tribe's federally reserved rights, title to which is held in trust by the United States for the benefit of Tribe." [Dkt. No. 54 at 12].

## BACKGROUND

On May 14, 2013, the Tribe filed suit against the Coachella Valley Water District ("CVWD") and Desert Water Agency ("DWA") seeking to declare and quantify its federally reserved rights to groundwater in the Coachella Valley basin and to enjoin CVWD and DWA from interfering with or injuring those rights. [Dkt. No. 1 at ¶3]. The litigation of this case has since been trifurcated in a manner agreed to by the present parties [Dkt. No. 54 at 9-12], and the Court has issued a

United States' Motion to Intervene
and Memorandum in Support          -1-
Case No. 5:13-cv-0883-JGB-SP

scheduling order for the first of the three Phases ("Phase I"). [Dkt. No. 56].

Phase I, the current phase, consists of a brief discovery period, followed by cross-motions for partial summary judgment addressing whether the Tribe has federally reserved rights to groundwater. [Dkt. No. 54 at 10]. The trial date for Phase I is currently scheduled for February 3, 2015. [Dkt. No. 56 at 1].

So far, no dispositive motions have been filed, and other issues, such as quantification, which will require "substantial factual discovery and extensive expert opinion testimony," have been reserved for the later phases. [*See generally,* Dkt. No. 54 at 9-12].

The present parties acknowledge that the rights to be determined by this litigation are federally reserved rights. [Dkt. No. 54 at 12].  They acknowledge that the federal government holds title to these rights, in trust, for the benefit of the Tribe.  *Id.*  Accordingly, as the parties anticipated, and for the reasons set forth below, the United States respectfully seeks permission to assert and to protect its interests in these rights, and in this case.  The United States requests that the Court approve its motion to intervene.

## ARGUMENT

Rule 24 of the Federal Rules of Civil Procedure provides for intervention as of right, governed by subsection (a), and permissive intervention, governed by subsection (b).  The United States requests approval to intervene as of right or, in the alternative, to intervene permissively.

## I.   THE UNITED STATES IS ENTITLED TO INTERVE AS OF RIGHT

Rule 24(a)(2) provides that upon timely application, anyone shall be permitted to intervene in an action who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

United States' Motion to Intervene
and Memorandum in Support          -2-
Case No. 5:13-cv-0883-JGB-SP

As construed by the Ninth Circuit, an applicant is entitled to intervention as of right when satisfying the following four criteria:

> (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

*United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004); *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002).

In determining whether to grant intervention, "[c]ourts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

Moreover, courts are to be "guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention." *Alisal Water*, 370 F.3d at 919.   As shown below, the United States satisfies each of the requirements for intervention as of right under Rule 24(a).

## A. THE UNITED STATES HAS SIGNIFICANT PROTECTABLE INTERESTS IN THIS LITIGATION.

The parties acknowledge that the United States holds title to the rights to be determined by this litigation, and holds them in trust, for the benefit of the Tribe and individual allottees.  *See* Dkt. No. 54 at 12.  Thus, the United States has an ownership interest at stake.  Additionally, the United States has a significant, legally protectable interest in ensuring that those water rights are available for the

United States' Motion to Intervene
and Memorandum in Support          -3-
Case No. 5:13-cv-0883-JGB-SP

1
2
3
4
5
6
7
8
9
10
11

Tribe and individual allottees to develop the Agua Caliente Reservation as a viable homeland.[1]  Moreover, the Supreme Court has long recognized that the United States has both a governmental interest and a trust interest, in addition to the property interest, in protecting tribal trust property.  *Cramer v. United States*, 261 U.S. 219, 232-33, 43 S. Ct. 342, 345-46, 67 L. Ed. 622 (1923); *Heckman v. United States*, 224 U.S. 413, 442-44, 32 S. Ct. 424, 433-34, 56 L. Ed. 820 (1912).  Application of this principle to the tribal water rights context is also well established. *See, e.g.*, *Winters v. United States,* 207 U.S. 564, 28 S. Ct. 207, 52 L. Ed. 340 (1908) (action by the United States to enjoin water uses affecting water available for Indian reservation).  The United States meets this requirement for intervention as of right under Rule 24(a).

12
13
14

**B. DISPOSITION OF THIS CASE WITHOUT PARTICIPATION OF THE UNITED STATES MAY IMPAIR THE UNITED STATES' ABILITY TO PROTECT ITS INTERESTS.**

15
16
17
18
19
20
21
22
23

Under *Winters* and subsequent case law applying it (the "*Winters* Doctrine"), federal reservation of land implicitly reserves such unappropriated water as is required to effectuate a given reservation's purposes.  Here, in setting aside the Agua Caliente Reservation, the United States reserved water sufficient to provide the Tribe with a livable homeland.  Thus, disposition of this case without the United States' participation may impair the United States' ability to protect its ownership, governmental, and trust interests with respect to the Agua Caliente Reservation.

