1  THIERRY R. MONTOYA (CA Bar No. 158400)
   tmontoya@AlvaradoSmith.com
2  DAVID J. MASUTANI (CA Bar No. 172305)
   dmasutani@alvaradosmith.com
3  ALVARADOSMITH
   A Professional Corporation
4  633 W. Fifth Street, Suite 1100
   Los Angeles, CA 90071
5  Tel: (213) 229-2400
   Fax: (213) 229-2499
6
   CATHERINE F. MUNSON (D.C. Bar No. 985717, admitted *pro hac vice*)
7  MARK REEVES (GA Bar No. 141847, admitted *pro hac vice*)
   KILPATRICK TOWNSEND & STOCKTON, LLP
8  607 14th Street, N.W.
   Washington, D.C. 20005
9  Tel: (202) 508-5800
   Fax: (202) 508-5858
10
   STEVEN C. MOORE (CO Bar No. 9863, admitted *pro hac vice*)
11 HEATHER WHITEMAN RUNS HIM (NM Bar No. 15671, admitted *pro hac vice*)
   NATIVE AMERICAN RIGHTS FUND
12 1506 Broadway
   Boulder, CO 80302
13 Tel: (303) 447-8760
   Fax: (303) 443-7776
14
   Attorneys for Plaintiff
15 Agua Caliente Band of Cahuilla Indians

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGUA CALIENTE BAND OF CAHUILLA INDIANS,<br><br>   Plaintiffs,<br><br>v.<br><br>COACHELLA VALLEY WATER DISTRICT, et al,.<br><br>   Defendant. | **CASE NO.:** ED CV 13-00883-JGB-SPX<br><br>**JUDGE:** Jesus G. Bernal<br><br>**JOINT MOTION FOR REVISED CASE MANAGEMENT & SCHEDULING ORDERS**<br><br>**Action Filed:** May 14, 2013<br>**Trial Date:** February 3, 2015 |

# JOINT MOTION FOR REVISED
# CASE MANAGEMENT & SCHEDULING ORDERS

The parties in the above-styled action hereby jointly move for and request certain modifications to their previously agreed upon case management plan and to the Court's April 24, 2014 scheduling order (Doc. 61). The parties unanimously agree that the requested modifications, which are set forth in more detail below, will streamline the litigation of this case, promote efficiency and judicial economy, and serve the interests of justice. Furthermore, the requested modifications are necessary to support the anticipated addition of the United States as a party. In support of their request, the parties show the Court as follows:

1. To date, the parties have diligently engaged in written discovery and made initial expert disclosures.

2. As the parties have proceeded with discovery, it has become clear to counsel for all parties that a trial exclusively addressing any Phase 1 issues that are not decided based on the parties' forthcoming cross-motions for summary judgment would be unnecessary, would result in needless complication of Phase 1 discovery, and would delay the progress of the litigation.

3. Accordingly, the parties believe that, should any issues remain unresolved after the Court rules on the Phase 1 summary judgment motions, those issues should be combined with any Phase 2 issues that are not resolved on motions and addressed in a single trial at the conclusion of Phase 2.

4. The parties mutually agree to preserve all rights to conduct written discovery that has been withdrawn, percipient depositions that have been withdrawn, and all expert depositions from Phase 1 in Phase 2.

5. The parties mutually agree to reserve the right to challenge the adequacy of any Phase 1 discovery responses during Phase 2 and to offer expert opinion pertaining to any additional information produced during Phase 2 as the result of such challenges and/or in response to Phase 1 discovery that has been withdrawn.

6. In addition to their requested modification of the existing case management agreement, the parties believe and agree that recent developments, in particular the United States' unopposed motion to intervene as a party plaintiff, call for modification of the existing scheduling order.

7. In particular, the parties believe that the United States' involvement in the case, assuming that the Court grants the motion to intervene, will necessitate a delay in the current briefing and trial schedule to allow the Defendants to answer the United States' Complaint in intervention and to provide time for the United States to present expert testimony and for the Defendants to offer a rebuttal expert.

