UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 13-00883 JGB (SPx)** | Date | June 19, 2014 |
|---|---|---|---|
| Title | *Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water District, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) GRANTING Intervenor United States' Motion to Intervene (Doc. No. 62) (IN CHAMBERS)

　　　Before the Court is Intervenor United States of America's Motion to Intervene. (Doc. No. 62.) The Court finds this matter suitable for resolution without a hearing pursuant to Local Rule 7-15. After considering the papers timely filed by the United States, the Court GRANTS the Motion.

## I.  BACKGROUND

　　　On May 14, 2013, Plaintiff Agua Caliente Band of Cahuilla Indians ("Plaintiff") filed a complaint against Defendants Coachella Valley Water District ("CVWD"), Franz De Klotz, Ed Pack, John Powell, Jr., Peter Nelson, and Debi Livesay, Desert Water Agency ("DWA"), Patricia G. Oygar, Thomas Kieley III, James Cioffi, Craig A. Ewing, and Joseph K. Stuart (collectively, "Defendants"). (Compl., Doc. No. 1.) Plaintiff seeks to have the Court declare and quantify its federally reserved rights to groundwater in the Coachella Valley and enjoin Defendants from overdrafting the Upper Whitewater and Garnet Hill sub-basins of the Coachella Valley Groundwater Basin aquifer or otherwise interfering with Plaintiff's rights to the groundwater. (Compl. ¶ 3.)

　　　On May 13, 2014, the United States of America filed a motion for leave to intervene. ("Motion," Doc. No. 62.) No party opposed the Motion. Defendants filed Notices of Non-opposition to the Motion on May 23, 2014. (Doc. Nos. 63, 64.) On June 12, 2014, Plaintiff filed a Notice of Support of the Motion. (Doc. No. 67.)

## II.  LEGAL STANDARD[1]

Federal Rule of Civil Procedure 24(a) provides:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> > (1) is given an unconditional right to intervene by a federal statute; or
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).  In order to intervene pursuant to Rule 24(a)(2), the proposed intervenor must show that:

> (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.

Prete v. Bradbury, 438 F.3d 949, 954 (9th Cir. 2006) (citation and internal quotation marks omitted).  The proposed intervenor has the burden of establishing these elements, but courts interpret the elements broadly in favor of intervention.  See id.

## III.  DISCUSSION

The United States argues that argues under Rule 24(a)(2) it has a right to intervene because it holds the title to the water rights at issue in a trust for Plaintiff and, therefore, it has a significant interest in its own right and as trustee, in protecting Plaintiff's water rights.  (Motion at 1.)  As discussed below, the United States has satisfied the four requirements for intervention and is granted leave to intervene in this action.

### A. Timeliness

The Court must consider the following three factors in determining the timeliness of a motion to intervene: "'(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'"  League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997) (quoting County of Orange v. Air California, 799 F.2d 535, 537 (9th Cir. 1986)).  The United States moves to intervene at an early stage of the proceedings.  No Defendant has answered the complaint and no

---

[1] Unless otherwise noted, all mentions of "Rule" refer to the Federal Rules of Civil Procedure.

dispositive motions have been filed.  Additionally, no party has identified any prejudice from the United States' intervention in this action.

### B. Protectable Interest and Disposition of the Action

As the trustee to Plaintiff's water rights at issue in this action, the United States has a significant protectable interest at the center of this action.  Furthermore, courts have recognized that the United States has a governmental interest in protecting tribal trust property.  See Cramer v. U.S., 261 U.S. 219, 231 (1923).  Disposition of the action may affect the United States' ownership, trust, and governmental interests in the water rights and Agua Caliente Reservation.  Accordingly, the United States is a proper intervenor in this action.

### C. Parties' Failure to Protect Interest

Finally, the Court finds that the existing parties to this action will not adequately protect the United States' interests.  While Plaintiff and the United States may share interests in this litigation, the Court agrees that the United States' rights are not properly protected because it holds the legal title to the rights at issue and, in order to protect its interest as trustee, the United States' interests may diverge from the immediate interests of the Tribe.

Since the United States has satisfied the requirements for intervention under Rule 24(a)(2) and no party opposed the Motion, the Court finds that intervention is appropriate.  Cf. U.S. Bank Nat. Ass'n v. Friedrichs, 12CV2373-GPC KSC, 2013 WL 589111, at *2 (S.D. Cal. Feb. 13, 2013) ("Accordingly, since Plaintiff does not oppose the motion to intervene and Albert Zappia claims an ownership interest in the property, the Court grants Albert Zappia's Motion to Intervene as a defendant.").

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the United States' Motion to Intervene.  The United States shall file its complaint in intervention within 7 days of this Order.

**IT IS SO ORDERED.**