RODERICK E. WALSTON (Bar No. 32675)
roderick.walston@bbklaw.com
GENE TANAKA (Bar No. 101423)
gene.tanaka@bbklaw.com
STEVEN G. MARTIN (Bar No. 263394)
steven.martin@bbklaw.com
BEST BEST & KRIEGER LLP
2001 N. Main Street, Suite 390
Walnut Creek, California 94596
Telephone: (925) 977-3300
Facsimile: (925) 977-1870

ARTHUR L. LITTLEWORTH (Bar No. 22041)
arthur.littleworth@bbklaw.com
PIERO C. DALLARDA (Bar No. 181497)
piero.dallarda@bbklaw.com
BEST BEST & KRIEGER LLP
3390 University Avenue, Fifth Floor
P.O. Box 1028
Riverside, California 92502
Telephone:  (951) 686-1450
Facsimile:  (951) 686-3083

Attorneys for Defendant
DESERT WATER AGENCY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| AGUA CALIENTE BAND OF CAHUILLA INDIANS,<br><br>Plaintiff,<br><br>v.<br><br>COACHELLA VALLEY WATER DISTRICT, et al.,<br><br>Defendants. | Case No. CV 13-00883-JGB (SPx)<br>Judge:     Hon. Jesus G. Bernal<br><br>**ANSWER OF DEFENDANTS DESERT WATER AGENCY, *ET AL*., TO PLAINTIFF-INTERVENOR UNITED STATES' COMPLAINT IN INTERVENTION**<br><br>Action Filed:   May 14, 2014<br>Trial Date:      Feb. 3, 2015 |

# ANSWER TO UNITED STATES' COMPLAINT IN INTERVENTION

Defendants DESERT WATER AGENCY, PATRICIA G. OYGAR, THOMAS KIELEY, III, JAMES CIOFFI, CRAIG A. EWING, and JOSEPH K. STUART, in their official capacities as members of the Board of Directors of defendant DESERT WATER AGENCY (hereinafter collectively referred to as "DWA"), provide this answer to Plaintiff-Intervenor United States' Complaint in Intervention.

As used in this Answer, the term "Tribe" refers to plaintiff Agua Caliente Band of Cahuilla Indians; the term "allottees" refers to persons who have received individual allotments on the Tribe's reservation; the term "Basin" refers to the Coachella Valley Groundwater Basin; and the term "CVWD" refers to the Coachella Valley Water District.

The paragraph numbers in this Answer correspond to the paragraph numbers in the Complaint.

## JURISDICTION AND VENUE

1. DWA admits that this Court has jurisdiction over the subject matter of this action.

2. DWA admits that venue is appropriate in this court.

## NATURE OF THE ACTION

3. DWA admits the allegations in the first sentence of Paragraph 3, and denies all remaining allegations of Paragraph 3.

4. DWA denies the allegations in Paragraph 4.

5. DWA admits that the United States makes the allegations and seeks

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 N. MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

the relief described in Paragraph 5, and denies the remaining allegations of Paragraph 5.

## PARTIES

6. DWA admits that the Tribe is a federally recognized Indian tribe. DWA has no information or belief concerning the remaining allegations of Paragraph 6, and on that basis denies said allegations.

7. DWA admits that the United States established the Tribe's reservation by executive orders. DWA denies the remaining allegations of Paragraph 7.

8. DWA has no information or belief concerning the allegations in Paragraph 8, and on that basis denies said allegations.

9. DWA has no information or belief concerning the allegations in Paragraph 9, and on that basis denies said allegations.

10. DWA admits the allegations in the first two sentences in Paragraph 10, and denies the remaining allegations in Paragraph 10.

11. DWA admits that the defendants mentioned in Paragraph 11 were members of the DWA Board of Directors at the time that the instant action was filed by the Tribe. However, Thomas Kieley, III is no longer a member of the Board of Directors, and has replaced by Richard Oberhaus, who is now a member of the Board of Directors. DWA admits that the members of the DWA Board of Directors are charged with establishing DWA policy and directing DWA activities, including pumping and extraction of groundwater from the Coachella Valley Groundwater Basin aquifer, and that they are sued in their official capacities as members of the DWA Board of Directors. DWA denies the remaining allegations of Paragraph 11.

## FACTUAL BACKGROUND

12. DWA admits that the Tribe's reservation was created by the executive orders of 1876 and 1877. DWA has no information or belief concerning the remaining allegations of Paragraph 12, and on that basis denies said allegations.

13. DWA has no information or belief concerning the allegations in Paragraph 13, and on that basis denies said allegations.

14. DWA has no information or belief concerning the allegations in Paragraph 14, and on that basis denies said allegations.

