STEVEN B. ABBOTT (SBN 125270)
sabbott@redwineandsherrill.com
GERALD D. SHOAF (SBN 41084)
gshoaf@redwineandhserrill.com
JULIANNA K. STRONG (SBN 180552)
jstrong@redwineandsherrill.com
REDWINE AND SHERRILL
ATTORNEYS AT LAW
1950 MARKET STREET
RIVERSIDE, CA 92501
PHONE (951) 684-2520
FACSIMILE (951) 684-9583

Attorneys for Defendants,
COACHELLA VALLEY WATER DISTRICT, FRANZ DE KLOTZ, ED PACK, JOHN POWELL, JR., PETER NELSON, and DEBI LIVESAY, in their official capacities as members of the Board of Directors of the COACHELLA VALLEY WATER DISTRICT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| AGUA CALIENTE BAND OF CAHUILLA INDIANS,<br><br>　　　　　Plaintiff,<br>　　and<br><br>UNITED STATES OF AMERICA,<br>　　　　　Plaintiff-Intervenor,<br><br>　　vs.<br><br>COACHELLA VALLEY WATER DISTRICT, et al.<br>　　　　　Defendants. | CASE NO.:  ED CV 13-00883 JGB-(SPx)<br><br>ANSWER OF COACHELLA VALLEY WATER DISTRICT, FRANZ DE KLOTZ, ED PACK, JOHN POWELL, JR., PETER NELSON, and DEBI LIVESAY, in their official capacities as members of the Board of Directors of the COACHELLA VALLEY WATER DISTRICT TO UNITED STATES' COMPLAINT-IN-INTERVENTION |

Defendants COACHELLA VALLEY WATER DISTRICT ("CVWD"), FRANZ DE KLOTZ, ED PACK, JOHN POWELL, JR., PETER NELSON, and DEBI LIVESAY, in their official capacities as members of the Board of Directors of the COACHELLA VALLEY WATER DISTRICT, (collectively "Defendants") for themselves and no others, answer Plaintiff-Intervenor United States Complaint in Intervention (Doc. 71), and admit, deny and allege as follows:

1. In answer to Paragraph 1, Defendants admit the Court has jurisdiction over the claims in the Complaint in Intervention pursuant to 28 U.S.C §§ 1331 and 1345 and deny that the Court has jurisdiction over the claims in the Complaint in Intervention pursuant to 28 U.S.C. §1362.

2. In answer to Paragraph 2, Defendants admit that venue in this Court is appropriate under 28 U.S.C. §1391(b).

3. In answer to Paragraph 3, Defendants deny each and every allegation of Paragraph 3.

4. In answer to Paragraph 4, Defendants deny each and every allegation of Paragraph 4.

5. In answer to Paragraph 5, Defendants deny each and every allegation of Paragraph 5.

6. In answer to Paragraph 6, Defendants admit that Plaintiff Agua Caliente Band of Cahuilla Indians is a federally recognized Indian Tribe.  Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 6, and on that basis, deny each and every allegation of Paragraph 6.

7. In answer to Paragraph 7, Paragraph 7 alleges legal conclusions to which no answer is required. To the extent an answer is required, defendants deny each and every allegation of Paragraph 7.

8. In answer to Paragraph 8, Defendants admit the allegations of paragraph 8.

9. In answer to Paragraph 9, Defendants admit that Defendants Franz De Klotz, Ed Pack, John Powell, Jr., Peter Nelson and Debi Livesay are members of the Board of Directors of Defendant CVWD and that they are sued solely in their official capacities as directors of CVWD. Except as expressly admitted, Defendants deny each and every allegation of Paragraph 9.

10. In answer to Paragraph 10, Defendants admit the allegations of Paragraph 10.

11. In answer to Paragraph 11, Defendants admit that Patricia G. Oygar, James Cioffi, Craig A. Ewing, and Joseph K. Stuart are members of the Board of Directors of Defendant DWA and that they are sued solely in their official capacities as directors of DWA. Except as expressly admitted, Defendants deny each and every allegation of Paragraph 11.

