THIERRY R. MONTOYA (CA Bar No. 158400)
DAVID J. MASUTANI (CA Bar No. 172305)
ALVARADOSMITH, APC
633 W. Fifth Street, Suite 1100
Los Angeles, CA 90071
Tel:  (213) 229-2400
Fax:  (213) 229-2499

CATHERINE F. MUNSON (D.C. Bar No. 985717, admitted *pro hac vice*)
MARK REEVES (GA Bar No. 141847, admitted *pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON, LLP
607 14th Street, N.W.
Washington, D.C. 20005
Tel:  (202) 508-5800
Fax:  (202) 508-5858

STEVEN C. MOORE (CO Bar No. 9863, admitted *pro hac vice*)
HEATHER WHITEMAN RUNS HIM (NM Bar No. 15671, admitted *pro hac vice*)
NATIVE AMERICAN RIGHTS FUND
1506 Broadway
Boulder, CO 80302
Tel:  (303) 447-8760
Fax:  (303) 443-7776

Attorneys for Plaintiff
Agua Caliente Band of Cahuilla Indians

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL  DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| AGUA CALIENTE BAND OF CAHUILLA INDIANS,<br><br>            Plaintiffs,<br>and<br><br>UNITED STATES OF AMERICA,<br><br>            Intervenor-Plaintiff,<br>v.<br><br>COACHELLA VALLEY WATER DISTRICT, et al.,<br><br>            Defendants. | **CASE NO.:** ED CV 13-00883-JGB-SPX<br><br>**JUDGE:**    Jesus G. Bernal<br><br>**ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**<br><br>Disc. Cut-off:      June 20, 2014<br>Disp. Motion Cut-off:  Oct. 21, 2014<br>Trial Date (1st Phase):  Feb. 3, 2015<br><br>**Action Filed:**    May 14, 2013 |

This matter having come before the Court by stipulation of Plaintiff Agua Caliente Band of Cahuilla Indians (the Tribe), Intervenor-Plaintiff United States of America (collectively with the Tribe, Plaintiffs) and Defendants Coachella Valley Water District (CVWD), CVWD board members Franz de Klotz, Ed Pack, John Powell, Jr., Peter Nelson, Debi Livesay, Desert Water Agency (DWA), and DWA board members Patricia G. Oygar, Thomas Kieley, III, James Cioffi, Craig A. Ewing, and Joseph K. Stuart (collectively, Defendants), in the above-captioned action (the "Action"), for the entry of a protective order limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by and among the parties and their respective counsel, or produced by any non-party in the course of discovery in this action to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1.      This Order is being entered into to facilitate the production, exchange and discovery of documents and information, including testimony, in the Action (hereinafter the "Discovery Material"), including without limitation documents and information that the parties believe merit confidential treatment.

2.      As used herein:

        a)      "Confidential Information" shall mean all Discovery Material, and all information contained therein, and other information designated as confidential, if such Discovery Material contains trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party or non-party designating the material as confidential, be detrimental to the conduct of that party's or non-party's business or the business of any of that party's or non-party's customers or clients, culturally sensitive

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

information, or information of a personal, private, or intimate nature regarding any individual, including without limitation personal financial information.

b)    "Producing Party" shall mean the party to this Action and/or any non-party producing Discovery Material in connection with depositions, document production or otherwise, and who is asserting confidentiality.

c)    "Receiving Party" shall mean the party to this Action and/or any nonparty receiving Discovery Material in connection with depositions, document production or otherwise.

3.    Any Producing Party may designate Discovery Material produced in connection with the Action as "confidential," either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

4.    The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in a designation by the Producing Party of Discovery Material as Confidential Information. If the Producing Party does not agree to declassify such Discovery Material, the parties shall meet and confer regarding the issue in accordance with L.R. 37-1. If counsel are unable to resolve their disagreement at the conference, the Receiving Party may move for an order declassifying the Discovery Material. The burden of justifying the designation of Discovery Material as Confidential Information shall be on the Producing Party. If no such motion is filed after the conference, the Discovery Material shall continue to be treated as Confidential Information. If a motion is filed, the Discovery Material shall be deemed Confidential Information until such time as the Court rules otherwise. The parties will cooperate to ensure that any motion filed pursuant to this paragraph complies with L.R. 37 and the procedures set forth therein, including the preparation of a joint stipulation.

**ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFO.**

4007183.1 -- N1431.1

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

5.    Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

a)    parties and personnel of the parties actually engaged in assisting in the preparation of the Action for trial or other proceeding herein and who have been advised of their obligations hereunder;

b)    the author, sender, recipient or a person who previously reviewed a document containing the Confidential Information;

c)    counsel for the parties to the Action and their associated attorneys, paralegals, data recovery vendors, graphic consultants, outside copy services, outside document review platform personnel, office personnel and other employees, agents and vendors (including support staff) who are directly assisting such counsel in the preparation of the Action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

d)    expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with the Action or to give testimony with respect to the subject matter of the Action at the trial of the Action or other proceeding therein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

e)    the Court and court personnel;

f)    an officer before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 10 hereof;

**ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFO.**
4007183.1 -- N1431.1

g)    deposition witnesses, if furnished, shown, or disclosed in accordance with paragraphs 9 and 10, respectively, hereof; and

h)    any other person designated by the Court, upon such terms as the Court may deem proper, or as agreed to by the Producing Party and Receiving Party.

6.    Confidential Information produced in the Action shall be utilized by the parties and their counsel only for purposes of litigating the Action and for no other purposes, and no person receiving Confidential Information shall, directly or indirectly use, transfer, disclose, or communicate in any way the contents of the Confidential Information to any person other than those specified in this Order; provided, however, that nothing in this Order shall limit a Producing Party's use or disclosure of its own Confidential Information.

7.    Before any disclosure of any Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(d) hereof, counsel for the Receiving Party shall obtain the expert's written agreement, in the form of Exhibit A attached hereto, to comply with the Order and be bound by its terms.

8.    All depositions shall presumptively be treated as Confidential Information and subject to this Order during the deposition and for a period of forty-five days after the deposition.  At or before the end of such forty-five day period, the deposition shall be classified appropriately pursuant to paragraph 10 hereof.

9.    This Order shall not preclude counsel for the parties from using during any deposition in the Action any Discovery Material which has been designated as Confidential Information.  Any deposition witness who is given access to Confidential Information in preparation for his or her testimony shall, prior thereto, be provided with a copy of this Order and shall execute a copy of the written agreement attached hereto as Exhibit A.  Counsel for the party obtaining the agreement shall supply a copy to the counsel for the other parties and non-parties, if the deposition involves a

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

**ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFO.**
4007183.1 -- N1431.1

ALVARADO SMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1 | non-party represented by counsel.  The Order and agreement may be provided to the

2 | deposition witness at the deposition.  It need not be presented in advance.

3 | 10.   A party may designate as Confidential Information any Discovery

4 | Material produced or given by any non-party to this case, or any portion thereof.  A

5 | non-party may also designate as Confidential Information subject to this Order any

6 | Discovery Material produced or given by it.  In the case of documents, designation

7 | shall be made by notifying all parties' counsel in writing of those documents which

8 | are to be stamped and treated as Confidential Information at any time up to thirty days

9 | after actual receipt of copies of those documents by counsel for the party asserting

10 | confidentiality.  In the case of deposition testimony, designation shall be made by

11 | notifying all parties' counsel in writing of those portions which are to be stamped or

12 | otherwise treated as confidential at any time up to **the later of (a)** seven days after the

13 | actual receipt of the deposition transcript by counsel for the party or non-party making

14 | the designation **or (b) the expiration of the forty-five day period set forth in**

15 | **Paragraph 8**.  Prior to the expiration of the periods previously set forth in this

16 | paragraph (or until a designation is made by counsel, if such designation is made in a

17 | shorter period of time), all such documents and testimony shall be treated as

18 | Confidential Information.

19 | 11.   In the event that a party seeks to make use of any particular document or

20 | testimony covered by Paragraph 10 in a court filing prior to the expiration of the

21 | periods set forth in that Paragraph for designating such document or testimony as

22 | Confidential Information, that party may contact counsel for all other parties to

23 | specifically identify the document or testimony in question and request their consent

24 | to treat the document or testimony as non-confidential. In such cases, counsel for

25 | other parties shall respond by agreeing to the request or designating the document or

26 | testimony in question as confidential within three business days.

27 | 12.   A Receiving Party who seeks to files any Confidential Information with

28 | the Court, and any pleading, brief or memorandum which reproduces or discloses

**ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFO.**
4007183.1 -- N1431.1

Confidential Information, shall publicly file the material containing Confidential Information only after the Receiving Party has redacted such information. In all instances, any material containing Confidential Information must be filed under seal, without redaction, in accordance with the Court's procedures for filing documents under seal. This includes, but is not limited to, L.R. 79-5.1's requirement that the filing party apply for Court approval to file the Confidential Information under seal.

