CATHERINE F. MUNSON (D.C. Bar No. 985717, admitted *pro hac vice*)
CMunson@kilpatricktownsend.com
MARK REEVES (GA Bar No. 141847, admitted *pro hac vice*)
MReeves@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON, LLP
607 14th Street, N.W.
Washington, D.C. 20005
Tel: (202) 508-5800; Fax: (202) 508-5858

STEVEN C. MOORE (CO Bar No. 9863, admitted *pro hac vice*)
Smoore@narf.org
HEATHER WHITEMAN RUNS HIM (NM Bar No. 15671, admitted *pro hac vice*)
HeatherW@narf.org
NATIVE AMERICAN RIGHTS FUND
1506 Broadway
Boulder, CO 80302
Tel: (303) 447-8760; Fax: (303) 443-7776

DAVID J. MASUTANI (CA Bar No. 172305)
DMasutani@alvaradosmith.com
ALVARADOSMITH, APC
633 W. Fifth Street, Suite 1100
Los Angeles, CA 90071
Tel: (213) 229-2400; Fax: (213) 229-2499

Attorneys for Plaintiff
Agua Caliente Band of Cahuilla Indians

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| AGUA CALIENTE BAND OF CAHUILLA INDIANS,<br><br>Plaintiffs,<br><br>v.<br><br>COACHELLA VALLEY WATER DISTRICT, et al.<br><br>Defendants. | Case No.: ED CV 13-00883-JGB-SPX<br>Judge: Jesus G. Bernal<br><br>**[PROPOSED] ORDER GRANTING SUMMARY JUDGMENT ON PHASE 1 ISSUES**<br><br>Hearing Date: February 9, 2015<br>Time: 9:00 A.M.<br>Courtroom: 1<br><br>Action Filed: May 14, 2013 |

This matter came before the Court on the motions for summary judgment filed by the parties on October 21, 2014.

On May, 14, 2013, the Agua Caliente Band of Cahuilla Indians ("Agua Caliente") filed this action against Defendants Coachella Valley Water District and Desert Water Agency. (Doc. No. 1.) Agua Caliente sought, among other relief, a ruling on its entitlement to groundwater on the basis of the federal reserved water rights doctrine, also known as the *Winters* doctrine, as well as on the basis of aboriginal title pursuant to federal common law. (Id.) The United States sought permission to intervene as a plaintiff on May 13, 2014, (Doc. No. 62), and the Court granted the United States' motion on June 19, 2014. (Doc. No. 70.)

Proceedings in the case were trifurcated pursuant to a court-approved stipulation of the parties. (Doc. No. 49.) Phase 1 issues were limited to the foundational legal questions of (1) whether Agua Caliente has federally reserved rights to groundwater pursuant to the federal *Winters* doctrine and (2) whether Agua Caliente has aboriginal rights to groundwater pursuant. (*Id.*) All other issues, including all issues pertaining to the quantification of Agua Caliente's water rights, if any, were deferred to subsequent phases of the case.

On October 21, 2014, Agua Caliente and the Defendants filed cross-motions for summary judgment on the two Phase 1 issues, and the United States moved for summary judgment on the question of whether Agua Caliente has federally reserved rights to groundwater pursuant to the *Winters* doctrine. Those motions have been fully briefed and argued and considered by the Court.

Summary judgment is appropriate where "there is no genuine issue as to any material fact and [] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. Summary judgment is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact, and need only demonstrate to the Court

1


that there is an absence of evidence to support the non-moving party's case. *Id.* at 323, 325.

After carefully considering all of the evidence and arguments proffered by the parties, the Court finds that there is no genuine issue of material fact as to the Phase 1 issues and that Agua Caliente and the United States, as Plaintiff in Intervention, are entitled to summary judgment on those issues as a matter of law.

Specifically, the Court holds that when the United States established the Agua Caliente Reservation, it necessarily reserved water rights for Agua Caliente in an amount necessary to fulfill the purposes of the Reservation. *See, e.g., Cappaert v. United States*, 426 U.S. 128, 138-143 (1976); *Arizona v. California*, 373 U.S. 546, 598-600 (1963); *Winters v. United States*, 207 U.S. 564 (1908); *Colville Confederated Tribes v. Walton*, 752 F.2d 397 (9th Cir. 1985); *Colville Confederated Tribes v. Walton*, 647 F.2d 42 (9th Cir. 1981); *Confederated Salish & Kootenai Tribes of the Flathead Reservation v. Stults*, 59 P.3d 1093 (Mont. 2002); *In re Gen. Adjudication of All Rights to Use Water in the Gila River Sys. & Source*, 989 P.2d 739 (Ariz. 1999) (*en banc*). While the precise amount of the Plaintiffs' federally reserved water rights remains to be determined, the existence of those rights is a matter of settled federal law. Accordingly, the Court grants the Plaintiffs' motions for summary judgment on this Phase 1 issue and declares the existence of a federally reserved right to groundwater associated with the Agua Caliente Reservation. This right will be quantified through subsequent proceedings in this case.

The Court also holds that Agua Caliente has an aboriginal right to groundwater pursuant to federal common law. The Agua Caliente and their ancestors have continuously occupied and used the lands constituting the Agua Caliente Reservation since time immemorial. They have relied on water, including groundwater derived through the development of naturally occurring springs and hand dug wells, to sustain themselves throughout that time. They therefore have an aboriginal right to groundwater under federal common law that has never been extinguished.

Accordingly, the Court grants summary judgment in favor of Agua Caliente and declares, as a matter of law, that the Tribe has an aboriginal right to groundwater that will be quantified in a subsequent phase of this litigation.

Counsel for the parties are directed to confer within two weeks of the date of this Order regarding the scheduling of Phase 2 proceedings as directed in the Court's Order of June 12, 2014 (Doc. No. 69).

SO ORDERED this _____ day of _____, 2015.

_____
THE HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE