RODERICK E. WALSTON (Bar No. 32675)
roderick.walston@bbklaw.com
STEVEN G. MARTIN (Bar No. 263394)
steven.martin@bbklaw.com
BEST BEST & KRIEGER LLP
2001 N. Main Street, Suite 390
Walnut Creek, California 94596
Telephone: (925) 977-3300
Facsimile: (925) 977-1870

ARTHUR L. LITTLEWORTH (Bar No. 22041)
arthur.littleworth@bbklaw.com
PIERO C. DALLARDA (Bar No. 181497)
piero.dallarda@bbklaw.com
BEST BEST & KRIEGER LLP
3390 University Avenue, Fifth Floor
P.O. Box 1028
Riverside, California 92502
Telephone:  (951) 686-1450
Facsimile:  (951) 686-3083

Attorneys for Defendant
DESERT WATER AGENCY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| AGUA CALIENTE BAND OF CAHUILLA INDIANS,<br><br>Plaintiff,<br><br>v.<br><br>COACHELLA VALLEY WATER DISTRICT, et al.,<br><br>Defendants. | Case No. 5:13-cv-00883-JGB (SPx)<br>Judge:    Hon. Jesus G. Bernal<br><br>**DESERT WATER AGENCY'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF THE UNITED STATES**<br><br>[Filed with:<br>1.  Desert Water Agency's Opposition to MSJ of the United States<br>2.  Desert Water Agency's Appendix of Cited Documents in Support of Opposition to MSJ of the United States]<br>**Date:       February 9, 2015**<br>**Time:       9:00 a.m.**<br>**Dept.:       Courtroom 1**<br><br>Action Filed:    May 14, 2014<br>Trial Date:       Feb. 3, 2015 |

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 N. MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS**

Pursuant to Code of Civil Procedure Section 437c(b)(1) defendant Desert Water Agency ("DWA") hereby submits the following Statement of Genuine Disputes of Material Facts in Opposition to Plaintiff United States' Motion for Summary Judgment.

| DEF's SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 1 | The Tribe Admits that the groundwater in which it claims a reserved right "does not contribute to the surface flows" of Andreas Creek, Tahquitz Creek or Chino Creek. | Responses to Requests for Admission of Defendant CVWD to Plaintiff Agua Caliente Band of Cahuilla Indians (Set No. 1), (Pages 10-11 Responses Nos. 19, 20 and 21) (Exhibit 1) |

Dated: December 5, 2014          BEST BEST & KRIEGER LLP


By:  /S/ Roderick E. Walston
     RODERICK E. WALSTON
     ARTHUR L. LITTLEWORTH
     GENE TANAKA
     PIERO C. DALLARDA
     STEVEN G. MARTIN

     Attorneys for Defendant
     DESERT WATER AGENCY

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2001 N. MAIN STREET, SUITE 390
WALNUT CREEK, CA 94596

EXHIBIT 1

DAVID J. MASUTANI (SBN 172305)
**ALVARADOSMITH, APC**
633 W. Fifth Street, Suite 1100
Los Angeles, CA  90071
Telephone:  (213) 229-2400
Facsimile:  (213) 229-2499
dmatsutani@kmwlaw.com
Attorneys for Plaintiff
AGUA CALIENTE BAND OF
CAHUILLA INDIANS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGUA CALIENTE BAND OF CAHUILLA INDIANS, <br>      Plaintiff, <br> v. <br> COACHELLA VALLEY WATER DISTRICT, et al., <br>     Defendants. | Case No. 5:13-cv-00883-JGB (SPx) <br> Judge: Hon. Jesus G. Bernal <br><br> RESPONSES TO REQUESTS FOR ADMISSION OF DEFENDANT CVWD TO PLAINTIFF AGUA CALIENTE BAND OF CAHUILLA INDIANS (SET NO.1) <br><br> Action filed:  May 14, 2013 |

PROPOUNDING PARTY:      DEFENDANT CVWD

RESPONDING PARTY:      PLAINTIFF AGUA CALIENTE BAND OF
                       CAHUILLA INDIANS

SET NO.:                ONE

Gibson, Dunn &
Crutcher LLP

US2008 5510433 2

Pursuant to the Federal Rule of Civil Procedure Rule 36 and Local Rule 36 of the United States District Court for the Central District of California, Plaintiff Agua Caliente Band of Cahuilla Indians (the Tribe) responds to Defendant Coachella Valley Water District (CVWD) Requests for Admission (Requests) as follows:

