CATHERINE F. MUNSON (D.C. Bar No. 985717, admitted *pro hac vice*)
CMunson@kilpatricktownsend.com
MARK REEVES (GA Bar No. 141847, admitted *pro hac vice*)
MReeves@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON, LLP
607 14th Street, N.W.
Washington, D.C. 20005
Tel: (202) 508-5800; Fax: (202) 508-5858

STEVEN C. MOORE (CO Bar No. 9863, admitted *pro hac vice*)
Smoore@narf.org
HEATHER WHITEMAN RUNS HIM (NM Bar No. 15671, admitted *pro hac vice*)
HeatherW@narf.org
NATIVE AMERICAN RIGHTS FUND
1506 Broadway
Boulder, CO 80302
Tel: (303) 447-8760; Fax: (303) 443-7776

DAVID J. MASUTANI (CA Bar No. 172305)
DMasutani@alvaradosmith.com
ALVARADOSMITH, APC
633 W. Fifth Street, Suite 1100
Los Angeles, CA 90071
Tel: (213) 229-2400; Fax: (213) 229-2499

Attorneys for Plaintiff
Agua Caliente Band of Cahuilla Indians

KILPATRICK TOWNSEND & STOCKTON
607 14TH STREET, STE 900
WASHINGTON, DC 20005-2018

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

AGUA CALIENTE BAND OF CAHUILLA INDIANS,

Plaintiffs,

v.

COACHELLA VALLEY WATER DISTRICT, et al.

Defendants.

Case No.: ED CV 13-00883-JGB-SPX
Judge: Jesus G. Bernal

**AGUA CALIENTE BAND OF CAHUILLA INDIANS' EVIDENTIARY OBJECTIONS TO CVWD'S UNCONTROVERTED FACTS**

Trial Date: February 3, 2015
Action Filed: May 14, 2013

US2008 6185594 1

KILPATRICK TOWNSEND & STOCKTON
607 14TH STREET, STE 900
WASHINGTON, DC 20005-2018

Pursuant to the Court's Standing Order and L.R. 56-1, the Agua Caliente Band of Cahuilla Indians (Agua Caliente) files the following Evidentiary Objections to Defendant CVWD's Statement of Undisputed Facts filed in support of CVWD's motion for summary judgment. All documents cited below have been either (1) relied upon by the Defendant; (2) previously filed with the Court by Agua Caliente in its Plaintiff's Evidentiary Notebook Submitted in Support of Agua Caliente's Motion for Summary Judgment (cited herein as "Tab __"; or (3) contemporaneously filed with the Court by Agua Caliente in its Plaintiff's Evidentiary Notebook Submitted in Support of Agua Caliente's Opposition to Defendants' Motions for Summary Judgment on Phase I Issues (cited herein as "Tab II.___").

**AGUA CALIENTE EVIDENTIARY OBJECTIONS**
**TO CVWD'S STATEMENT OF UNDISPUTED FACTS**

| **CVWD's SUF No.** | **Fact** | **Pl.'s Evidentiary Objection** |
|---|---|---|
| 4. | No claim was filed by or on behalf of the Agua Caliente Band pursuant to the 1851 Act's requirements. | Irrelevant. F.R.E. 401.<br><br>This statement is irrelevant because the 1851 Act did not require the Tribe to file a claim. It applied only to private land claims based upon rights or titles derived from the Spanish or Mexican governments. *See* §§ 8 & 13 of 1851 Act, 9 Stat. at 632-633; Doc. 85-1 at 20-21. |

| **CVWD's SUF No.** | **Fact** | **Pl.'s Evidentiary Objection** |
|---|---|---|
| 5. | The Agua Caliente Band cannot show aboriginal use of groundwater from wells on current lands of the Agua Caliente Reservation. | Irrelevant. F.R.E. 401; Incomplete. F.R.E. 406.<br><br>This statement is incomplete and irrelevant to the extent that it implies that Agua Caliente is required to show that aboriginal use of groundwater "from wells" within the current Agua Caliente Reservation in order to establish an aboriginal right to groundwater.<br><br>This statement is irrelevant in the context of Agua Caliente's *Winters* claim because Agua Caliente's federally reserved groundwater rights were created and fully vested at the time of the Reservation's establishment, cannot be lost or limited through non-use, and are not limited to sources or amounts of water in use at the time of the Reservation's establishment. *See, e.g., Cappaert v. United States*, 426 U.S. 128, 138 (1976); *Arizona v. California*, 373 U.S. 546, 600 (1963); *Winters v. United States*, 207 U.S. 564, 565-566 (1908); *Colville Confederated Tribes v. Walton* (*Walton II*), 752 F.2d 397, 404 (9th Cir. 1985); *Colville Confederated Tribes v. Walton* (*Walton I*), 647 F.2d 42, 47 (9th Cir. 1984); *Montana v. Confederated Salish & Kootenai Tribes*, 712 P.2d 754, 762, 765 (Mont. 1985). |

