UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 13-883-JGB (SPx)** | Date | June 9, 2015 |
|---|---|---|---|
| Title | *Agua Caliente Band of Cahuilla Indians and United State of America v. Coachella Valley Water District, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     **Order Re: Joint Report of the Parties Regarding Phase II of Litigation**

      On March 20, 2015, the Court issued its ruling on the parties' cross motions for summary judgment as to Phase I issues. (Doc. No. 116). Additionally, the Court certified the ruling for interlocutory appeal to the Ninth Circuit (Id. at 13-14). In consideration of the pending appeal, the parties submitted a Joint Report Regarding Phase II of Litigation on March 11, 2015. ("Joint Report," Doc. No. 120.)

      In accordance with the parties' wishes, Phase II will address three secondary questions of law: (1) whether the Tribe beneficially owns pore space underlying its Reservation; (2) whether the Tribe's groundwater rights include a water quality component[1]; and, upon recent agreement by the parties, (3) the legal standard for quantifying the Tribe's reserved water right. (Joint Report at 3.) Phase II will also address whether certain affirmative defenses raised by Defendants Coachella Water Valley District, Desert Water Agency, and members of the Water Agency's Board of Directors bar Plaintiff Agua Caliente Band of Cahuilla Indians and Interpleader/Plaintiff United States' claims – specifically, the defenses of laches, balance of equities, and unclean hands. (Id. at 3.) All other factual questions will be reserved for Phase III and will require further discovery. (Id. at 4.)

---

[1] If the Court finds in Phase II that there is a water quality component, the identification of the water quality standard and the quantification of the water quality will be addressed in Phase III.

Although the Ninth Circuit's decision will not affect all Phase II issues, the dispositive motions are best considered after the interlocutory appeal is granted or denied.  If the interlocutory appeal is granted, the Court will order supplemental briefing at that time to determine whether to stay the proceedings.

To prevent further complications to the litigation schedule, the Court will permit discovery, solely on the equitable defenses, before any dispositive motion briefing on Phase II issues.[2]  The Court anticipates that the discovery deadline will occur after the Ninth Circuit's decision to grant or deny the interlocutory appeal.  As a result, the rest of the Phase II litigation schedule will be set one week after the discovery deadline.

Accordingly, the Court ORDERS that discovery as to the equitable defenses conclude by **September 14, 2015**.  The Court SETS a Status Conference for **September 21, 2015 at 11am** to determine the remainder of the Scheduling Order for Phase II of ligation and to set a briefing schedule for Phase II issues.  The Phase II issues are: (1) whether the Tribe beneficially owns pore space underlying the Reservation (2) whether the Tribe's groundwater rights include a water quality component; (3) the legal standard for quantifying the Tribe's reserved water rights; and (4) the three affirmative defenses—laches, unclean hands, and balance of equities.

**IT IS SO ORDERED.**

---

[2] Defendants also requested factual discovery concerning the standard and possible violation of a water quality component (Joint Response at 14-18), but the Court concludes that these issues should be addressed in Phase III.  Defendants' request is therefore denied; Phase II will only address the legal question of whether Plaintiffs' reserved water rights include a water quality component.