JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

F. PATRICK BARRY, Senior Trial Attorney
patrick.barry@usdoj.gov
DARON T. CARREIRO, Trial Attorney
daron.carreiro@usdoj.gov
YOSEF M. NEGOSE, Trial Attorney
yosef.negose@usdoj.gov
Indian Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044
Phone: (202) 305-0269
Facsimile: (202) 305-0725
Attorneys for Plaintiff-Intervenor
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| AGUA CALIENTE BAND OF CAHUILLA INDIANS,<br><br>Plaintiff,<br><br>and<br><br>UNITED STATES OF AMERICA,<br><br>Plaintiff-Intervenor,<br><br>v. | CASE NO.<br>5:13-cv-00883-JGB-SP<br><br>**United States' Brief in Opposition to Stay of Phase II Proceedings Pending Defendants' Interlocutory Appeal of the Court's Order of March 20, 2015.** |

COACHELLA VALLEY WATER
DISTRICT, et al.,

Defendants.

## I. INTRODUCTION

On March 20, 2015, the Court granted summary judgment in favor of the Agua Caliente Band of Cahuilla Indians ("Tribe") and the United States (collectively, "Plaintiffs") on the Phase I legal question of whether a federal reserved right exists to water sources appurtenant to land that the United States set aside for the Tribe, including groundwater. *Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water Dist.,* No. EDCV 13-883-JGB, 2015 WL 1600065 (C.D. Cal. Mar. 20, 2015). Defendants appealed that decision, and presently seek to stay briefing on three Phase II legal issues now before the Court: (1) the ownership of pore space beneath the Reservation; (2) the legal standard by which the amount of water reserved for the Tribe will be determined; and (3) the United States' ability to enjoin practices that reduce the quality of federally reserved water sources. A fourth Phase II legal issue – whether Defendants' equitable defenses are applicable to Plaintiffs' claims for declaratory relief as a matter of law – is already set for briefing during the pendency of Defendants' appeal. (Doc. No. 126.)

For the reasons set forth below, the Court should not stay Phase II proceedings pending Defendants' interlocutory appeal.

## II. ARGUMENT

### A. LEGAL STANDARD

"A stay is an intrusion into the ordinary processes of administration and judicial review"; it "is not a matter of right," but is an "exercise of judicial discretion" guided by "sound legal principles" that have been "distilled into consideration of four factors:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay;

(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

(4) where the public interest lies."

*Nken v. Holder*, 556 U.S. 418, 427, 433-34 (2009) (internal citations omitted); *see also Humane Soc. of U.S. v. Gutierrez,* 558 F.3d 896, 896 (9th Cir.2009).[1] Here, these factors do not favor a stay pending appeal.

### B. DEFENDANTS' ARGUMENTS ON APPEAL ARE UNMERITORIUS AND ARE UNLIKELY TO SUCCEED.

Because defendants are unlikely to succeed on appeal, that alone justifies rejection of their stay request.[2] Courts use different terms to describe this factor, including "reasonable probability," "fair prospect," "substantial case on the merits," and "serious legal questions ... raised." *Lair v. Bullock,* 697 F.3d 1200,

---

[1] There is substantial overlap between these and the factors governing preliminary injunctions. *Nken*, 556 U.S. at 434.

[2] *See, e.g.*, *Gutierrez*, 558 F.3d at 897 ("appellants have not met their burden of demonstrating a likelihood of success on the merits. They therefore fail to meet the threshold for a stay pending appeal."); *Mount Graham Coal. v. Thomas*, 89 F.3d 554, 558 (9th Cir. 1996) (denying stay pending appeal for failure to show likelihood of success and holding that the court "need not address the balance of equities or comparison of hardships"); *United States v. Washington*, 20 F. Supp. 3d 986, 1033 (W.D. Wash. 2013) ("In the absence of any finding of a likelihood of success, the Court need not address the other factors required for issuance of a stay.").

1204 (9th Cir. 2012) (citations omitted). But these formulations "are largely interchangeable," and "indicate that, *at a minimum*, a petitioner must show that there is *a substantial case for relief on the merits*." *Id.* (emphasis added) (citations and quotation marks omitted). Defendants cannot make that substantial showing here because their contentions on appeal would require the Ninth Circuit to eschew its own precedent[3] and ignore the weight of all other persuasive authority.[4] Moreover, this Court's Order of March 20, 2015 has already held Defendants' arguments to be largely irrelevant to the specific matter on appeal. *See Agua Caliente*, 2015 WL 1600065, at *8-9 ("Defendants' arguments are largely irrelevant to Phase I issues."). This factor does not favor a stay.

---

[3] *See United States v. Cappaert*, 508 F.2d 313, 317 (9th Cir. 1974) ("In our view the United States may reserve not only surface water, but also underground water.").

