UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 13-883 JGB (SPx)** | Date | September 8, 2015 |
| Title | *Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water Dist., et al.* | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order GRANTING Defendants' Request for Stay Pending Defendants' Interlocutory Appeal to the Ninth Circuit (Doc. No. 128) (IN CHAMBERS).

Before the Court is Defendants' Request for Stay Pending Defendants' Interlocutory Appeal to the Ninth Circuit Court of Appeals. ("Request for Stay," Doc. No. 128.) This matter was not set for hearing. After consideration of the papers submitted in support of and in opposition to the Request for Stay, the Court GRANTS Defendants' Request for Stay.

## I.   BACKGROUND

On May 14, 2013, Plaintiffs the Agua Caliente Band of Cahuilla Indians (hereinafter "Plaintiffs" or "the Tribe") filed a complaint for declaratory and injunctive relief against Defendants Coachella Valley Water District ("CVWD"), Desert Water Agency ("DWA"), and various individuals sued in their official capacities as members of the Boards of Directors of CVWD and DWA, respectively.[1] ("Compl." Doc. No. 1.)[2] The Tribe is located in the Coachella Valley. (Compl. ¶ 4.) The United States, pursuant to statute, holds the lands of the Tribe's reservation in trust for the Tribe.[3] (Compl. ¶ 5.)

---

[1] The Court refers to all defendants collectively as "Defendants."

[2] Unless otherwise noted, "Doc. No." refers to the docket number of this case, 13-883.

[3] On June 5, 2014, the United States intervened on the Tribe's behalf, asserting claims materially similar to the Tribe's complaint. (Doc. No. 71.)

Plaintiffs allege that Defendants—who are responsible for developing groundwater wells and extracting groundwater—continually cause the groundwater underlying the Coachella Valley to be in a state of "overdraft," meaning the outflows from the aquifer exceed the inflows. (Compl. ¶ 33.) Plaintiffs also allege that Defendants' attempt to remediate this issue—importing water from the Colorado River—degrades the quality of the groundwater in the aquifer. (Compl. ¶ 47.)

The parties stipulated to trifurcate this action into three phases. (Doc. No. 49.) Phase I sought to resolve the legal questions regarding the existence of (1) the Tribe's federal reserved rights to groundwater under the Winters doctrine, and (2) the Tribe's aboriginal rights to groundwater. Phase II addresses (1) whether the Tribe owns the "pore space" beneath the reservation; (2) the legal question of whether a right to a quantity of groundwater encompasses a right to water of a certain quality;[4] (3) the legal standard for quantifying the Tribe's reserved water right; and (4) some of the equitable defenses asserted by the CVWD and DWA.[5] (Doc. No. 121.) If necessary, in Phase III the Court will undertake the fact-intensive tasks of quantifying the Agua Caliente's rights to groundwater and pore space, and crafting appropriate injunctive relief.

The parties conducted discovery as to Phase I issues throughout the first half of 2014 and filed motions for summary judgment as to Phase I issues on October 21, 2014. (Doc. Nos. 82, 83, 84, 85.) The Court heard argument on the motions on March 16, 2015, and, on March 24, 2015, it granted in part and denied in part Plaintiffs' and Defendants' motions. ("Order," Doc. No. 116.) The Court concluded that the federal government impliedly reserved groundwater as an appurtenant source of water when it created the Tribe's reservation. (Id. at 8.) However, the Court found the Tribe's aboriginal right of occupancy was extinguished long ago, so the Tribe has no derivative right to groundwater on that basis. (Id. at 13.)

The Court certified its Order for interlocutory appeal because the issue of whether the Tribe's Winters rights extend to groundwater effectively controls the outcome of this case. (Id. at 14.) The Court noted that substantial ground for difference of opinion exists on the issue – state supreme courts are split on the issue and no federal court of appeals has passed on it. (Id.) Defendants filed a Petition for Permission to Appeal pursuant to 28 U.S.C. § 1292(b) in the Ninth Circuit Court of Appeals on March 30, 2015. (Docket #1 to Case 15-80053 of the Ninth Circuit Court of Appeals, ("Ninth Cir. Doc.").)

On June 9, 2015, the Court issued an order regarding Phase II of the litigation, indicating that if the interlocutory appeal is granted, the Court would order briefing to determine whether to stay proceedings because dispositive motions as to the Phase II issues would best be considered after the interlocutory appeal. (Doc. No. 121.) The Ninth Circuit granted Defendants' petition

---

[4] If the Court finds that there is a water quality component to the Tribe's reserved water rights, the identification of the water quality standard and the quantification of the water quality will be addressed in Phase III. (Doc. No. 121.)

[5] Namely, the defenses of laches, balance of the equities, and unclean hands. (Doc. No. 121.)

on June 10, 2015, (Ninth Cir. Doc. #16), and on July 2, 2015, the parties filed a stipulation with a proposed briefing schedule regarding the stay of Phase II proceedings.[6] (Doc. No. 125.) The Court approved the stipulation, (Doc. No. 126), and Defendants subsequently filed briefs requesting this Court stay Phases II and III of the case, (Doc. No. 128, 133, 134). Both the Tribe (Doc. Nos. 129, 132) and the United States (Doc. No. 127) filed briefs opposing Defendants' request for a stay.

## II. LEGAL STANDARD

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 255 (1936); see also, Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (1972). "Whether or not to grant a stay is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency." Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (citations omitted). When deciding to grant a stay in proceedings, courts must consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."[7] Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962)). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 864 (1979).

