MARCIA SCULLY, SBN 80648
mscully@mwdh2o.com
ADAM C. KEAR, SBN 207584
akear@mwdh2o.com
JOSEPH A. VANDERHORST, SBN 106441
jvanderhorst@mwdh2o.com
The Metropolitan Water District of Southern California
700 N. Alameda Street, Los Angeles, CA  90012
Telephone:  (213) 217-6327
Facsimile:   (213) 217-6890

Attorneys for Amicus Curiae
THE METROPOLITAN WATER DISTRICT
OF SOUTHERN CALIFORNIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| AGUA CALIENTE BAND OF CAHUILLA INDIANS,<br><br>Plaintiff,<br><br>and<br><br>UNITED STATES OF AMERICA,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>COACHELLA VALLEY WATER DISTRICT, et al.,<br><br>Defendants. | Case No.:  5:13-cv-00883 JGB (SPx)<br>Judge:   Hon. Jesus G. Bernal<br><br>***EX PARTE* APPLICATION OF THE METROPOLITAN WATER DISTRICT OF SOUTHERN CALIFORNIA FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF DISPOSITIVE MOTIONS OF DEFENDANTS ON PHASE 2 ISSUES; REQUEST FOR JUDICIAL NOTICE; AND DECLARATION OF JOSEPH VANDERHORST IN SUPPORT THEREOF**<br><br>Phase 2 Hearing Date:<br>Date:     January 22, 2018<br>Time:    9:00 a.m.<br>Dept:     Courtroom 1<br><br>Action Filed: May 14, 2013 |

1

METROPOLITAN WATER DISTRICT OF SOUTHERN CALIFORNIA'S *EX PARTE* APPLICATION FOR LEAVE TO
FILE AMICUS CURIAE BRIEF ISO DISPOSITIVE MOTIONS OF DEFENDANTS' ON PHASE 2 ISSUES

## I. INTRODUCTION

The Metropolitan Water District of Southern California (Metropolitan) makes this application for leave to file an amicus curiae brief on the legal issues presented in Phase 2 of this litigation in support of the dispositive motions of defendants Coachella Valley Water District (CVWD) and Desert Water Agency (DWA). Metropolitan is a public agency responsible for providing supplemental imported water supplies to its 26 member municipalities and water agencies that serve southern California from Ventura County to San Diego County. Approximately 19 million Californians live within the area served by Metropolitan.

## II. METROPOLITAN'S INTEREST IN THE PHASE 2 PROCEEDINGS

As pointed out in the moving and supporting papers filed by CVWD and DWA, Metropolitan is involved in the water management operations that supply the Colorado River water used by those agencies to recharge the Coachella Valley groundwater basin. Metropolitan owns and operates the Colorado River Aqueduct (CRA) that diverts water from Lake Havasu and transports the water into Lake Mathews and then through its distribution system. A structure located on the CRA allows for the release of water at the location where the aqueduct crosses the Whitewater River. Colorado River water is delivered to CVWD and DWA through this structure, and flows down the Whitewater River to spreading basins that recharge the groundwater basin.

Metropolitan's water delivery arrangements with CVWD and DWA are based on an exchange of their California State Water Project (SWP) supplies for equal volumes of Metropolitan's Colorado River supplies. Metropolitan is allowed by the terms of the agreements to pre-deliver Colorado River water to CVWD and DWA, without taking an equal amount of SWP water in the same year. Metropolitan accumulates credits for future deliveries of SWP water that it can take in future years. The flexibility provided by this arrangement improves Metropolitan's water management system by allowing coordination of its two main water supplies to cover cycles of dry and wet years and to accommodate issues with facility outages.

The exchange and storage program between Metropolitan and CVWD-DWA give Metropolitan an interest in any challenge to the use of Colorado River water to recharge the Coachella Valley groundwater basin. The loss of such recharge would adversely affect Metropolitan's water management.

In addition, Metropolitan operates other conjunctive use and cyclic groundwater storage programs in California's Central Valley and within its own service area. These programs also involve the recharge of groundwater basins with imported water supplies to be held for future use. The ability to store imported water in these programs improves the reliability of water supplies in dry periods as well as allowing flexibility in the use of water transportation and delivery systems. Metropolitan is also interested in the use of recycled water within its service area. The State of California's policy is to expand the use of recycled water to stretch existing water supplies. Under current water quality rules, recycled water is used to augment groundwater supplies rather than delivered directly for consumer use. Increased use of recycled water through groundwater recharge would reduce the need for imported water within Metropolitan's service area, thereby increasing the reliability of Metropolitan's supplies.

