CATHERINE F. MUNSON (D.C. Bar No. 985717, admitted *pro hac vice*)
CMunson@kilpatricktownsend.com
MARK REEVES (D.C. Bar No. 1030782, admitted *pro hac vice*)
MReeves@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON, LLP
607 14th Street, N.W., Suite 900
Washington, D.C. 20005
Tel:  (202) 508-5800; Fax:  (202) 508-5858

STEVEN C. MOORE (CO Bar No. 9863, admitted *pro hac vice*)
Smoore@narf.org
HEATHER WHITEMAN RUNS HIM (NM Bar No. 15671, admitted *pro hac vice*)
HeatherW@narf.org
NATIVE AMERICAN RIGHTS FUND
1506 Broadway
Boulder, CO 80302
Tel:  (303) 447-8760; Fax:  (303) 443-7776

JOHN TABINACA PLATA (CA Bar No. 303076)
jplata@aguacaliente.net
AGUA CALIENTE BAND OF CAHUILLA INDIANS
5401 Dinah Shore Drive
Palm Springs, CA 92264
Tel: (760) 699-6837; Fax: (760) 699-6963

Attorneys for Plaintiff
Agua Caliente Band of Cahuilla Indians

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| AGUA CALIENTE BAND OF CAHUILLA INDIANS, <br><br> Plaintiffs, <br><br> v. <br><br> COACHELLA VALLEY WATER DISTRICT, et al. <br><br> Defendants. | Case No.:  ED CV 13-00883-JGB-SPX <br> Judge:  Jesus G. Bernal <br><br> **AGUA CALIENTE'S OPPOSITION TO *EX PARTE* APPLICATION OF THE METROPOLITAN WATER DISTRICT OF SOUTHERN CALIFORNIA FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF DISPOSITIVE MOTIONS OF DEFENDANTS ON PHASE 2 ISSUES** <br> Hearing Date:  January 22, 2018 <br> Time:  9:00 A.M. <br> Courtroom:  1 <br> Action Filed:  May 14, 2013 |

KILPATRICK TOWNSEND & STOCKTON
607 14TH STREET, STE 900
WASHINGTON, DC 20005-2018

The Court should deny Metropolitan Water District's (MWD) *ex parte* application for leave to file an *amicus curiae* brief in support of the defendants' Phase 2 dispositive motions and request for judicial notice, Doc. 231, because it is untimely, prejudicial to the plaintiffs, and not helpful to the Court.

There are no federal rules governing the filing of amicus briefs with the district courts, and it is well-settled that there is no inherent right to file such a brief. *See Abu-Jamal v. Horn*, 2000 WL 1100784 at *2 (E. D. Pa. Aug. 7, 2000); *Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999). Nevertheless, a district court has the discretion to entertain an amicus brief as long as it is "'timely and useful.'" *Long*, 49 F. Supp. 2d at 1178 (quoting *Waste Mgmt. of Pa., Inc. v. City of New York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995). MWD's proposed brief is neither.

Most obviously, the proposed brief is untimely. It was filed nearly three months after the motions that it purports to support, a month after the close of Phase 2 dispositive briefing, and less than two weeks before the hearing date on the Phase 2 dispositive motions.[1] This excessive delay should be dispositive, particularly where MWD admits in its proposed brief that it "has followed the litigation since its inception" and seeks to address two questions that were explicitly set forth by this Court in its Phase 2 scheduling order more than four months ago. *Compare* Doc. 231-1 at ECF p. 5 *with* Doc. 193 at 1. MWD's delay alone provides more than ample grounds for this Court to deny its application for leave to file an amicus brief and for judicial notice. *See United States ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 910, 927-28 (S.D. Tex. 2007) (rejecting as untimely a proposed amicus brief filed after the closing of summary judgment briefing); *Cal. Trout v. Norton*, 2003 WL 23413688 at *8 (N.D.

---

[1] By contrast, the Federal Rules of Appellate Procedure require that amicus briefs be submitted "no later than 7 days after the principal brief of the party being supported is filed." FRAP 29(a)(6). The advisory notes explain that this time frame is "long enough to permit an amicus to review the completed brief of the party being supported" yet is "*short enough that no adjustment need be made in the opposing party's briefing schedule*." Fed. R. App. P. 29(e) Adv. Comm. Notes to 1998 Amend. (emphasis added).