24
25
26
27
28

---

[1] In granting intervention as of right, the Ninth Circuit has recognized that government agencies have significant protectable interests in cases involving the application of laws that agencies are tasked with administering and enforcing. *See, e.g.*, *Smith v. Pangilinan*, 651 F.2d 1320, 1324-25 (9th Cir. 1981).

United States' Motion to Intervene
and Memorandum in Support          -4-
Case No. 5:13-cv-0883-JGB-SP

More generally, rights under the *Winters* Doctrine are not restricted to the tribal context. They are applicable to national parks, forests, wildlife refuges and other federal lands that utilize reserved water. *See United States v. Cappaert*, 508 F.2d 313 (9th Cir. 1974) *aff'd*, 426 U.S. 128, 96 S. Ct. 2062, 48 L. Ed. 2d 523 (1976) (applying *Winters* in the context of a federal water right reserved for the purpose of preserving a species of desert pupfish). Because this case will impact the *Winters* Doctrine, and thus, has the potential to impact the United States' ownership and management of federal lands and water, the outcome of this case, including the potential for appeals by existing parties, warrants the United States' intervention.[2]

## C. EXISTING PARTIES DO NOT ADEQUATELY REPRESENT THE UNITED STATES' INTERESTS.

"The [proposed intervenor's] burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). Three factors are relevant: "(1) whether the interest of a present party is such that it will undoubtedly make all of a

---

[2] Even though the United States has significant interests in this litigation, and disposition of the case without the United States' participation may impair the United States' ability to protect those interests, the United States would not be bound by a final judgment absent federal intervention. *Fort Mojave Tribe v. Lafollette*, 478 F.2d 1016, 1018 ("the United States will not be bound by any determination made in a suit to which it is not a party") (citing *United States v. Candelaria*, 271 U.S. 432, 46 S. Ct. 561, 70 L.Ed. 1023 (1926) (holding that prior judgments against a tribe did not bar the United States from bringing a subsequent action on the tribe's behalf)). Granting intervention, on the other hand, would not only bind the United States, but would also comport with principles of judicial economy for the reasons described below.

United States' Motion to Intervene
and Memorandum in Support                    -5-
Case No. 5:13-cv-0883-JGB-SP

proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki*, 324 F.3d at 1086 (citing *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986)).

Here, the United States shares the Tribe's interest in protecting its water. The United States recognizes that water is the "lifeblood" of the Tribe's desert homeland.  *See Colville Confederated Tribes v. Walton*, 647 F.2d 42, 52 (9th Cir. 1981).  Nevertheless, the Tribe does not adequately represent the United States' interests in this case for at least three reasons.

First, the United States asserts interests that transcend the focus of a single tribe or reservation. The United States asserts interests on behalf of all federally recognized tribes and all federal lands that rely on reserved water.  Second, the United States, alone, holds legal title to the rights at issue. Accordingly, the United States has the most direct interest in their quantification and protection.  Third, and finally, the United States, alone, may intervene to protect its interests as trustee—interests that, over the course of the litigation, may at some points diverge from the immediate interests of the Tribe.  These considerations compel the conclusion that the existing parties cannot, and do not, represent the United States' interests in this matter.  Adequate representation of the federal interests at issue in this case requires participation by the United States. The United States satisfies this requirement for intervention as of right under Rule 24(a).

## D. THE APPLICATION FOR INTERVENTION IS TIMELY.

In the Ninth Circuit, three factors are weighed in determining whether a motion for intervention is timely: "(1) the stage of the proceeding in which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *County of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986) (citing *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir.

1984)).  "Mere lapse of time alone is not determinative." *Id.*  Rather, as the Supreme Court has emphasized, "[t]imeliness is to be determined from all the circumstances." *NAACP v. New York*, 413 U.S. 345, 366, 93 S. Ct. 2591, 2603, 37 L. Ed. 2d 648 (1973); *see Day v. Apoliona*, 505 F.3d 963, 966 (9th Cir. 2007) (granting state intervenor's motion where it could not "be said that the state ignored the litigation or held back from participation to gain tactical advantage" and noting that "all the circumstances of the case must be considered in ascertaining whether or not a motion to intervene is timely") (quoting *Legal Aid Soc'y of Alameda County v. Dunlop*, 618 F.2d 48, 50 (9th Cir. 1980)). In this case, all three prongs of the timeliness analysis weigh in favor of granting the United States' motion to intervene.

Regarding the stage of the proceedings, to date, no dispositive motions have been filed, and various issues, such as quantification which will require "substantial factual discovery and extensive expert opinion testimony," have been reserved for the later phases. [*See generally,* Dkt. No. 54 at 9-12].

Moreover, the hearing date for the first phase of the trifurcated proceedings is not until February of next year.  These considerations favor a finding of timeliness, because the United States is filing this motion long before the Court has "substantively –and substantially–engaged the issues in [the] case."  *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1303 (9th Cir. 1997).