8. Accordingly, the parties jointly move the Court to modify the scheduling order and to establish new discovery and briefing dates as follows:

(a) June 20, 2014 – Close of all discovery for Phase 1. The parties will respond to the following written discovery on or before June 20: (1) CVWD's Third Set of Requests for Admissions; (2) CVWD's Third Set of Requests for

Production; (3) the Tribe's Interrogatory No. 25 to DWA; and (4) the Tribe's Requests for Production Nos. 27-30 to DWA. All other outstanding written discovery and deposition notices have been withdrawn by mutual consent. No additional written discovery, percipient deposition notices or expert deposition notices will be served during Phase 1, although the parties reserve all rights to pursue the discovery that has been withdrawn in Phase 1, to challenge the adequacy of responses to Phase 1 written discovery, and to conduct expert discovery of Phase 1 experts during the Phase 2 discovery period.

(b)     August 1, 2014 – The United States, assuming that the Court has granted its motion to intervene, will disclose its principal expert(s) and make its initial disclosures for Phase 1.

(c)     September 12, 2014 – All parties will disclose their rebuttal expert(s), if any, to previously identified principal experts on Phase 1 issues.

(d)     October 21, 2014 – Filing of cross-motions for summary judgment.

(e)     November 21, 2014 – Responses to cross-motions for summary judgment due.

(f)     December 17, 2014 – Reply briefs in support of cross-motions for summary judgment due.

(g)     For the cross-motions for summary judgment, principal briefs, responses, and reply briefs shall refrain from citing expert opinion testimony from their reports or by declaration for any purpose except to authenticate documents.

9. Counsel for the parties have consulted with counsel for the United States and confirmed that the United States agrees to these proposed deadlines in the event that the Court grants the United States' motion to intervene.

10. Assuming that the Defendants' Answers to the United States' complaint do not raise any issues or defenses not previously raised in this case, and based on the parties' agreement for the close of written discovery described in paragraph 8(a) above, the parties and the United States believe that for the purposes of Phase 1 summary judgment briefing they can rely solely on existing discovery and any documents located by their experts and disclosed accordingly, and that they will not need to conduct any additional discovery prior to Phase 1 summary judgment briefing.

11. Within two weeks of the Court's ruling on the parties' cross-motions for summary judgment, counsel for all parties will confer regarding scheduling of Phase 2 discovery, trial, and briefing and/or any potential request for interlocutory appellate review.

DATED: June 11, 2014

ALVARADOSMITH, APC

KILPATRICK TOWNSEND & STOCKTON, LLP

NATIVE AMERICAN RIGHTS FUND


By:   /s/ David J. Masutani
    THIERRY R. MONTOYA
    DAVID J. MASUTANI
    Attorneys for Plaintiff
    Agua Caliente Band of Cahuilla Indians

| | | |
|---|---|---|
| 1 | DATED: June 11, 2014 | REDWINE AND SHERRILL |
| 2 | | |
| 3 | | By: /s/ Steven B. Abbott |
| 4 | | STEVEN B. ABBOTT<br>GERALD D. SHOAF<br>Attorneys for Defendants<br>Coachella Valley Water District, Franz De Klotz, Ed Pack, John Powell, Jr., Peter Nelson, and Debi Livesay, in their official capacities as members of the Board of Directors of the Coachella Valley Water District |
| 9 | DATED: June 11, 2014 | BEST BEST & KRIEGER LLP |
| 11 | | By: : /s/ Gene Tanaka |
| 12 | | RODERICK E. WALSTON<br>ARTHUR L. LITTLEWORTH<br>PIERO C. DALLARDA<br>STEVEN G. MARTIN<br>GENE TANAKA<br>Attorneys for Defendant<br>Desert Water Agency |

### Certification in Compliance with Local Rule 5-4.3.4

I hereby certify that, pursuant to Local Rule 5-4.3.4, I have obtained the authorization from the above signatories representing defendants to file the above-referenced document, and that the above signatories concur in the filing's content.

| | | |
|---|---|---|
| DATED: June 11, 2014 | | ALVARADOSMITH, APC |
| | | KILPATRICK TOWNSEND & STOCKTON, LLP |
| | | NATIVE AMERICAN RIGHTS FUND |
| | | By: /s/ David J. Masutani |
| | | THIERRY R. MONTOYA<br>DAVID J. MASUTANI<br>Attorneys for Plaintiff<br>Agua Caliente Band of Cahuilla Indians |