15. DWA has no information or belief concerning the allegations in Paragraph 15, and on that basis denies said allegations.

16. DWA admits that in some years outflows from the Basin have exceeded inflows, and alleges that in some years inflows to the Basin have exceeded outflows. DWA has no information or belief concerning the remaining allegations in Paragraph 16, and on that basis denies said allegations.

17. DWA admits that in some years overdraft has resulted in the loss of groundwater in the Basin, and alleges that in some years inflows have resulted in an increase in groundwater in the Basin. DWA has no information or belief concerning the remaining allegations in Paragraph 17, and on that basis denies said allegations.

18. DWA admits that CVWD made the statements alleged in Paragraph 18. DWA has no information or belief concerning the remaining allegations in Paragraph 18, and on that basis denies said allegations.

19. DWA admits that population and development in the Coachella Valley have increased and are projected to increase in the future. DWA has no information or belief concerning the remaining allegations in Paragraph 19, and on that basis denies said allegations.

20. DWA has no information or belief concerning the allegations in Paragraph 20, and on that basis denies said allegations.

21. DWA has no information or belief concerning the allegations in the first sentence of Paragraph 21, and on that basis denies said allegations. DWA denies the remaining allegations of Paragraph 21.

## COUNT I

22. DWA's answers to the allegations in Paragraphs 1-21 are incorporated herein by reference.

23. DWA admits that the Tribe's reservation was created by the executive orders of 1876 and 1877. DWA denies the remaining allegations in Paragraph 23.

24. DWA admits that an actual controversy exists between the Defendants, on the one hand, and the Tribe and the United States, on the other, with respect to the United States' claim that it has reserved water rights for the Tribe. DWA denies the remaining allegations in Paragraph 23.

25. DWA denies the allegations in Paragraph 25.

## COUNT II

26. DWA's answers to the allegations in Paragraphs 1-25 are incorporated herein by reference.

27. DWA admits that the Tribe's reservation was created by the executive orders of 1876 and 1877. DWA denies the remaining allegations in Paragraph 27.

28. DWA denies the allegations in Paragraph 28.
LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 N. MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Valid Claim)

The United States' Complaint, and each claim therein, fails to state a claim on which relief can be granted, and therefore the Complaint must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

## SECOND AFFIRMATIVE DEFENSE

### (United States Does Not Have Reserved Water Right Held In Trust For Tribe And Allottees)

The United States does not have a federal reserved right in the groundwater of the Coachella Valley Groundwater Basin, or a federal reserved right in the Whitewater River and its tributaries, that are held in trust for the Tribe or the allottees. Therefore, the United States' Complaint fails to state a claim on which relief can be granted, and must be dismissed under Rule 12(b)(6) of the FRCP.

## THIRD AFFIRMATIVE DEFENSE

### (Aboriginal Rights)

The Tribe does not have an "aboriginal" right in the groundwater of the Coachella Valley Groundwater Basin, with a priority date that precedes the date that the Tribe's reservation was created by presidential executive orders of 1876 and 1877. Any claim by the United States or the Tribe that the Tribe has such an "aboriginal" right was extinguished by the decision of the Board of Land Commissioners, acting pursuant to the claims procedure established by Congress in 1851, 9 Stat. 631 (1851), which held that the Mission Indians of California do not

have the right of "permanent occupancy" of their lands. *Barker v. Harvey*, 181 U.S. 481 (1901). The Mission Indians of California received compensation for their claim of "permanent occupancy" in a decision issued by Indian Claims Commission. *Thompson, et al., v. United States*, 13 Ind. Cl. Comm. 369, 385-386 (1964). To the extent that the United States' Complaint alleges that the Tribe has an aboriginal right with a priority date that precedes the date that of the reservation's creation, the Complaint fails to state a claim upon which relief can be granted, and must be dismissed under Rule 12(b)(6) of the FRCP.

**FOURTH AFFIRMATIVE DEFENSE**

**(United States' Claimed Reserved Right Not "Necessary" To Fulfill Reservation Purpose)**

The United States and the Tribe, as overlying landowners of the Tribe's reservation, have the right to use groundwater of the Coachella Valley Groundwater Basin under California law, to the extent necessary to meet the needs of the Tribe's reservation. Therefore, the United States' claimed reserved right in the groundwater is not "necessary" to accomplish the reservation purpose, and the United States does not have a reserved right in the groundwater under federal law. *Cappaert v. United States,* 426 U.S. 128, 138 (1976); *United States v. New Mexico*, 438 U.S. 696, 700, 702 (1978). The United States' claimed reserved right in groundwater conflicts with California law, which—coupled with the fact that the United States has the right to use groundwater under California law—defeats any "implication" that the United States has a reserved water right in the groundwater under federal law.