12. In answer to Paragraph 12, Defendants admit the allegations of the third and fourth sentences of Paragraph 12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the fifth sentence of

Paragraph 12, and on that basis, deny each and every allegation of the fifth sentence of Paragraph 12.  Except as expressly admitted or denied herein, Defendants deny each and every allegation of Paragraph 12.

13. In answer to Paragraph 13, Defendants deny each and every allegation of Paragraph 13.

14. In answer to Paragraph 14, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and on that basis, deny each and every allegation of Paragraph 14.

15. In answer to Paragraph 15, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and on that basis, deny each and every allegation of Paragraph 15.

16. In answer to Paragraph 16, Defendants admit the allegations of Paragraph 16.

17. In answer to Paragraph 17, Defendants admit the allegations of Paragraph 17.

18. In answer to Paragraph 18, Defendants admit the allegations of Paragraph 18.

19. In answer to Paragraph 19, Defendants admit that increases in population and development have occurred in the Coachella Valley in recent decades. Except as expressly admitted, Defendants are without knowledge or information sufficient to form a

/ / / /

belief as to the truth of the allegations of Paragraph 19, and on that basis, deny each and every allegation of Paragraph 19.

20. In answer to Paragraph 20, Defendants admit that the Tribe and individual Allotees have established a home in the Coachella Valley that includes housing, government offices, and cultural and commercial enterprises. Except as expressly admitted, Defendants deny each and every allegation of Paragraph 20.

21. In answer to Paragraph 21, Defendants deny each and every allegation of Paragraph 21.

22. In answer to Paragraph 22, Defendants incorporate the preceding responses to Paragraph 1 through 21 of the Complaint in Intervention as if fully set forth herein.

23. In answer to Paragraph 23, Paragraph 23 alleges legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation of Paragraph 23.

24. In answer to Paragraph 24, Paragraph 24 alleges legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation of Paragraph 24.

25. In answer to Paragraph 25, Paragraph 25 alleges legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation of Paragraph 25.

26. In answer to Paragraph 26, Defendants incorporate the preceding responses to Paragraph 1 through 25 of the Complaint in Intervention as if fully set forth herein.

27. In answer to Paragraph 27, Paragraph 27 alleges legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation of Paragraph 27.

28. In answer to Paragraph 28, Defendants deny each and every allegation of Paragraph 28.

AS SEPARATE AND DISTINCT AFFIRMATIVE DEFENSES, DEFENDANTS ALLEGE:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint in Intervention and each claim therein fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (No Reserved Water Rights in Groundwater)

The Tribe and the United States do not have a reserved water right in the groundwater of the Upper Portion of the Whitewater River Subbasin and the Garnet Hill Subbasin, or in any other subbasin in the Coachella Valley. The reserved rights doctrine, on which the United States and the Tribe's claim to the groundwater is based, does not extend to groundwater. Therefore, the Complaint in Intervention fails to state a claim

////

upon which relief can be granted, and must be dismissed under Rule 12(b) (6) of the Federal Rules of Civil Procedure ("F.R.C.P.").

### THIRD AFFIRMATIVE DEFENSE

### (No "Aboriginal" Rights With "Time Immemorial" Priority Date)

The Tribe does not have "aboriginal" rights in the groundwater with a "time immemorial" priority date. The Tribe's claim to "aboriginal" rights with a "time immemorial" priority date is inconsistent with the federal reserved rights doctrine. Any claim by the Tribe to "aboriginal" rights with a "time immemorial" priority date was extinguished by a decision of the Board of Land Commissioners, acting pursuant to the claims procedure established by Congress in 1851, as a result of which the Mission Indians of California (which included the Plaintiff Tribe) do not have the right of "permanent occupancy" of the lands. 9 Stat. 631 (1851); *Barker v. Harvey*, 181 U.S. 481 (1901). The Mission Indians of California (including the Plaintiff Tribe) received compensation for their "permanent occupancy" claim in a decision issued by Indian Claims Commission. *Thompson, et al., v. United States*, 13 Ind. Cl. Comm. 369, 385-386 (1964). To the extent that the Complaint in Intervention alleges rights with a "time immemorial" priority date, the Complaint in Intervention fails to state a claim upon which relief can be granted, and must be dismissed under Rule 12(b)(6) of the F.R.C.P.