13.     Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

14.     Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided herein, may be so designated by the party or non-party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

15.     Each party agrees that if it receives any summons, subpoena or similar process, or request to produce Confidential Information obtained under the terms of this Order ("Production Request"), other than under the California Public Records Act ("CPRA"), it will immediately notify and consult with the party that disclosed the Confidential Information not less than seven days before producing such Confidential Information, in order to allow the disclosing party time to intervene or otherwise oppose the production of  Confidential Information. If any Defendant receives a request for production of Confidential Information under the CPRA, that Defendant will promptly provide the Tribe and the Tribe's counsel with notice and an opportunity to object prior to releasing or producing that information. In either case, the party that originally designated the Confidential Information shall be responsible for bearing the burden of opposing its further disclosure, and the party that received

the Production Request or CPRA request will cooperate with the designating party to the extent consistent with applicable law. Furthermore, the party receiving the Production Request or CPRA request will maintain the confidentiality of the Confidential Information until any dispute over its disclosure is finally resolved by a court of competent jurisdiction.

16.    Extracted portions and summaries of Confidential Information shall also be treated as Confidential Information in accordance with the provisions of this Order.

17.    The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's or non-party's right to object to the production or disclosure of other information in the Action or in any other action.

18.    Nothing in this Order shall require disclosure of any material that a Producing Party contends is protected from disclosure by the attorney-client privilege, work product protection, any other legally recognized privilege or immunity from disclosure, or any applicable federal or state law or regulation prohibiting disclosure.

19.    If Confidential Information is disclosed to any person other than in the manner authorized by this Order, any parties who learn of the disclosure shall, immediately upon learning of the disclosure, inform the Producing Party of the pertinent facts relating to such disclosure and make every reasonable effort to retrieve the Confidential Information and prevent disclosure by each unauthorized person who received such material.

20.    The restrictions set forth in any of the proceeding paragraphs shall not apply to information or material that:

        a)    is in the public domain through no fault of the recipient;

        b)    is acquired from a third party having the right to disclose such information or material; or

        c)    was lawfully possessed prior to entry by the Court of this Order.

21.    This Order is entered into without prejudice to the right of any party or non-party to seek relief from, or modification of, this Order or any provisions thereof

**ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFO.**
4007183.1 -- N1431.1

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate.

22.  This Order shall continue to be binding after the conclusion of the Action except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Order in whole or in part.

23.  Nothing herein shall be deemed to waive any privilege or immunity recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of discovery.

24.  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of the Action by settlement or exhaustion of all appeals, each Receiving Party, and each person who received Protected Material through a Receiving Party, must take reasonable steps to destroy or return to the Producing Party all Confidential Information received from that Producing Party.  Upon request of any Producing Party, the Receiving Party shall certify in writing that it has undertaken its best efforts to destroy or return such physical objects and documents (including all electronic documents and all versions thereof), and that such physical objects and documents have been destroyed to the best of its knowledge.  Notwithstanding anything to the contrary, counsel of record for the parties may retain an archival copy of documents constituting work product, pleadings, motion papers, discovery responses, depositions transcripts and trial exhibits, whether or not those materials contain Confidential Information.  This Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.  Nothing in this Order shall prohibit or interfere with the ability of counsel for any party, nonparty, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

25.     This Order may be changed by further order of this Court, and is without prejudice to the rights of a party or non-party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

IT IS SO ORDERED.

DATED: <u>September 5, 2014</u>   By: _____/s/_____

HON. SHERI PYM
UNITED STATES MAGISTRATE JUDGE

**ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFO.**
4007183.1 -- N1431.1

## AGREEMENT TO RESPECT CONFIDENTIAL MATERIAL

I, _____ , state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is:

   _____

   _____

   _____

4. I have received a copy of the Order for the Production and Exchange of Confidential Information (the "Order") entered in the matter of *Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water District, et al.*, Case No. 5:13-cv-00883-JGB (SPx), on _____.

5. I have carefully read and understand the provisions of the Order.

6. I will comply with all provisions of the Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

8. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Order in this action.

Dated: _____

Signed: _____

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

**ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFO.**

4007183.1 -- N1431.1