## I.   GENERAL OBJECTIONS

1. The Tribe objects to the Requests because they exceed the scope of discovery for Phase I of this case by seeking information that is relevant, if at all, to the quantification of the Tribe's federally reserved and aboriginal rights rather than the existence of those rights. The parties stipulated that Phase I of the case would be limited to "the threshold issue of whether the Tribe has rights to groundwater pursuant to the federal *Winters* doctrine and/or aboriginal rights to groundwater." (Doc. 49 ¶ 4.) The parties further agreed, in their Revised Joint Rule 26(f) Conference Report (Doc. 54), that Phase I discovery would be limited to the issues of "(1) the Tribe's historic and possibly current use of groundwater; and (2) the purposes for which the Reservation was established." (*Id.* § X, ¶ A.4.) All issues pertaining to quantification of the Tribe's groundwater rights are reserved for Phase III, in large part to delay the resolution of complicated factual issues until after the court resolves threshold legal questions regarding the existence of the Tribe's rights.

2. The Tribe objects to the Requests on relevance grounds because they seek information regarding current use of water on the Reservation when it is well-established that federally reserved water rights are not lost by non-use.

3. The Tribe objects to the Requests' definition of the term "Tribe" on the grounds that it is vague and ambiguous as to whether it includes tribal members.

4. The Tribe objects to the Requests to the extent that they purport to limit the time available for the Tribe to respond to 30 days, when the applicable Federal Rules provide for 33 days.

5. The Tribe objects to the Requests to the extent that they purport to require that the Tribe answer them under oath, as there is no such requirement in the applicable Federal or Local Rules.

The Tribe incorporates these General Objections into each response set forth below.

## REQUESTS FOR ADMISSION

REQUEST NO. 1:

Please admit that the TRIBE did not receive any Spanish or Mexican grant prior to 1850.

RESPONSE:

Admitted.

REQUEST NO. 2:

Please admit that Presidential Executive orders between 1864 and 1891 set aside more than four tracts of land for Indians in California.

RESPONSE:

The Tribe objects to this Request on the ground that it is vague and ambiguous in its use of the undefined term "tracts."

Subject to and without waving the foregoing objection, the Tribe admits that Presidential Executive orders issued between 1864 and 1891 set aside more than four contiguous parcels of land for Indians. The Tribe affirmatively denies that the setting aside of any of these lands in general, or the lands constituting the Tribe's Reservation in particular, constituted or resulted in a violation of the so-called Four Reservations Act, 13 Stat. 39 (1864).

REQUEST NO. 3:

Please admit that any Agua Caliente reservation created prior to 1891 was

legally invalid.

RESPONSE:

Denied.

REQUEST NO. 4:

Please admit that the 1891 Mission Indian Relief Act extinguished any prior Agua Caliente reservation.

RESPONSE:

Denied.

REQUEST NO. 5:

Please admit that the United States did not express any intent to reserve groundwater rights when it created the RESERVATION.

RESPONSE:

Denied.

REQUEST NO. 6:

Please admit that the United States intended that the Bear Valley Irrigation Company supply water from surface supplies to the Agua Caliente Reservation when the RESERVATION was created in 1891.

RESPONSE:

Denied.

REQUEST NO. 7:

Please admit that the United States created the Agua Caliente Reservation in 1891 only to reserve the land from public settlement until it was separately divided and allotted to individuals.

RESPONSE:

Denied.

REQUEST NO. 8:

Please admit that Federal Government's official Indian policy between 1871 and 1928 was to promote individual property rights of tribal members rather than collective (i.e., tribal) property rights.

RESPONSE:

Denied.

REQUEST NO. 9:

Please admit that the TRIBE has not developed groundwater for domestic purposes since 1891.

RESPONSE:

The Tribe objects to this Request on the grounds that it exceeds the scope of Phase I discovery and is irrelevant to the existence of the Tribe's federally reserved or aboriginal rights to groundwater. The Tribe further objects to this Request on the ground that it is vague and ambiguous in its use of the undefined term "developed."

Subject to and without waiving the foregoing objections, this Request is denied.

REQUEST NO. 10:

Please admit that the TRIBE has not been prevented from developing groundwater since 1891.

RESPONSE:

The Tribe objects to this Request on the grounds that it exceeds the scope of Phase I discovery and is irrelevant to the existence of the Tribe's federally reserved

OYGAR'S INTERROGATORIES
5:13-cv-00883-JGB (SPx)

Gibson, Dunn &
Crutcher LLP

US2008 5510433 2

or aboriginal rights to groundwater. The Tribe further objects to this Request because it is vague and ambiguous regarding the time period that it is intended to address and in its use of the term "developing."

Subject to and without waiving the foregoing objections, the Tribe states that it has made reasonable inquiries and is unable to admit or deny whether any person or entity has prevented the Tribe from developing groundwater at any time during the 123 years that have elapsed since 1891.