KILPATRICK TOWNSEND & STOCKTON
607 14TH STREET, STE 900
WASHINGTON, DC 20005-2018

| CVWD's SUF No. | Fact | Pl.'s Evidentiary Objection |
|---|---|---|
| 6. | Any lands that would have been subject to claims of rights of occupancy by the Agua Caliente Band of Cahuilla Indians became a part of the public domain on March 3, 1853. | This is an unsupported and disputed legal conclusion. |
| 7. | In 1864, Congress authorized the President to set apart "not exceeding four tracts of land" for purposes of Indian Reservations in California. | Irrelevant. F.R.E. 401.<br><br>CVWD offers no explanation of why this fact is relevant to the Phase 1 issues of whether Agua Caliente has federally reserved or aboriginal rights to groundwater. |
| 8. | In 1871, Congress granted the odd-numbered sections in the Coachella Valley to a railroad | Irrelevant. F.R.E. 401.<br><br>CVWD offers no explanation of why this fact is relevant to the Phase 1 issues of whether Agua Caliente has federally reserved or aboriginal rights to groundwater. |

KILPATRICK TOWNSEND & STOCKTON
607 14TH STREET, STE 900
WASHINGTON, DC 20005-2018

| CVWD's SUF No. | Fact | Pl.'s Evidentiary Objection |
|---|---|---|
| 11. | From about 1862 to 1889, repeated requests were made to the Commissioner of Indian Affairs to Congress to protect the Mission Indians in Southern California from incursions and misappropriation of their lands, crops and water supplies by non-Indians. | Incomplete. F.R.E. 106.<br><br>This statement is incomplete with regard to the Mission Indians of Southern California, including Agua Caliente, because requests were made to the Commissioner to accomplish goals and objectives other than mere protection from non-Indian incursions, including providing them with a permanent homeland and adequate water supplies. *See* Agua Caliente Band of Cahuilla Indians' Statement of Undisputed Facts and Conclusions of Law (Agua Caliente SF), Doc 85-4, ¶¶ 37-65. |
| 12. | The 1891 Mission Indians Relief Act, Section 3, directed the commission appointed by the Secretary of the Interior to report its determinations to the Secretary who, if no valid objection existed, should issue a patent to each reservation selected by the commission. | Irrelevant. F.R.E. 401.<br><br>This statement has no relevance to the Phase 1 issues of whether Agua Caliente has federally reserved or aboriginal rights to groundwater. |

KILPATRICK TOWNSEND & STOCKTON
607 14TH STREET, STE 900
WASHINGTON, DC 20005-2018

| CVWD's SUF No. | Fact | Pl.'s Evidentiary Objection |
|---|---|---|
| 13. | The 1891 Mission Indians Relief Act, Section 8, authorized the Secretary of the Interior to grant right of way over reservations to facilities to convey water "for agriculture, manufacturing, or other purposes, upon condition that the Indians…shall…be supplied with sufficient quantities of water for irrigation and domestic purposes…" | Irrelevant. F.R.E. 401.<br><br>This statement is irrelevant because this case does not involve easements on the Agua Caliente Reservation or any other actions taken pursuant to the 1891 Mission Indians Relief Act (the 1891 Act).The 1891 Act, which was passed more than two decades after the establishment of the Agua Caliente Reservation and the vesting of Agua Caliente's federally reserved water rights, in no way addresses the Phase 1 issues of whether Agua Caliente has federally reserved or aboriginal rights to groundwater. |
| 14. | On January 31, 1891, the Commissioner of Indian Affairs, Mr. T.J. Morgan, issued instructions to Messrs. Smiley, Morse and Painter, members of the commission appointed by the Secretary of the Interior regarding the commissioners' duties pursuant to the 1891 Act. | Irrelevant. F.R.E. 401.<br><br>This statement is irrelevant because this case does not involve the instructions issued to commissioners appointed pursuant to the 1891 Act or any other actions taken pursuant to that Act. The 1891 Act, which was passed more than two decades after the establishment of the Agua Caliente Reservation and the vesting of Agua Caliente's federally reserved water rights, in no way addresses the Phase 1 issues of whether Agua Caliente has federally reserved or aboriginal rights to groundwater. |