[4] *See, e.g., Tweedy v. Texas Co.,* 286 F.Supp. 383, 385 (D. Mont. 1968) ("The Winters case dealt only with the surface water, but the same implications which led the Supreme Court to hold that surface waters had been reserved would apply to underground waters as well. The land was arid—water would make it more useful, and whether the waters were found on the surface of the land or under it should make no difference."); *Colville Confederated Tribes v. Walton*, 460 F. Supp. 1320, 1326 (E.D. Wash. 1978) ("[*Winters* rights] extend to groundwater as well as surface water"), *aff'd in part on other grounds, and rev'd in part on other grounds*, 647 F.2d 42 (9th Cir. 1981); *Gila River Pima-Maricopa Indian Community v. United States*, 9 Ct. Cl. 660, 699 (1986) ("[t]he *Winters* doctrine . . . includes an obligation to preserve all water sources within the reservation, including groundwater"); Order, *United States v. Washington*, Case No. 2:01-cv-47-TSZ, ECF No. 304, slip op. at *8 (W.D. Wash. Feb. 24, 2003) ("as a matter of law the Court concludes that the reserved water rights doctrine extends to groundwater"); Order, *Preckwinkle v. Coachella Valley Water Dist.*, Case No. 5:05-cv- 626, ECF No. 210, slip op. at *28 (C.D. Cal. Aug. 30, 2011) ("Plaintiffs' reserved water rights give them a federally recognized right to use a certain amount of groundwater in the [Coachella Valley] Water District's Area of Benefit."); *In re Gila River Sys. & Source,* 989 P.2d 739, 747 (Ariz. 1999) ("The significant question for the purpose of the reserved rights doctrine is not whether the water runs above or below the ground but whether it is necessary to accomplish the purpose of the reservation."); *Confederated Salish & Kootenai Tribes v. Stults,* 59 P.3d 1093, 1099 (Mont. 2002) ("We see no reason to limit the scope of our prior holdings by excluding groundwater from the Tribes' federally reserved water rights in this case.").

## C. DEFENDANTS WILL NOT BE IRREPARABLY HARMED WITHOUT A STAY.

Phase II of this case, absent a stay, will consist only of legal briefing that in no way injures Defendants, other than possible litigation expenses, which, even if substantial and unrecoupable, would not constitute irreparable injury supporting a stay pending appeal. *Pan Am Flight 73 Liaison Grp. v. Dave*, 711 F. Supp. 2d 13 (D.D.C. 2010); *accord McSurely v. McClellan*, 697 F.2d 309, 317 n. 13 (D.C. Cir. 1982).[5] This factor does not favor a stay.

## D. THE REMAINING FACTORS DO NOT FAVOR A STAY.

Where, as here, the Government opposes a stay pending appeal, factors three and four of the traditional stay analysis are considered together.[6] This merged, final factor cuts against issuance of a stay for several reasons.

First, a stay would prevent the United States from working promptly with the parties to narrow remaining issues for judicial decision through relatively narrow Phase II legal briefing.

---

[5] Moreover, the "irreparable injury requirement erects a very high bar for a movant", *Henke v. Dep't of the Interior*, 842 F. Supp. 2d 54, 59 (D.D.C. 2012), and, in the Ninth Circuit, is subject to "a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Humane Soc'y of U.S. v. Gutierrez*, 523 F.3d 990, 991 (9th Cir. 2008) (citing *Golden Gate Restaurant Ass'n v. City and County of San Francisco,* 512 F.3d 1112, 1115 (9th Cir. 2008)). Here, because Defendants' likelihood of success on appeal is low, the degree of injury that Defendants must prove is even higher than it otherwise would be. But Defendants can meet neither this high bar, nor a lower one, because Defendants can establish no likely, irreparable or legally cognizable harm that would result from briefing three legal issues during the pendency of an appeal. *See F.T.C. v. Standard Oil Co. of Cal.*, 449 U.S. 232, 244 (1980) (rejecting defendant's reliance on "the expense and disruption of defending itself in protracted adjudicatory proceedings" as irreparable injury); *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974) ("Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury."); *Los Angeles Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) ("'Mere injuries, however substantial, in terms of money, time and energy necessarily expended . . . are not enough.'") (citations omitted).

[6] *See Nken,* 556 U.S. at 435 ("[T]he traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest. These factors merge when the Government is the opposing party.").

Second, a stay would have the practical effect of delaying quantification of the Tribe's water right and would only prolong the uncertainty of water rights in the area as a result.  As the Ninth Circuit has noted, unquantified tribal water rights can create conflict and uncertainty, *Colville Confederated Tribes v. Walton*, 647 F.2d 42, 48 (9th Cir. 1981), because—until the extent of tribal water rights is determined—state-created water rights cannot be relied on by property owners. *Id*. "Resolution of th[is] problem is found in quantifying reserved water rights," *id*., not in denying their existence, nor in questioning long-settled legal matters that are "neither novel nor controversial," *Agua Caliente*, 2015 WL 1600065, at *8.

### III.  CONCLUSION

Defendants can demonstrate no cause to delay this matter.  Defendants can demonstrate no cause for issuing a discretionary stay.  Accordingly, the United States respectfully requests that the Court not issue a discretionary stay pending appeal, and permit Phase II to proceed, unencumbered.

Dated: August 4, 2015                    Respectfully submitted,

JOHN C. CRUDEN
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

   /s/  Yosef M. Negose
F. PATRICK BARRY, Senior Trial Attorney
DARON T. CARREIRO, Trial Attorney
YOSEF M. NEGOSE, Trial Attorney
Indian Resources Section
Environment and Natural Resources Division
United States Department of Justice

P.O. Box 7611
Ben Franklin Station
Washington, DC 20044
Phone: (202) 305-0269
Facsimile: (202) 305-0725
patrick.barry@usdoj.gov
daron.carreiro@usdoj.gov
yosef.negose@usdoj.gov
Attorneys for Plaintiff-Intervenor
UNITED STATES OF AMERICA