## III. DISCUSSION

Defendants argue that the issue of whether the Tribe's reserved water rights pursuant to the Winters doctrine extends to the groundwater in the aquifer beneath the Agua Caliente Reservation effectively controls the outcome of this case, and therefore this Court should stay proceedings pending the interlocutory appeal to the Ninth Circuit Court of Appeals. (Doc. No. 28 at 4.) Plaintiffs argue a stay would harm them because the appeal could take up to two years,

---

[6] In the same stipulation, the parties agreed to a briefing schedule regarding the limited Phase II issue of whether Defendants' equitable defenses are applicable to Plaintiffs' claims for declaratory relief as a matter of law. (Doc. No. 125.) Defendants have withdrawn their initial argument that this briefing schedule be stayed pending the interlocutory appeal. (Doc. No. 134.)

[7] Plaintiffs argue that the Court should weigh the factors set out in Nken v. Holder, 556 U.S. 418, 426 (2009) and Hilton v. Braunskill, 481 U.S. 770, 776 (1987) to determine whether to grant a stay, but those factors govern a district court's judgment or other order pending appeal, not a stay of ongoing proceedings. The likelihood of success on the merits (and the parties' arguments regarding it) are therefore irrelevant to the stay at issue here. See Bascom Research LLC v. Facebook, Inc., Nos. C 12–6293 SI, C 12–6294 SI, U.S. Dist. LEXIS 4000, *5-6 (N.D. Cal. Jan. 13, 2014); Cardenas v. AmeriCredit Financial Servs., No. C 09–04978 SB, 2011 WL 846070 at *2 (N.D. Cal. March 8, 2011); AsIs Internet Servs. v. Active Response Grp., No. C07 6211 THE, 2008 WL 4279695 at *4, n.1 (N.D. Cal. Sept. 16, 2008).

and until this case is resolved, Plaintiffs allege the water districts will continue to "deplete and degrade groundwater in the aquifer underlying the Agua Caliente Reservation." (Doc. No. 132 at 7.)

The most judicially efficient course of action in this case is to stay proceedings pending resolution of the interlocutory appeal. See Watson v. Yolo Co. Flood Control and Water Conservation District, No. 2:06–cv–1549 FCD DAD, 2007 WL 4107539, at *4 (E.D. Cal. Nov. 16, 2007) (holding stay of proceedings pending interlocutory appeal promotes economy of time and effort both for the court and the parties). If the Ninth Circuit determines that the Tribe's federally reserved water rights do not extend to the groundwater beneath the reservation, Plaintiffs' entire case could end. See Eaton v. Siemens, No. 2:07-cv-315 FCD KJM, 2007 WL 2318538 at *4 (E.D. Cal. Aug. 10, 2007) (noting interlocutory reversal could resolve the case and thus stay "promotes economy of time and effort for the court and the parties") (citing Filtrol Corp., 467 F.2d at 244); Kotrous v. Goss-Jewett Co. of N. Cal., No. Civ.S021520 FCD JFM, 2005 WL 2452606 at *5 (E.D. Cal. Oct. 4, 2005) (same). The issues to be decided in Phase II— the legal standard for quantifying the Tribe's reserved water right, and whether a right to a quantity of groundwater encompasses a right to water of a certain quality—would be entirely moot. Litigating issues now that may soon be moot would be a significant waste of judicial resources and time. See Haselton v. Quicken Loans, Inc., No. C07–1777RSL, 2008 WL 5204741 at *2 (W.D. Wash. Dec. 11, 2008) (stating, "the parties should not have to waste resources litigating issues that may become moot").

Plaintiffs argue that the other Phase II issue—the ownership of the "pore space" beneath the reservation—is independent of the Tribe's groundwater rights and that litigation on this issue should not be stayed. (Doc. No. 129 at 5.) Defendants disagree and argue that additional briefing would be necessary after the Ninth Circuit's ruling on the interlocutory appeal to determine whether it impacts the Tribe's purported ownership of "pore space." (Doc. No. 133 at 7.) Plaintiffs have not convinced the Court that the issue of ownership of "pore space" is separate and distinct from the Tribe's water rights. As such, the Court agrees with Defendants that it would be in the interests of justice to stay litigation on this issue until the interlocutory appeal is concluded. See Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005).

Plaintiffs' argument that they would suffer harm as a result of a stay in proceedings pending the interlocutory appeal is unavailing. Plaintiffs have acknowledged that this "is a complex case that will take some time to resolve in the best case scenario." (Doc. No. 120 at 7.) The Ninth Circuit's ruling on the interlocutory appeal could clarify the issues in this case, in effect saving time and resources. The Court also notes that briefing schedules for the interlocutory appeal have already been ordered. (Doc. No. 123). Defendants' opening brief is due September 18, 2015, and Plaintiffs' answering brief is due October 19, 2015. (Id.) Therefore, it appears to the Court that Defendants are pursuing the appeal diligently and that the appeal will be concluded within a reasonable time given the purported urgency of Plaintiffs' claims. See Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 864 (1979) (stating the diligence with which parties pursue related proceedings is a relevant factor to consider in determining whether to grant a stay); see also ATSA of California, Inc. v. Continental Ins. Co., 702 F.2d 172, 176 (9th Cir. 1983).

## IV. CONCLUSION

Accordingly, the Court STAYS litigation on Phase II issues pending the resolution of the interlocutory appeal.   The Court will still consider argument, pursuant to the parties' stipulated briefing schedule, (Doc. No. 126), on the limited issue of whether Defendants are permitted to assert certain equitable defenses against Plaintiffs as a matter of law.  The parties shall jointly file a report with the Court every sixty days from the date of this Order regarding the status of the appeal, as well as within 5 days after the Ninth Circuit issues its opinion on the interlocutory appeal.

**IT IS SO ORDERED.**