Metropolitan believes that two of the issues to be decided in the Phase 2 proceedings can adversely affect not only its exchange and storage program with CVWD and DWA, but potentially its other water management programs that involve groundwater recharge. Those two issues as defined by the Court's order are:

• Whether the Agua Caliente Band of Cahuilla Indians ("Agua Caliente") owns pore space underlying its Reservation

• Whether there is a water quality component to Agua Caliente's federal reserved water right

Metropolitan's amicus brief addresses these two issues only, and supports the legal arguments presented by defendants CVWD and DWA for the resolution of these questions of law.

# REQUEST FOR JUDICIAL NOTICE

Metropolitan references two public documents in its amicus brief, each of which are accessible through internet links in the amicus brief: Metropolitan's Urban Water Management Plan (2016) and the California State Water Resources Control Board's Recycled Water Policy (2013).

1. Metropolitan's Urban Water Management Plan (MWD UWMP) – http://www.mwdh2o.com/PDF_About_Your_Water/2.4.2_Regional_Urban_Water_Management_Plan.pdf

2. California State Water Resources Control Board's Recycled Water Policy (as revised): https://www.waterboards.ca.gov/water_issues/programs/water_recycling_policy/docs/rwp_rev_toc.pdf

Metropolitan requests that the Court take judicial notice of these public documents pursuant to Rule 201 of the Federal Rules of Evidence. *See, Center for Envtl. Law v. U. S. Bureau of Reclamation*, 655 F.3d 1000, 1010, n. 5 (9th Cir. 2011) (judicial notice taken of environmental impact statement posted on federal agency website); *Cachil Dehe Band of Wintun Indians v. California*, 547 F.3d 962, 968-969, n. 4 (9th Cir. 2008) (judicial notice taken of amendments to tribal compacts posted on state agency website).

Dated: January 11, 2018

THE METROPOLITAN WATER DISTRICT OF SOUTHERN CALIFORNIA
MARCIA SCULLY
ADAM C. KEAR
JOSEPH A. VANDERHORST

By:  */s/ Joseph A. Vanderhorst*
       Joseph A. Vanderhorst

Attorneys for Amicus Curiae
THE METROPOLITAN WATER DISTRICT OF SOUTHERN CALIFORNIA

# DECLARATION OF JOSEPH VANDERHORST

I, Joseph Vanderhorst, declare as follows:

1. I am an attorney duly admitted to practice before all courts of the State of California and the United States District Court for the Central District of California. I am employed by the Metropolitan Water District of Southern California (Metropolitan) and I am one of the counsel representing Metropolitan in making this *ex parte* application for leave to file amicus curiae brief and request for judicial notice. I submit this declaration pursuant to Local Rule 7-19.1 to set forth my efforts to contact counsel for the parties in the action to provide notice of the *ex parte* application and whether counsel oppose the application.

2. On January 10, 2018, I gave notice to Steven Abbott, counsel for defendant Coachella Valley Water District, that Metropolitan would be making this *ex parte* application. Mr. Abbott stated that he does not oppose the application.

3. On January 10, 2018, I gave notice to Roderick Walston, counsel for defendant Desert Water Agency, that Metropolitan would be making this *ex parte* application. Mr. Walston stated that he does not oppose the application.

4. On January 10, 2018, I left a voicemail message at approximately 5:15 pm Eastern time/2:15 pm Pacific time for Catherine Munson, counsel for plaintiff, Agua Caliente Band of Cahuilla Indians, stating that Metropolitan would be making this *ex parte* application. The voicemail was followed by an e-mail message sent at approximately 5:30 pm Eastern time/2:30 pm Pacific time.

5. On January 10, 2018, I spoke with Yosef Negose, counsel for the United States of America, followed by an email to Mr. Negose and Mr. Patrick Barry sent at approximately 5:30 pm Eastern time/2:30 pm Pacific time, stating that Metropolitan would be making this *ex parte* application.

6. On January 11, 2018, Ms. Munson arranged a conference call at 2:00 pm Eastern time/11:00 am Pacific time, with Mr. Negose, Mr. Barry, Mr. Chris Watson of the Solicitor's Office of the U. S. Department of the Interior, and myself. On this call,

counsel for the Agua Caliente Band of Cahuilla Indians and the United States objected to the *ex parte* application as untimely. Counsel expressed that their clients would be prejudiced by the inability to address the amicus brief prior to the hearing on the dispositive motions on January 22, 2018. Counsel further reserved the right to file objections to the adequacy of the application after reviewing it. Counsel also expressed objections to the filing of the amicus brief in the trial court related to purely legal issues that are properly addressed by amici in the court of appeal.

   I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration was executed in Los Angeles, California, on January 11, 2018.

            By:  */s/ Joseph A. Vanderhorst*
               Joseph A. Vanderhorst