Cal. Feb. 26, 2003) (denying a request for leave to file an amicus brief as untimely when "the applicants could have sought amicus status at an earlier stage of the litigation"); *Long*, 49 F. Supp. 2d at 1178 (rejecting an untimely proffered amicus brief).

In part, because it is so untimely, MWD's proposed brief is highly prejudicial to plaintiffs. It would interject, eleven days before the scheduled hearing, new legal arguments[2] and nearly 500 pages of new evidence that plaintiffs' counsel will have to review, assess, and potentially respond to while juggling their existing hearing preparation and other obligations. Imposing this burden on plaintiffs' counsel, particularly in the complete absence of any justification for MWD's delay, would be unfair and prejudicial. *See Abu-Jamal*, 2000 WL 1100784 at *4 (rejecting efforts of would-be amici to raise new issues that "would substantially add to the burden of the court and the parties"). While MWD or the defendants might contend that the Court could avoid this prejudice to the plaintiffs by delaying the January 22, 2017 hearing to provide time for the plaintiffs to respond to MWD's brief—indeed, due process likely would demand such a result if the Court accepted the brief—such unwarranted, unnecessary delay is itself prejudicial, particularly given the procedural history of this case.[3]

Finally, the Court should reject MWD's application because its proposed brief is not helpful. This phase of the case presents three discrete legal questions. *See* Doc. 193 at 1. MWD disclaims any interest in one of those questions—the quantification of the Agua Caliente Reservation's federal reserved water right—and it offers no special insight or authority on the other two. Moreover, MWD candidly concedes that the

---

[2] MWD may contend that its proposed *amicus* brief does not raise new legal arguments, however, it appears to do so based on the undersigned counsel's initial assessment. And if it did not raise new arguments, it would be subject to rejection on the grounds that it is not useful to the Court and is "'in effect merely extending the length of the [defendants'] brief[s].'" *Long*, 49 F. Supp. 2d at 1178 (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)).

[3] *See Abu-Jamal*, 2000 WL 1100784 at *4 ("Regardless of the issues raised, if I grant permission to file additional briefs, respondent would be entitled to additional time to answer the arguments of amici.").

KILPATRICK TOWNSEND & STOCKTON
607 14ᵗʰ STREET, STE 900
WASHINGTON, DC 20005-2018

2

KILPATRICK TOWNSEND & STOCKTON
607 14ᵀᴴ STREET, STE 900
WASHINGTON, DC 20005-2018

purpose of its proposed brief is to "support[] the legal arguments presented by defendants …." Doc. 231 at 3. "Although *amicus curiae* briefs before appellate courts usually support one side or the other, trial courts 'have frowned on participation which simply allows the amicus to litigate its own views' or present 'its version of the facts.'" *Fluor Corp. v. United States*, 35 Fed. Cl. 284, 286 (1996) (quoting *Am. Satellite Co. v. United States*, 22 Cl. Ct. 547, 549 (1991)) (rejecting a "decidedly partisan" amicus brief). The defendants are represented by able counsel who have submitted extensive argument in support of their positions; to the extent that MWD offers only further, partisan elaboration on those arguments, its proposed brief is unnecessary and unhelpful. *See Abu-Jamal*, 2000 WL 1100784 at *4 ("To the extent that amici seek to amplify a claim already presented … the burden on the court and the parties in terms of additional pages filed and time required to resolve the issues presented likely would outweigh the nominal analytical contribution."); *Long*, 49 F. Supp. 2d at 1178.

MWD's proposed brief and request for judicial notice are untimely, prejudicial to the plaintiffs, and unhelpful to the Court. Both should be denied.

DATED: January 12, 2018.          By: /s/ Catherine Munson

CATHERINE MUNSON
(D.C. Bar No. 985717, admitted *pro hac vice*)
MARK H. REEVES
(DC Bar No. 1030782, admitted *pro hac vice*)
**KILPATRICK TOWNSEND & STOCKTON LLP**

STEVEN C. MOORE
(CO Bar No. 9863, admitted *pro hac vice*)
HEATHER WHITEMAN RUNS HIM
(NM Bar No. 15671, admitted *pro hac vice*)
**NATIVE AMERICAN RIGHTS FUND**

JOHN TABINACA PLATA (CA Bar No. 303076)
jplata@aguacaliente.net
**AGUA CALIENTE BAND OF CAHUILLA INDIANS**

*Attorneys for Plaintiff*
*Agua Caliente Band of Cahuilla Indians*

3