Regarding the reasons for the delay, the United States has worked diligently and expeditiously to prepare its motion and complaint in this matter. Since the Tribe notified the United States of the pending litigation and requested that the United States intervene, several federal bureaus, agencies, departments and sections have worked together to investigate this matter and to decide the United States' position thereupon.  That position having been settled, the instant filling is taking place at the earliest practicable date.

1    Regarding prejudice, the United States' presence in this litigation would not

2  burden or prejudice the current parties in any legally cognizable manner.  Although

3  the parties may need to revisit the case scheduling order and may need to request

4  extensions from the court, the United States' intervention serves their interests, as

5  well as the interests of judicial economy, because the United States would have

6  standing to bring an independent action raising the same claims on behalf of its

7  fiduciary responsibility to the Tribe and as part of its sovereign right and

8  responsibility to see federal law enforced.

9    Were the United States to bring such an independent action, Defendants'

10  burden in defending two separate lawsuits would be much greater than it would be

11  were the Court to grant the instant motion.  *See Trbovich v. United Mine Workers*

12  *of Am.*, 404 U.S. 528, 536, 92 S. Ct. 630, 635, 30 L. Ed. 2d 686 (1972) (noting that

13  "[i]ntervention . . . in a pending enforcement suit, unlike initiation of a separate

14  suit . . . subjects the [defendant] to relatively little additional burden");  *see also*

15  *Pangilinan*, 651 F.2d at 1324-25 (reversing denial of the United States'

16  intervention noting that denying intervention would cause the matter to be litigated

17  twice).  The above considerations support a finding that the United States'

18  application is timely.

19  **II.  PERMISSIVE INTERVENTION**

20    Alternatively, the United States requests permission to intervene under Fed.

21  R. Civ. P. 24(b), which provides that the Court may permit a federal officer or

22  agency to intervene if an existing party's claim or defense is based upon "a statute

23  or executive order administered by the officer or agency; or . . . any regulation,

24  order, requirement or agreement issued or made under the statute or executive

25  order." Fed. R. Civ. P. 24(b)(2).  Under 25 U.S.C § 2,

26    The Commissioner of Indian Affairs shall, under the direction of the

27    Secretary of the Interior, and agreeably to such regulations as the President

28

United States' Motion to Intervene
and Memorandum in Support          -8-
Case No. 5:13-cv-0883-JGB-SP

1    may prescribe, have the management of all Indian affairs and of all matters

2    arising out of Indian relations.

3

4        Two United States Presidents issued the Executive Orders in 1876 and 1877

5    that established the Reservation.  C. Kappler, Indian Affairs – Laws and Treaties

6    821-822 (1904).  Pursuant to these orders, and in light of the *Winters* Doctrine,

7    members of the United States Department of the Interior, in consultation with the

8    United States Department of Justice, and in keeping with the United States' trust

9    obligation to the Tribe, have determined the propriety of seeking intervention in

10   this case. The instant intervention, therefore, falls squarely within the language of

11   Rule 24(b)(2), as relating to "an existing party's claim… based upon…a[n]

12   executive order… administered by [a federal] agency," because the Tribe's claim

13   is based upon executive orders administered by  the United States Department of

14   the Interior. Fed. R. Civ. P. 24(b)(2).

15       Rule 24(b)(1)(B) also states that "[o]n timely motion, the court may permit

16   anyone to intervene who . . . has a claim or defense that shares with the main

17   action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  Here, as

18   discussed above, the United States' application for intervention is timely and there

19   are common questions of law and fact between the United States' claims in

20   intervention and the Tribe's existing claims.

21       Finally, although Rule 24(b)(3) instructs courts to "consider whether the

22   intervention will unduly delay or prejudice the adjudication of the original parties'

23   rights[,]" the United States' participation, as discussed above, would not cause

24   undue delay or prejudice.

25

26

27

28

United States' Motion to Intervene
and Memorandum in Support          -9-
Case No. 5:13-cv-0883-JGB-SP

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court grant its Motion to Intervene as a matter of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure or, in the alternative, permissively pursuant to Rule 24(b) of the Federal Rules of Civil Procedure.


Dated: May 13, 2014                  Respectfully submitted,


                                     ROBERT G. DREHER
                                     Acting Assistant Attorney General
                                     Environment & Natural Resources Division
                                     United States Department of Justice

                                         /s/  F. Patrick Barry
                                     F. PATRICK BARRY, Senior Trial Attorney
                                     DARON T. CARREIRO, Trial Attorney
                                     YOSEF M. NEGOSE, Trial Attorney
                                     Indian Resources Section
                                     Environment and Natural Resources Division
                                     United States Department of Justice
                                     P.O. Box 7611
                                     Ben Franklin Station
                                     Washington, DC 20044
                                     Phone:      (202) 305-0269
                                     Facsimile:   (202) 305-0725
                                     patrick.barry@usdoj.gov
                                     daron.carreiro@usdoj.gov
                                     yosef.negose@usdoj.gov

                                     Attorneys for Plaintiff-Intervenor
                                     UNITED STATES OF AMERICA