## FIFTH AFFIRMATIVE DEFENSE
### (Res Judicata and Collateral Estoppel)

On December 9, 1938, the Superior Court for Riverside County issued a final decree ("Decree") adjudicating all water rights in the Whitewater River and its tributaries, including any and all water rights of the United States held in trust for the Tribe and the allottees. Under the doctrines of res judicata and collateral estoppel, the United States, the Tribe and the allottees are bound by the Decree's adjudication of water rights in the Whitewater River and its tributaries. Therefore, the United States cannot seek to establish a federal reserved water right that is held in trust for the Tribe or the allottees—including a federal reserved water right in the groundwater underlying the Whitewater River and its tributaries—that exceeds the rights granted in the Decree. To the extent that the United States' Complaint alleges otherwise, the Complaint fails to state a claim upon which relief can be granted, and must be dismissed under Rule 12(b)(6) of the FRCP.

## SIXTH AFFIRMATIVE DEFENSE
### (Paramount Rights of Defendant Water Agencies to Imported Water)

Under California law, defendants DWA and CVWD have paramount rights and interests in Colorado River water that they import into the Coachella Valley Groundwater Basin in order to augment groundwater supplies and provide water supplies for their customers. *City of Los Angeles v. City of Glendale*, 23 Cal.2d 68 (1943). Therefore, the United States does not possess, on behalf of itself or the Tribe or the allottees, any rights and interests in the imported Colorado River water. To the extent that the United States' Complaint alleges otherwise, the Complaint fails to state a claim upon which relief can be granted, and must be dismissed under Rule 12(b)(6) of the FRCP.

## SEVENTH AFFIRMATIVE DEFENSE

**(Laches)**

The United States has never previously attempted to establish a federal reserved water right, on behalf of itself or in trust for the Tribe or the allottees, in the groundwater of the Coachella Valley Groundwater Basin. Many public agencies and private water users have acquired rights in the groundwater under the laws of California, and the rights of such agencies and users would be jeopardized by recognition of the United States' alleged reserved right in the groundwater. The United States' claim that it has a reserved right in the groundwater that is held in trust for the Tribe and the allottees is thus barred by the doctrine of laches. Therefore, the United States' Complaint fails to state a claim upon which relief can be granted, and must be dismissed under Rule 12(b)(6) of the FRCP.

## EIGHTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

The United States, the Tribe and the allottees have benefitted from DWA's and CVWD's importation of Colorado River water into the Coachella Valley Groundwater Basin, because the Tribe and the allottees have obtained their water supplies by purchasing such supplies from DWA and CVWD, which DWA and CVWD obtained by importation of the Colorado River water. Therefore, the United States has unclean hands in alleging that DWA and CVWD are violating the Tribe's and the allottees' alleged reserved water rights, and the United States' Complaint must be dismissed under Rule 12(b)(6) of the FRCP.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 N. MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

01358.00008\9066872.1 - 8 - DWA ANSWER TO U.S. COMPLAINT IN INTERVENTION
13-CV-00883-JGB (SPx)

# NINTH AFFIRMATIVE DEFENSE

### (Balancing of Equities)

DWA and CVWD have the right to beneficial use of the groundwater in the Upper Whitewater and Garnet Hill Sub-Basins under the laws of California, and DWA's and CVWD's exercise of their rights is consistent with beneficial use of water under California law. DWA and CVWD are required under California law to provide water supplies to entities and persons who reside in their service areas, and DWA's and CVWD's importation of Colorado River water supplies into the Coachella Valley Groundwater Basin is in fulfillment of their statutory duties. In importing the Colorado River water supplies into the Basin, DWA and CVWD are recharging the Basin in an attempt to eliminate or at least reduce the overdraft condition of the Basin. The lands overlying the groundwater basin are burdened with a public servitude, and DWA and CVWD are required under their organic acts to provide for the maximum beneficial use of the groundwater. By contrast, the United States and the Tribe have not attempted to extract groundwater from the Upper Whitewater and Garnet Hill Sub-Basins, at least to any significant degree, and have not been prevented from extracting the groundwater by any actions taken directly or indirectly by DWA and CVWD. The United States and the Tribe have the right under California law, as an overlying landowner of the Coachella Valley Groundwater Basin, to reasonable use of the groundwater, subject to reasonable use by other overlying landowners. Therefore, the balance of equities weighs in favor of DWA and CVWD rather than in favor of the United States and the Tribe. Accordingly, the United States is not entitled to injunctive or declaratory relief.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Name Indispensable Parties)

The United States' Complaint fails to join "required" parties, as required by Rule 19(a) of the Federal Rules of Civil Procedure ("FRCP"), by failing to join entities and persons other than defendants DWA and CVWD who extract groundwater under California law from the Coachella Valley Groundwater Basin, and whose rights to extract groundwater would be directly affected by quantification of the United States' claimed reserved water right. Since the United States' Complaint fails to join "required" parties as required by Rule 19(a) of the FRCP, the United States' Complaint must be dismissed under Rule 12(b)(7) of the FRCP.