/ / / /

/ / / /

# FOURTH AFFIRMATIVE DEFENSE

## (Any Water Rights Are Limited in Scope and Purpose)

Assuming *arguendo* that the Tribe and the United States have a reserved water right in groundwater under federal law, the reserved right would be limited in purpose and in quantity by the standards adopted by the United States Supreme Court in *Arizona v. California*, 373 U.S. 546, 600 (1963) and *United States v. New Mexico*, 438 U.S. 696 (1978). Any right to groundwater would not extend or apply to the Tribe's Spa Resort Casino and Hotel, and other commercial properties open to the public, served by DWA pursuant to DWA's own water rights or to other commercial properties and developments served by CVWD pursuant to CVWD's water rights. To the extent that the Complaint in Intervention alleges otherwise, the Complaint fails to state a claim upon which relief can be granted, and must be dismissed under Rule 12(b)(6) of the F.R.C.P.

# FIFTH AFFIRMATIVE DEFENSE

## (Water Rights Do Not Extend To Water Quality)

Assuming *arguendo* that the Tribe and the United States have a reserved water right in groundwater under federal law, they do not have a reserved right to water of a certain quality. The reserved rights doctrine, on which their reserved rights claim is based, does not provide for the reservation of water of a certain quality. To the extent that the Complaint in Intervention alleges otherwise, the Complaint fails to state a claim

upon which relief can be granted, and must be dismissed under Rule 12(b)(6) of the F.R.C.P.

## SIXTH AFFIRMATIVE DEFENSE

### (No "Ownership" of Pore Space)

Assuming *arguendo* that the Tribe and the United States have a reserved water right in groundwater under federal law, that right does not extend to "ownership" of pore space in any aquifer underlying the Coachella Valley. The storage space in a groundwater basin is a "public resource" available to all who have the right to use the groundwater, and no one has "ownership" of the public resource. *Central and West Basin Water Replenishment Dist. v. Southern California Water Co.*, 109 Cal.App.4th 891 (2003).

## SEVENTH AFFIRMATIVE DEFENSE

### (Water Rights of CVWD and DWA)

In 1918, CVWD was formed to protect the water resources of the region. CVWD initiated a statutory stream adjudication of the Whitewater River, in which the United States appeared and was decreed certain water rights for certain lands in the reservation. Paragraph 10 of the Judgment and Decree entered by the Superior Court of the State of California in and for the County of Riverside in the matter entitled "IN THE MATTER OF THE RELATIVE RIGHTS, BASED ON PRIOR APPROPRIATION, OF THE

VARIOUS CLAIMANTS TO THE WATERS OF THE WHITEWATER RIVER AND ITS TRIBUTARIES, IN SAN BERNARDINO AND RIVERSIDE COUNTIES, CALIFORNIA," Case No. 18035, decreed to CVWD a right to divert 80,000 acre feet per year from the Whitewater River with a priority dated of October 25, 1918, for recharge and storage in the groundwater basin for later withdrawal and use by the inhabitants of the Coachella Valley. Paragraph Eleven of said Judgment and Decree awarded CVWD an additional 20,000 acre feet per year from the Whitewater River, 8,000 acre feet per year from Snow Creek, 2,000 acre feet per year from Falls Creek, 5,000 acre feet per year from Tahquitz Creek, 1,000 acre feet per year from Andreas Creek, 1,000 acre feet per year from Murray Creek, and 2,000 acre feet per year from Palm Canyon Creek, all with a priority date of July 8, 1922, for the same purposes as set forth in Paragraph 10. CVWD's decreed rights for diversions from the Whitewater River represent the right to any waters remaining in the Whitewater River after diversions pursuant to all other decreed rights. CVWD diverts the natural flow of the Whitewater River pursuant to said decreed rights and spreads the same to replenish the groundwater basin in spreading basins constructed adjacent to the Whitewater River near Windy Point. CVWD has a prior and paramount right to recapture all water so diverted and stored. Any production of such water is therefore without any injury to any right of the Tribe, its members or the United States.