REQUEST NO. 11:

Please admit that the wells alleged to exist in Paragraph 16 of the COMPLAINT are not located within the RESERVATION.

RESPONSE:

The Tribe states that it has made reasonable inquiries and is unable to admit or deny at this time whether any hand dug walk-in wells of the type referenced in paragraph 16 of the Complaint existed within the current boundaries of the Tribe's Reservation.

REQUEST NO. 12:

Please admit that the TRIBE has not developed groundwater for commercial purposes since 1891.

RESPONSE:

The Tribe objects to this Request on the grounds that it exceeds the scope of Phase I discovery and is irrelevant to the existence of the Tribe's federally reserved or aboriginal rights to groundwater. The Tribe further objects to this Request on the ground that it is vague and ambiguous in its use of the undefined term "developed."

Subject to and without waiving the foregoing objections, this Request is denied.

REQUEST NO. 13:

Please admit that CVWD and Desert Water Agency are currently the TRIBE'S sole source of water for domestic, municipal, and industrial purposes.

RESPONSE:

The Tribe objects to this Request on the grounds that it exceeds the scope of Phase I discovery and is irrelevant to the existence of the Tribe's federally reserved or aboriginal rights to groundwater. The Tribe further objects to this Request on the ground that it is vague and ambiguous in its use of the undefined terms "domestic, municipal, and industrial."

Subject to and without waiving the foregoing objections, this Request is denied.

REQUEST NO. 14:

Please admit that lessees of tribal or allotted land currently use wells to produce groundwater for golf course irrigation.

RESPONSE:

The Tribe objects to this Request on the grounds that it exceeds the scope of Phase I discovery and is irrelevant to the existence of the Tribe's federally reserved or aboriginal rights to groundwater.

Subject to and without waiving the foregoing objections, this Request is denied as to tribal land. With respect to allotted land, the Tribe states that it has made reasonable inquiries and is unable to admit or deny the Request based on available information.

REQUEST NO. 15:

Please admit that the TRIBE has no agricultural activities on the RESERVATION.

RESPONSE:

The Tribe objects to this Request on the grounds that it exceeds the scope of Phase I discovery and is irrelevant to the existence of the Tribe's federally reserved or aboriginal rights to groundwater. The Tribe further objects to this Request on relevancy grounds, as it is settled law that federally reserved Indian water rights cannot be lost or forfeited due to alleged nonuse.

Subject to and without waiving the foregoing objections, this Tribe admits that it is not currently carrying out any agricultural activities on the Reservation.

REQUEST NO. 16:

Please admit that, to the extent that agricultural subsistence was a purpose for which the Reservation was created, that purpose ceased to exist when the TRIBE abandoned its agricultural activities as alleged in Paragraph 22 of the COMPLAINT.

RESPONSE:

The Tribe objects to this Request on the grounds that it exceeds the scope of Phase I discovery and is irrelevant to the existence of the Tribe's federally reserved or aboriginal rights to groundwater. The Tribe further objects to this Request on relevancy grounds, as it is settled law that federally reserved Indian water rights cannot be lost or forfeited due to alleged nonuse and that the permissible use of reserved water is not limited to any particular purpose or activity. The Tribe further objects to this Request to the extent that it assumes or asserts that subsistence agriculture was a purpose for the creation of the Tribe's Reservation. The Tribe further objects to this Request on the ground that it mischaracterizes the allegations in Paragraph 22 of the Complaint to the extent that it implies that the Tribe "abandoned" its agricultural pursuits.

Subject to and without waiving the foregoing objections, this Request is denied.

REQUEST NO. 17:

Please admit that the TRIBE only irrigated with surface waters before it abandoned its agricultural activities.

RESPONSE:

The Tribe objects to this Request on the grounds that it exceeds the scope of Phase I discovery and is irrelevant to the existence of the Tribe's federally reserved or aboriginal rights to groundwater. The Tribe further objects to this Request on relevancy grounds, as it is settled law that federally reserved Indian water rights cannot be lost or forfeited due to alleged nonuse. The Tribe further objects to this Request on the ground that it implies that the Tribe "abandoned" its agricultural pursuits.

Subject to and without waiving the foregoing objections, the Tribe states that it has made reasonable inquiries and is unable to admit or deny the Request based on available information.

REQUEST NO. 18:

Please admit that the hot spring underneath the Agua Caliente Casino in Palm Springs is hydrologically distinct from the Coachella Valley groundwater aquifer.