KILPATRICK TOWNSEND & STOCKTON
607 14TH STREET, STE 900
WASHINGTON, DC 20005-2018

| CVWD's SUF No. | Fact | Pl.'s Evidentiary Objection |
|---|---|---|
| 15. | The Commissioner of Indian Affairs instructs directed the (Smiley) Commission to investigate water supply facilities and to make recommendations regarding the subject of irrigation. | Irrelevant. F.R.E. 401. Compound statement.<br><br>This statement is irrelevant because this case does not involve the instructions issued to the Smiley Commission or any other actions taken pursuant to the 1891 Act. The 1891 Act, which was passed more than two decades after the establishment of the Agua Caliente Reservation and the vesting of Agua Caliente's federally reserved water rights, in no way addresses the Phase 1 issues of whether Agua Caliente has federally reserved or aboriginal rights to groundwater. |
| 16. | The Smiley Commission Report recommended a defined, permanent reservation for the Tribe. | Irrelevant. F.R.E. 401.<br><br>This statement is irrelevant because the Agua Caliente Reservation was established by Executive Orders in 1876 and 1877, not by the Smiley Commission or the 1891 Act. The 1891 Act may have led to the patenting of the existing Agua Caliente Reservation, but it did not create the Reservation. Recommendations made by the Smiley Commission have no bearing on the Phase 1 issues of whether the United States reserved rights to groundwater when it established the Agua Caliente Reservation in the 1870s or whether Agua Caliente has aboriginal rights to groundwater. |

KILPATRICK TOWNSEND & STOCKTON
607 14TH STREET, STE 900
WASHINGTON, DC 20005-2018

| CVWD's SUF No. | Fact | Pl.'s Evidentiary Objection |
| --- | --- | --- |
| 17. | The Smiley Commission recommended the approval of an agreement with the Bear Valley Irrigation Co. whereby the latter would provide water for irrigation and domestic uses on the Agua Caliente Reservation in return for right of way for water conveyance facilities and for certain water rights. | Irrelevant. F.R.E. 401; Incomplete. F.R.E. 106.<br><br>This statement is incomplete and irrelevant because it fails to note that many of the recommendations made by the Smiley Commission regarding water supplies for the Agua Caliente Tribe, including the proposed agreement with Bear Valley Irrigation Co., were never approved by Congress or any other federal agency. *See* Agua Caliente's Response to CVWD's Statement of Undisputed Facts, ¶ 17.<br><br>This statement is also irrelevant because the Smiley Commission in no way addressed the Phase 1 issues of whether Agua Caliente has federally reserved or aboriginal rights to groundwater. |
| 18. | The President and the Secretary of the Interior approved the Smiley Commission recommendations, including the land exchange proposed, the latter subject to Congress's approval. | Irrelevant. F.R.E. 401; Incomplete. F.R.E. 106.<br><br>This statement is incomplete because it fails to note that many of the recommendations made by the Smiley Commission were never approved or implemented. *See* Agua Caliente's Response to CVWD's Statement of Undisputed Facts, ¶ 18.<br><br>This statement is also irrelevant because the Smiley Commission in no way addressed the Phase 1 issues of whether Agua Caliente has federally reserved or aboriginal rights to groundwater. |

KILPATRICK TOWNSEND & STOCKTON
607 14TH STREET, STE 900
WASHINGTON, DC 20005-2018

| **CVWD's SUF No.** | **Fact** | **Pl.'s Evidentiary Objection** |
|---|---|---|
| 19. | The Act of July 1, 1892 approved the proposed land exchange without rejecting or modifying the Smiley Commission's recommendations regarding water supplies for the Agua Caliente Tribe. | Irrelevant. F.R.E. 401; Incomplete. F.R.E. 106.<br><br>This statement is incomplete because it fails to note that many of the recommendations made by the Smiley Commission, specifically including its proposed water supply agreement with the Bear Valley Irrigation Co., were never approved or implemented. *See* Agua Caliente's Response to CVWD's Statement of Undisputed Facts, ¶ 19.<br><br>This statement is also irrelevant because the Smiley Commission in no way addressed the Phase 1 issues of whether Agua Caliente has federally reserved or aboriginal rights to groundwater. |
| 20. | In 1891, President Harrison issued an Executive Order to include land recommended by the Smiley Commission. | Irrelevant. F.R.E. 401; Incomplete. F.R.E. 106.<br><br>This statement is incomplete because it does not include the fact that all lands recommended by the Smiley Commission for the Agua Caliente Reservation were previously set aside by executive orders in 1876 and 1877. *See* Agua Caliente's Response to CVWD's Statement of Undisputed Facts, ¶ 20.<br><br>This statement is also irrelevant because President Harrison's Executive Order did not alter the status of the lands already set aside for the Agua Caliente Reservation by Presidents Grant and Hayes in their Executive Orders of 1876 and 1877. |