## PRAYER FOR RELIEF

For the foregoing reasons, DWA prays for relief as follows:

(1) That the United States take nothing by reason of its Complaint, and that judgment be entered in favor of the defendant;

(2) That DWA be awarded its costs of suit incurred in defense of this action; and

(3) That the court award such further relief as may be appropriate and proper.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

| | | |
|---|---|---|
| 1 | Dated: July 16, 2014 | BEST BEST & KRIEGER LLP |
| 2 | | |
| 3 | | By: /s/ *Roderick E. Walston* |
| 4 | | RODERICK E. WALSTON<br>ARTHUR L. LITTLEWORTH |
| 5 | | GENE TANAKA<br>PIERO C. DALLARDA |
| 6 | | STEVEN G. MARTIN<br>Attorneys for Defendants |
| 7 | | DESERT WATER AGENCY, *et al.* |

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 N. MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

01358.00008\9066872.1 - 11 - DWA ANSWER TO U.S. COMPLAINT IN INTERVENTION
13-CV-00883-JGB (SPx)

# **PROOF OF SERVICE**

At the time of service I was over 18 years of age and not a party to this action. My business address is Best Best & Krieger LLP, 2001 N. Main Street, Suite 390, Walnut Creek, California 94596. On July 16, 2014, I served the following document(s):

**ANSWER OF DEFENDANTS DESERT WATER AGENCY, *ET AL.,* TO PLAINTIFF-INTERVENOR UNITED STATES' COMPLAINT IN INTERVENTION**

by transmitting via electronic transmission to the person(s) at the e-mail address(es) set forth below by way of filing the document(s) with the U.S. District Court, Central District of California. Federal Rule of Civil Procedure § 5(b)(2)(E)

| | |
|---|---|
| Catherine F. Munson, Esq.<br>Kilpatrick Townsend & Stockton LLP<br>607 Fourteenth Street NW, Suite 900<br>Washington, DC 20005<br><br>Tel: (202)-508-5844<br>Fax: (202) 585-0007<br>cmunson@kilpatricktownsend.com<br>kharper@kilpatricktownsend.com | Pro Hac Vice Attorneys for Plaintiff Agua Caliente Band of Cahuilla Indians |
| Thierry R. Montoya<br>David J. Masutani<br>AlvaradoSmith, APC<br>633 W. Fifth Street<br>Suite 1100<br>Los Angeles, CA 90071<br><br>Tel: (213) 229-2400<br>Fax: (213) 229-2499<br>dmasutani@alvaradosmith.com | Attorneys for Plaintiff Agua Caliente Band of Cahuilla Indians |
| Heather Whiteman Runs Him, Esq.<br>Steven C. Moore, Esq.<br>Native American Rights Fund<br>1506 Broadway<br>Boulder, CO 80302<br><br>Tel: (303) 447-8760<br>Fax: (303) 442-7776<br>heatherw@narf.org<br>smoore@narf.org | Pro Hac Vice Attorneys for Plaintiff Agua Caliente Band of Cahuilla Indians |
| Mark H. Reeves, Esq.<br>Kilpatrick Townsend & Stockton LLP<br>699 Broad Street, Suite 1400 | Pro Hac Vice Attorneys for Plaintiff Agua Caliente Band of Cahuilla Indians |

| | | |
|---|---|---|
| 1 | Augusta, GA 30901 | |
| 2 | Tel: (706) 823-4206<br>Fax: (706) 828-4488 | |
| 3 | mreeves@kilpatricktownsend.com | |
| 4 | | |
| 5 | Gerald D. Shoaf, Esq.<br>Steven B Abbott, Esq. | Attorney for Defendants<br>Coachella Valley Water District, |
| 6 | Redwine & Sherrill<br>1950 Market Street | Franz De Klotz, Ed Pack, John<br>Powell, Jr., Peter Nelson, Debi |
| 7 | Riverside, CA 92501-1704 | Livesay |
| 8 | Tel: 951-684-2520<br>Fax: 951-684-9583 | |
| 9 | sabbott@redwineandsherrill.com<br>gshoaf@redwineandsherrill.com | |

Executed on July 16, 2014, at Walnut Creek, California.

*/s/ Monica Brozowski*
Monica Brozowski

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 N. MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

01358.00008\9066872.1 - 2 - DWA ANSWER TO U.S. COMPLAINT IN
INTERVENTION
13-CV-00883-JGB (SPx)