    CVWD and DWA have the paramount rights and interests in Colorado River water that they import into the Coachella Valley and recharge into the groundwater subbasins

therein in order to provide water supplies for their customers, including the paramount right to recapture all such water so imported and recharged. *City of Los Angeles v. City of Glendale*, 23 Cal.2d 68 (1943). Therefore, the Tribe and the United States do not have any rights or interests in the imported Colorado River water. Any production of such water is therefore without any injury to any right of the Tribe, its members, or the United States.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Name Required and Indispensable Parties)

In addition to the domestic water wells operated by CVWD and DWA for the benefit of the inhabitants of the Coachella Valley, including the Tribe and its members, there are several hundred wells producing groundwater from the Whitewater River Subbasin and hydraulically connected subbasins, including the Mission Creek Subbasin and Garnet Hill Subbasin, that are operated by municipalities, golf courses, farmers, individuals and other entities. These producers are necessary and indispensable parties to this action because recharge by CVWD and DWA and groundwater production by those producers affects the supply of water to other producers in these subbasins. Owners of lands overlying the Whitewater River Subbasin and hydraulically connected subbasins, including the Mission Creek and Garnet Hill subbasins may also claim rights to produce groundwater. These overlying landowners are necessary and indispensable parties to this

action because production under the claimed overlying rights would affect the supply of water to all producers in those subbasins.

## NINTH AFFIRMATIVE DEFENSE

## (United States Cannot Assert Water Rights Claims on Behalf of Owners of Allotted Land Patented in Fee)

A substantial portion of the lands of the Agua Caliente Indian Reservation has been allotted in severalty to enrolled members of the Tribe and to non-members of the Tribe pursuant to various acts of Congress, including the General Allotment Act of February 8, 1887, 24 Stat. 388, and acts amendatory thereto, the Act of January 12, 1891, 26 Stat. 712, the Act of June 25, 1910, 36 Stat. 859, the Act of March 2, 1917, 39 Stat. 969, 976, and the Agua Caliente Equalization Act of 1959, Pub. L. 86-339, 73 Stat. 602, 25 U.S.C. § 951 et seq. The United States has no legal or equitable interest in the allotted lands that have been patented in fee, including any water rights appurtenant to those allotted lands. The United States therefore lacks standing to bring any claims regarding those allotted lands, including any appurtenant water rights or any other rights or interests in those allotted lands. To the extent that the United States may have standing to assert claims for water rights for those allotted lands, any water rights of any non-Indian allottees or owners of those lands have been lost by nonuse.

/ / / /

/ / / /

## TENTH AFFIRMATIVE DEFENSE

### (Res Adjudicata and Collateral Estoppel)

The Complaint in Intervention and each claim therein is barred in whole or in part by the judgment and decree entered by the Superior Court of the State of California in and for the County of Riverside on December 9, 1938 in the matter entitled "IN THE MATTER OF THE DETERMINATION OF THE RELATIVE RIGHTS, BASED UPON PRIOR APPROPRIATION, OF THE VARIOUS CLAIMANTS TO THE WATER OF WHITEWATER RIVER AND ITS TRIBUTARIES, IN SAN BERNARDINO AND RIVERSIDE COUNTIES, CALIFORNIA," No. 18035, adjudicating all water rights in the Whitewater River and its tributaries. The United States of America as trustee and legal owner of the trust and restricted lands of the Agua Caliente Indian Reservation voluntarily appeared and sought affirmative relief therein as a party, and Plaintiff in Intervention is therefore bound by said judgment and cannot seek to establish water rights in the adjudicated waters greater than those adjudicated in that judgment and decree.