RESPONSE:

The Tribe objects to this Request on the grounds that it exceeds the scope of Phase I discovery and is irrelevant to the existence of the Tribe's federally reserved or aboriginal rights to groundwater. The Tribe further objects to this Request on the ground that the undefined term "hydrologically distinct" is ambiguous and susceptible to more than one definition. The Tribe further objects to this Request to

the extent that it misstates the location of the hot spring, which is located under the Spa Hotel and not the Agua Caliente Spa Resort Casino.

Subject to and without waiving the foregoing objections, the Tribe states that it has made reasonable inquiries and is unable to admit or deny the Request because the term "hydrologically distinct" is ambiguous.


REQUEST NO. 19:

Please admit that groundwater where YOU claim groundwater rights does not contribute to the surface flows of Andreas Creek.

RESPONSE:

The Tribe objects to this Request on the grounds that it exceeds the scope of Phase I discovery and is irrelevant to the existence of the Tribe's federally reserved or aboriginal rights to groundwater.

Subject to and without waiving the foregoing objections, the Tribe admits this Request.


REQUEST NO. 20:

Please admit that groundwater where YOU claim groundwater rights does not contribute to the surface flows of Tahquitz Creek.

RESPONSE:

The Tribe objects to this Request on the grounds that it exceeds the scope of Phase I discovery and is irrelevant to the existence of the Tribe's federally reserved or aboriginal rights to groundwater.

Subject to and without waiving the foregoing objections, the Tribe admits this Request.


ADMISSION NO. 21:

Please admit that groundwater where YOU claim groundwater rights does not contribute to the surface flows of Chino Creek.

RESPONSE:

The Tribe objects to this Request on the grounds that it exceeds the scope of Phase I discovery and is irrelevant to the existence of the Tribe's federally reserved or aboriginal rights to groundwater.

Subject to and without waiving the foregoing objections, this Request is admitted.

ADMISSION NO. 22:

Please admit that the TRIBE approved the settlement of its claim for loss of aboriginal rights and received compensation in the Indian Claims Commission proceeding captioned *Thompson v. United States*, 8 Ind.Cls.Com. 1; 13 Ind.Cls.Com. 543.

RESPONSE:

Denied.

Dated: April 28, 2014

KILPATRICK TOWNSEND & STOCKTON LLP

By: _____
CATHERINE F. MUNSON
Attorneys for Plaintiff Agua
Caliente Band of Cahuilla
Indians

## **PROOF OF SERVICE**

### **United States District Court of the Central District of California**
Case No.: ED CV 13-00883-JGB-SPX

Pursuant to Local Rule 5-3.1.2, I, Belinda Slack, say:

I am over the age of 18 years, am not a party to this suit, am employed in Los Angeles County, California, and my business address is 633 W. Fifth Street, Suite 1100, Los Angeles, California.

On April 28, 2014, I served a copy of the attached document on the interested parties in this lawsuit by placing it in a sealed, pre-paid envelope in the United States mail addressed:

**RESPONSES TO REQUESTS FOR ADMISSION OF DEFENDANT CVWD TO PLAINTIFF AGUA CALIENTE BAND OF CAHUILLA INDIANS (SET NO. 1)**

### **SEE ATTACHED SERVICE LIST**

EXECUTED on April 28, 2014 at Los Angeles, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States that that the above is true and correct.

_____
Belinda Slack

3790842.1 -- N1431.1

## SERVICE LIST

## Agua Caliente Band of Cahuilla Indians v. CVWD, et al.

### Case No. ED CV 13-00883-JGB-SPX

**Defendants:  Desert Water Agency; Patricia G. Oygar, Thomas Kieley, III, James Cioffi, Craig A. Ewing, Joseph K. Stuart, in their Official Capacity as Members of the Board of Directors of the Desert Water Agency**

Roderick E. Walston, Esq.
Arthur L. Littleworth, Esq.
Piero C. Dallarda, Esq.
Best Best and Krieger LLP
2001 North Main Street, Suite 390
Walnut Creek, CA  94596
Telephone:  (925) 977-3300
Facsimile:  (925) 977-1870
Roderick.Walston@bbklaw.com

Steven G. Martin, Esq.
Best Best & Krieger
655 Broadway
15th Floor
San Diego, CA  92101

**Defendants:  Coachella Valley Water District, Franz de Klotz, Ed Pack, John Powell, Jr., Peter Nelson, and Debi Livesay, in their official capacities as members of the Board of Directors of the Coachella Valley Water District**

Steven B. Abbott, Esq.
Gerald D. Shoaf, Esq.
Redwine and Sherrill
1950 Market Street
Riverside, CA  92501
Telephone:  (951) 684-2520
Facsimile:  (951) 684-9583

3790842.1 -- N1431.1