| **CVWD's SUF No.** | **Fact** | **Pl.'s Evidentiary Objection** |
|---|---|---|
| 26. | The "Purpose" of Plaintiff's Reservation as created by the 1891 Act was to protect Plaintiff and its members from further incursions by non-Indians. | This is a factually inaccurate statement that offers an unsupported and contested legal conclusion. |
| 27. | The Agua Caliente Band and its members relied on surface waters from Tahquitz and Andreas Creeks for water for irrigation and domestic uses from as early as the 1830s and had constructed a system of ditches to carry the water from those streams to the point of use. | Irrelevant. F.R.E. 401; Incomplete. F.R.E. 106; Impermissible compound statement.<br><br>This statement is irrelevant to the Phase 1 issue of whether Agua Caliente has federally reserved rights to groundwater. Federal reservations of groundwater are intended to provide for a tribe's current and future needs and are in no way limited to the amount or sources of water in use at the time of the reservation. *See, e.g.*, *Arizona*, 373 U.S. at 600; *Winters*, 207 U.S. at 565-566; *Walton I*, 647 F.2d at 47; *Confederated Salish*, 712 P.2d at 762.<br><br>This statement is also incomplete to the extent that it implies that Agua Caliente used exclusively surface water or used water exclusively for irrigation and domestic purposes "from as early as the 1830s" through some unstated later date. |

KILPATRICK TOWNSEND & STOCKTON
607 14TH STREET, STE 900
WASHINGTON, DC 20005-2018

| CVWD's SUF No. | Fact | Pl.'s Evidentiary Objection |
|---|---|---|
| 28. | The 1891 Mission Indians Relief Act, the Commissioner of Indian Affairs instructions to the Smiley Commission, the Smiley Commission's report, and all Government reports and other documents focused on surface waters as the source of supply for irrigation and domestic use by the Agua Caliente Band. | Irrelevant. F.R.E. 401; Incomplete. F.R.E. 106; Impermissible compound statement.<br><br>This statement is irrelevant for several reasons. Federal reservations of groundwater are intended to provide for a tribe's current and future needs and are in no way limited to the amount or sources of water in use at the time of the reservation. *See, e.g.*, *Arizona*, 373 U.S. at 600; *Winters*, 207 U.S. at 565-566; *Colville Confederated Tribes v. Walton* (*Walton I*), 647 F.2d 42, 47 (9th Cir. 1984); *Confederated Salish*, 712 P.2d at 762. Furthermore, it is irrelevant because the Smiley Commission in no way addressed the Phase 1 issues of whether Agua Caliente has federally reserved or aboriginal rights to groundwater.<br><br>The statement is incomplete and inaccurate to the extent that it implies that "all Government reports and other documents" focused exclusively on surface water as the source of the Agua Caliente Reservation's water supply. |

KILPATRICK TOWNSEND & STOCKTON
607 14TH STREET, STE 900
WASHINGTON, DC 20005-2018

| **CVWD's SUF No.** | **Fact** | **Pl.'s Evidentiary Objection** |
| --- | --- | --- |
| 29. | All efforts by the Agua Caliente Band and the government to provide a water supply to the Plaintiff's reservation for irrigation and domestic uses relied on surface waters as the source of supply. | Irrelevant. F.R.E. 401; Incomplete. F.R.E. 106; Impermissible compound statement.<br><br>This statement is irrelevant because the focus of prior federal and tribal efforts to provide a water supply to the Agua Caliente Reservation for the limited delineated purposes are not relevant to the Phase 1 issues of whether Agua Caliente has federally reserved or aboriginal rights to groundwater. Such rights, to the extent that they exist, are based on the establishment of the Agua Caliente Reservation and Agua Caliente's use and occupation of its Reservation lands.<br><br>The statement is incomplete and inaccurate to the extent that it implies that federal and tribal efforts to obtain or secure water for the Agua Caliente Reservation have focused exclusively on surface water as the source of supply. |

KILPATRICK TOWNSEND & STOCKTON
607 14TH STREET, STE 900
WASHINGTON, DC 20005-2018

DATED: December 5, 2014.

KILPATRICK TOWNSEND & STOCKTON LLP

By: /s/ Catherine Munson
CATHERINE MUNSON
(D.C. Bar No. 985717, admitted *pro hac vice*)
MARK H. REEVES
(GA Bar No. 141847, admitted *pro hac vice*)
*Attorneys for Plaintiff*
*Agua Caliente Band of Cahuilla Indians*

NATIVE AMERICAN RIGHTS FUND
STEVEN C. MOORE
(CO Bar No. 9863, admitted *pro hac vice*)
HEATHER WHITEMAN RUNS HIM
(NM Bar No. 15671, admitted *pro hac vice*)
*Attorneys for Plaintiff*
*Agua Caliente Band of Cahuilla Indians*