## ELEVENTH AFFIRMATIVE DEFNSE

### [NOT USED]

/ / / /

/ / / /

/ / / /

/ / / /

# TWELFTH AFFIRMATIVE DEFENSE

## (Laches)

Plaintiff in Intervention has unreasonably delayed the commencement of this action to the prejudice of CVWD and DWA which have expended very large sums of money over the last 50 plus years for the construction of facilities to import, recharge and recover water for distribution to its customers in the Coachella Valley, including the Tribe and its members, and to offset and eliminate the overdraft resulting from groundwater production by CVWD and other producers that constitutes the supply of water required for domestic, agricultural, recreational, commercial and industrial uses by inhabitants of the Coachella Valley, including the Tribe and its members.  In the 1960's, CVWD and DWA entered into contracts with the California Department of Water Resources to purchase water developed by the State Water Project.  Because the California Aqueduct that transports State Water Project water does not extend to the Coachella Valley, CVWD and DWA arranged to exchange their State Water Project supply for an equal volume of Colorado River water delivered from the Metropolitan Water District of Southern California's Colorado River Aqueduct.  The water is delivered into the Whitewater River and then diverted into CVWD's Whitewater Groundwater Replenishment Facility, which was enlarged in 1972, and again in 1984, for this purpose. The recharge water percolates into the groundwater basin where it migrates down the valley.  The area benefited by these replenishment activities includes the tribal and

allotted lands at issue in this case. Replenishment operations with Colorado River water began in 1973, and CVWD began levying replenishment assessments in the area of benefit in 1980.  Since 1973, CVWD and DWA have recharged approximately 3 million acre-feet of water at the Whitewater Groundwater Replenishment Facility.

The Tribe and the United States have never previously attempted to establish their alleged federal reserved water right in groundwater in any of the groundwater basins in the Coachella Valley, including the Upper Portion of the Whitewater River Subbasin and the Garnet Hill Subbasins.  In the meantime, many water users have acquired rights to the groundwater under the laws of California, and the rights of such users would be jeopardized by recognition of the alleged reserved water right in groundwater. Accordingly, the claim is barred by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

## (Unclean Hands)

The Tribe and the Allottees haves benefited from CVWD's recharge of water appropriated from the Whitewater River and from CVWD's and DWA's importation of Colorado River water into the Coachella Valley, because the Tribe and Allottees have obtained water supplies for reservation purposes from DWA and CVWD, and DWA and CVWD have made these supplies available to the Tribe and Allottees, as well as their other customers. The Tribe and the United States are therefore barred from complaining

/ / / /

about the recharge of water and of the extraction of recharged water by CVWD and DWA by the doctrine of unclean hands.

The Plaintiff in Intervention, as Trustee for the Agua Caliente Tribe, failed to protect the Tribe's senior rights to surface water supplies which were available to the Tribe and which the Tribe had depended upon and used for domestic and irrigation purposes for many decades before creation of the Reservation by Plaintiff in Intervention, despite knowledge on the part of the latter of the urgent need to protect such rights and despite the ability on the part of Plaintiff in Intervention to do so. The Plaintiff in Intervention should not now be heard to complain that a reserved right to ground water became necessary to carry out the purposes for which the Reservation was created due to the unavailability of surface waters for that purpose as the direct result of inaction on the part of Plaintiff in Intervention. The Plaintiff in Intervention is therefore barred from claiming that it and/or the Plaintiff has reserved rights to groundwater by the Doctrine of Unclean Hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Balance of Equities Weighs in Favor of CVWD and DWA)

DWA and CVWD have the right to beneficial use of the groundwater in the Upper Portion of the Whitewater River Subbasin and the Garnet Hill Subbasin under the laws of California, and DWA's and CVWD's exercise of their rights is consistent with beneficial use of water under California law. DWA and CVWD are required under California law

...

to provide water supplies to entities and persons who reside in their service areas, and DWA's and CVWD's importation of Colorado River water supplies into the groundwater basins of the Coachella Valley is in fulfillment of their statutory duties. In importing the Colorado River water supplies, DWA and CVWD are recharging the groundwater basins in an attempt to eliminate or at least reduce the overdraft condition of the groundwater basins. The lands overlying the groundwater basins are burdened with a public servitude for the storage and transmission of recharged water, and DWA and CVWD are required under their organic acts to provide for the maximum beneficial use of the groundwater. By contrast, the Tribe and the United States have not attempted to exercise their claimed right to extract groundwater from the Upper Portion of the Whitewater River Subbasin and the Garnet Hill Subbasin, at least to any significant degree, and have not been prevented from extracting the groundwater by any actions taken directly or indirectly taken by DWA and CVWD. The Tribe and the United States have the right under California law, as an overlying landowner, to reasonable use of the groundwater, subject to reasonable use by other overlying landowners. Therefore, the balance of equities weighs in favor of DWA and CVWD rather than the Tribe and the United States, and the United States is not entitled to injunctive or declaratory relief.

/ / / /

/ / / /

/ / / /

/ / / /

-17-
CVWD'S ANSWER TO UNITED STATES' COMPLAINT-IN-INTERVENTION

## FIFTEENTH AFFIRMATIVE DEFENSE

## (No Rights In Garnet Hill Subbasin)

The Whitewater River Subbasin is the largest subbasin in the Coachella Valley. The Whitewater River Subbasin is separated from the Garnet Hill Subbasin by the Banning fault which is a relatively effective barrier to groundwater movement between these subbasins in the absence of artificial recharge by CVWD and DWA in the Mission Creek Subbasin. Answering defendants are informed and believe, and thereon allege that the Agua Caliente Indian Reservation does not include any land overlying the Garnet Hill subbasin and that the Tribe and Allottees do not produce any groundwater from the Garnet Hill Subbasin, and that Plaintiff in Intervention therefore has no legal or beneficial interest in any property or water rights in the Garnet Hill Subbasin.

## SIXTEENTH AFFIRMATIVE DEFENSE

## [NOT USED]

## SEVENTEENTH AFFIRMATIVE DEFENSE

## (Consent by the United States)

CVWD has constructed the Whitewater Groundwater Replenishment Facility adjacent to the Whitewater River near Windy Point, which are located on land owned by CVWD and land owned by the United States and leased by the United States Bureau of

Land Management to CVWD for the expressed purpose of constructing, operating and maintaining the recharge/spreading facilities used to recharge water appropriated from the Whitewater River and imported from the Colorado River into the groundwater basin. By reason of said lease, the United States has consented to the recharge of the groundwater basin and the extraction of recharged water by CVWD and the Tribe and its members are bound by that consent.

In addition, the United States has consented to the extraction and withdrawal of groundwater by CVWD and DWA by the approval of development leases of Tribal and Allotted lands that could not be accomplished without the delivery of groundwater through the domestic water systems of CVWD and DWA respectively.

## PRAYER

WHEREFORE, DEFENDANTS COACHELLA VALLEY WATER DISTRICT, AND FRANZ DE KLOTZ, ED PACK, JOHN POWELL, JR., PETER NELSON, and DEBI LIVESAY, in their official capacities as members of the Board of Directors of the COACHELLA VALLEY WATER DISTRICT, pray judgment as follows:

1. That Plaintiff in Intervention take nothing by its Complaint in Intervention, including, but not limited to, an award of attorney's fees and costs, and that judgment be entered in favor of defendants;

2. That Plaintiff in Intervention's various requests for declaratory and injunctive relief be denied;

1   3.   For costs of suit; and

2   4.   For such other relief as is just and equitable.

DATED:  JULY 16, 2014          Respectfully Submitted,

  _/s/ *Steven B. Abbott*_____
  Steven B. Abbott
  sabbott@redwineandsherrill.com
  Gerald D. Shoaf
  gshoaf@redwineandsherrill.com
  Julianna K. Strong
  jstrong@redwineandsherrill.com
  REDWINE AND SHERRILL
  Attorneys for Defendants,
  COACHELLA VALLEY WATER DISTRICT,
  FRANZ DE KLOTZ, ED PACK, JOHN POWELL, JR.,
  PETER NELSON, and DEBI LIVESAY, in their official
  capacities as members of the Board of Directors of the
  COACHELLA VALLEY WATER DISTRICT
  1950 Market Street
  Riverside, CA 92501-1720
  (951) 684-2520 (phone)
  (951) 684-9583 (fax)